IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

KEELY ROBERTS, *et al.*

   Plaintiffs,

  v.

SMITH & WESSON BRANDS, INC., *et al.*

   Defendants.

Case No. 1:22-cv-06169

Hon. Steven C. Seeger

**RED DOT ARMS, INC'S UNOPPOSED MOTION TO EXTEND
TIME TO ANSWER OR OTHERWISE RESPOND TO THE COMPLAINT**

Defendant, Red Dot Arms, Inc. ("Red Dot Arms"), pursuant to Federal Rule of Civil Procedure 6(b)(1)(A), respectfully moves the Court to extend time for Red Dot Arms to answer or otherwise respond to the Complaint. In support, Red Dot Arms states:

1. Plaintiffs filed their Complaint in state court on September 27, 2022. ECF No. 1-2 at 7. Smith & Wesson timely removed the case to this Court on November 7, 2022 with Red Dot Arms' consent. ECF No. 1. Red Dot Arms' deadline to answer or otherwise respond to the Complaint is currently November 14, 2022. *See* Fed. R. Civ. P. 81(c)(2)(C). Plaintiffs' deadline to move to remand is December 7, 2022. *See* 28 U.S.C. § 1447(c).

2. The Court may "for good cause" extend a deadline "if a request is made, before the original time or its extension expires." Fed. R. Civ. P. 6(b)(1)(A). The Court has "wide discretion" to grant such extensions. *Irorere v. United States*, 2002 WL 31688817, at *2 (N.D. Ill. Nov. 26, 2002). "[J]udicial efficiency may constitute 'good cause' for an extension of time." *White v. Marshall*, 2009 WL 230096, at *2 (E.D. Wisc. Jan. 30, 2009).

3. Requiring Red Dot Arms to respond to the Complaint now would be wasteful and inefficient. For example, if Red Dot Arms moves to dismiss, and the Court rules on the motion to

dismiss but then remands the case back to the state court, this Court's ruling on the motion to dismiss would not bind the state court. Thus, it would waste the parties' and the Court's resources for the parties to litigate a motion to dismiss before the Court determines whether removal was proper. *See*, e.g., *Blake v. Career Educ. Corp.*, 2008 WL 2699820, at *1 (E.D. Mo. July 2, 2008) (granting plaintiffs' motion to extend time to respond to defendant's motion to dismiss until after ruling on plaintiffs' motion to remand, agreeing that "it would be a waste of judicial resources . . . to rule on the pending motion to dismiss, as such a ruling would not be binding on the state court"); *Smith v. Raleigh Dist. of N.C. Conf. of United Methodist Church*, 1999 WL 1940001, at *1 (E.D.N.C. Feb. 16, 1999) (noting court had granted similar extension pending ruling on "plaintiffs' anticipated motion to remand") (emphasis added).

4. Under 28 U.S.C. § 1447(c), Plaintiffs have 30 days after the filing of the notice of removal to move to remand the case "on the basis of any defect other than subject matter jurisdiction."

5. Red Dot Arms accordingly requests that the Court extend the time for Red Dot Arms to answer or otherwise respond to the Complaint from November 14, 2022 to 21 days after the later of (1) December 7, 2022 (the deadline for Plaintiffs to move to remand under 28 U.S.C. 1447(c)) or (2) this Court's ruling on any such motion to remand that Plaintiffs file.

6. Red Dot Arms' counsel conferred with Plaintiffs' counsel on November 11, 2022 and November 14, 2022, who confirmed that they do not oppose the relief requested in this motion.

7. This request is consistent with that of Defendant Smith & Wesson filed on November 10, 2022. ECF No. 12.

Wherefore, Red Dot Arms respectfully requests that the Court extend time for Red Dot Arms to answer or otherwise respond to the Complaint from November 14, 2022, to 21 days after the later of (1) December 7, 2022 or (2) this Court's ruling on any such motion to remand that Plaintiffs file.

Dated: November 14, 2022

Respectfully submitted,

By: /s/ Scott L. Braum
Scott L. Braum
    slb@braumrudd.com
Timothy R. Rudd
    trr@braumrudd.com
BRAUM|RUDD
812 East Franklin Street, Suite C
Dayton, Ohio 45459
(937) 396-0089
(937) 396-1046 *facsimile*

*Attorneys for Red Dot Arms, Inc.*

**CERTIFICATE OF SERVICE**

  I hereby certify that on November 14, 2022, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will automatically serve all counsel of record. I further certify that I caused a true and correct copy of the foregoing document to be served by electronic mail on the following counsel of record:

| | |
|---|---|
| H. Christopher Boehning<br>Jeffrey J. Recher<br>Carly Lagrotteria<br>Paul, Weiss, Rifkind, Wharton & Garrison LLP<br>1285 Avenue of the Americas<br>New York, New York 10019<br>cboehning@paulweiss.com<br>jrecher@paulweiss.com<br>clagrotteria@paulweiss.com | Krystan Hitchcock<br>Laura Keeley<br>Everytown Law<br>450 Lexington Avenue<br>New York, New York 10017<br>khitchcock@everytown.org<br>lkeeley@everytown.org |
| Alla Lefkowitz<br>Everytown Law<br>P.O. Box # 14780<br>Washington, DC 20044<br>alefkowitz@everytown.org | Edward S. Scheidman<br>DLA Piper LLP (US)<br>500 Eighth Street NW<br>Washington, DC 20004<br>edward.scheideman@dlapiper.com |
| Keith L. Hunt<br>Hunt Law PC<br>Bannockburn Atrium<br>2275 Half Day Road, Suite 126<br>Bannockburn, Illinois 60015<br>khunt@huntpclaw.com | Kenneth L. Schmetterer<br>DLA Piper LLP (US)<br>444 West Lake Street, Suite 900<br>Chicago, Illinois 60606<br>Kenneth.schmetterer@dlapiper.com |
| Antonio M. Romanucci<br>Gina A. DeBoni<br>Robert S. Baizer<br>David A. Neiman<br>Michael E. Holden<br>Romanucci & Blandin, LLC<br>321 North Clark Street, Suite 900<br>Chicago, Illinois 60654<br>aromanucci@rblaw.net<br>gad@rblaw.net<br>rbaizer@rblaw.net<br>dneiman@rblaw.net<br>mholden@rblaw.net | James Vogts<br>Andrew Lothson<br>Brett Henne<br>Swanson, Martin & Bell, LLP<br>330 North Wabash Street, Suite 3300<br>Chicago, Illinois 60611<br>jvogts@smbtrials.com<br>altothson@smbtrials.com<br>bhenne@smbtrials.com<br><br>/s/ Scott L. Braum<br>Scott L. Braum |