**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| KEELY ROBERTS, individually and as parent and next friend of C.R. and L.R., and JASON ROBERTS, individually and as parent and next friend of C.R. and L.R.,<br><br>               Plaintiffs,<br><br>    v.<br><br>SMITH & WESSON BRANDS, INC., SMITH & WESSON SALES COMPANY, SMITH & WESSON, INC., BUDSGUNSHOP.COM, LLC, RED DOT ARMS, INC., ROBERT CRIMO, JR., and ROBERT CRIMO, III,<br><br>               Defendants. | No. 1:22-cv-6169<br><br>Hon. Steven C. Seeger |

**SMITH & WESSON DEFENDANTS' MOTION
FOR REASSIGNMENT OF RELATED CASES AND
CONSOLIDATION FOR PRELIMINARY MOTION PURPOSES**

Defendants Smith & Wesson Brands, Inc., Smith & Wesson Sales Company, and Smith & Wesson, Inc. (collectively, "Smith & Wesson" or "Smith & Wesson Defendants") respectfully move the Court to enter an order reassigning the eleven related cases listed below to Your Honor and consolidating them for anticipated remand motions and/or motions to dismiss.[1] In support, Smith & Wesson states:

1.     As explained further below, this motion arises from twelve nearly identical complaints that were originally filed in the Nineteenth Judicial Circuit Court in Lake County, Illinois. Smith & Wesson timely removed each case to this Court. Each case arises from the same

---

[1] Smith & Wesson seeks consolidation only for the purposes of any motions to remand, or motions to dismiss, or other motions directed at the pleadings at this time. The parties and the Court can revisit later whether consolidation for other purposes is appropriate.

underlying transactions and occurrences and involves nearly identical issues of fact and law. These are precisely the circumstances under which reassignment and consolidation are warranted. Granting the relief requested would enhance judicial efficiency by avoiding duplicative work by numerous judges of this Court, as well as avoiding the risk of inconsistent rulings.

2.       The cases subject to this motion are: *Bennett v. Smith & Wesson Brands, Inc.*, No. 1:22-cv-6171 (*Bennett*); *Sundheim v. Smith & Wesson Brands, Inc.*, No. 1:22-cv-6178 (*Sundheim*); *Straus v. Smith & Wesson Brands, Inc.*, No. 1:22-cv-6181 (*Straus*); *Sedano v. Smith & Wesson Brands, Inc.*, No. 1:22-cv-6183 (*Sedano*); *Rodriguez v. Smith & Wesson Brands, Inc.*, No. 1:22-cv-6185 (*Rodriguez*); *Tenorio v. Smith & Wesson Brands, Inc.*, No. 1:22-cv-6186 (*Tenorio*); *Vergara v. Smith & Wesson Brands, Inc.*, No. 1:22-cv-6190 (*Vergara*); *Toledo v. Smith & Wesson Brands, Inc.*, No. 1:22-cv-6191 (*Toledo*); *Zeifert v. Smith & Wesson Brands, Inc.*, No. 1:22-cv-6193 (*Zeifert*); *Turnipseed v. Smith & Wesson Brands, Inc.*, No. 1:22-cv-6359 (*Turnipseed*); and *Chupack v. Smith & Wesson Brands, Inc.*, No. 1:22-cv-6361 (*Chupack*).

3.       Smith & Wesson's counsel conferred with Plaintiffs' counsel for all twelve cases on November 17, who confirmed they consent to the relief requested in this motion. Smith & Wesson's counsel conferred with counsel for defendants Red Dot Arms, Inc. on November 16, who confirmed they consent to the relief requested in this motion. Smith & Wesson's counsel has contacted counsel for defendants BudsGunShop.com, LLC, Robert Crimo Jr. and Robert Crimo III to seek consent for the relief in this motion, and will supplement the docket with their responses.

## I.       Background.

4.       On September 27, 2022, Plaintiffs here and the plaintiffs in *Bennett*, *Sundheim*, *Straus*, *Sedano*, *Rodriguez*, *Tenorio*, *Vergara*, *Toledo*, and *Zeifert* (collectively, "Tranche 1") filed their complaints against Smith & Wesson and other defendants in the Nineteenth Judicial Circuit Court in Lake County, Illinois. The complaints filed in Tranche 1 are attached to this motion in

the order listed above as Exhibits 1-9. On November 7, 2022, Smith & Wesson timely removed each case in Tranche 1 to this Court.

5.      On September 28 and October 12, 2022, respectively, the plaintiffs in *Turnipseed* and *Chupack* (collectively, "Tranche 2") filed their complaints against Smith & Wesson and other defendants in the Nineteenth Judicial Circuit Court in Lake County, Illinois. The complaints filed in *Turnipseed* and *Chupack* are attached to this motion as Exhibits 10 and 11, respectively. On November 14, 2022, Smith & Wesson timely removed each case in Tranche 2 to this Court.

6.      The twelve complaints involve virtually identical factual allegations. The complaints allege that Defendant Robert Crimo, Jr. sponsored the application of his son, Defendant Robert Crimo, III ("Crimo"), to obtain a Firearm Owners Identification ("FOID") card. (ECF No. 1-2 at 7-79 ("Compl."), ¶ 15; Ex. 1 ¶ 12; Ex. 2 ¶ 12; Ex. 3 ¶ 13; Ex. 4 ¶ 13; Ex. 5 ¶ 13; Ex. 6 ¶ 13; Ex. 7 ¶ 13; Ex. 8 ¶ 12; Ex. 9 ¶ 13; Ex. 10 ¶ 150; Ex. 11 ¶ 151.) According to all Plaintiffs, Crimo then allegedly purchased an M&P semi-automatic rifle manufactured by Smith & Wesson (an "M&P rifle") from the website of Defendant Budsgunshop.com. LLC ("Bud's Gun Shop"), who shipped it to Defendant Red Dot Arms, Inc. ("Red Dot Arms"), who transferred the rifle to Crimo. (Compl. ¶¶ 16-17; Ex. 1 ¶¶ 13-14; Ex. 2 ¶¶ 13-14; Ex. 3 ¶¶ 14-15; Ex. 4 ¶¶ 14-15; Ex. 5 ¶¶ 14-15; Ex. 6 ¶¶ 14-15; Ex. 7 ¶¶ 14-15; Ex. 8 ¶¶ 13-14; Ex. 9 ¶¶ 14-15; Ex. 10 ¶¶ 7; Ex. 11 ¶¶ 7.) On July 4, 2022, during a parade through Highland Park, Illinois, Crimo allegedly shot into the crowd from a rooftop, killing or wounding several people. (Compl. ¶¶ 1, 3; Ex. 1 ¶¶ 1-2; Ex. 2 ¶¶ 1-2; Ex. 3 ¶¶ 1, 3; Ex. 4 ¶¶ 1, 3; Ex. 5 ¶¶ 1, 3; Ex. 6 ¶¶ 1, 3; Ex. 7 ¶¶ 1, 3; Ex. 8 ¶¶ 1-2; Ex. 9 ¶¶ 1, 3; Ex. 10 ¶¶ 3; Ex. 11 ¶¶ 3.)

7.      The twelve complaints also assert virtually the same legal theories against each defendant. As to Smith & Wesson, the cornerstone of every complaint is the allegation that the

semi-automatic M&P rifle purchased by Crimo was an illegal "machine gun" under the National Firearms Act of 1934 ("NFA") and applicable federal regulations. (Compl. ¶¶ 45-46, 52-53, 239, 262; Ex. 1 ¶¶ 42-43, 49-50, 158, 164, 190-92, 224-26, 250-53, 285; Ex. 2 ¶¶ 42-43, 48-49, 158, 164, 250, 284; Ex. 3 ¶¶ 43-44, 49-51, 230, 253; Ex. 4 ¶¶ 49-50, 55-57, 241, 264; Ex. 5 ¶¶ 45-46, 51-53, 161, 232, 255; Ex. 6 ¶¶ 45-46, 51-53, 232, 255; Ex. 7 ¶¶ 45, 51-53, 232, 255; Ex. 8 ¶¶ 46-47, 52-54, 300, 331; Ex. 9 ¶¶ 45-46, 51-53, 233, 256; Ex. 10 ¶¶ 86, 108, 114, 184-85, 204; Ex. 11 ¶¶ 87, 109, 115, 185-86, 205.)

8. Equally central to all claims against Smith & Wesson are the allegations that Smith & Wesson deceptively and unfairly advertised the semi-automatic M&P rifle by failing to identify it as an "NFA weapon" and that Smith & Wesson violated the NFA and Gun Control Act ("GCA") by failing to comply with various requirements applicable to firearms that the NFA classifies as "machine guns." (Compl. ¶ 52, 168, 174, 190-91, 212-24, 238-41; Ex. 1 ¶ 49, 158, 164, 190-92, 224-26, 250-52; Ex. 2 ¶ 49, 158, 164, 190-92, 224-26, 250-53; Ex. 3 ¶ 50, 159, 165, 180-82, 203-05, 229-32; Ex. 4 ¶ 56, 170, 176, 191-92, 214-16, 240-43; Ex. 5 ¶ 52, 161, 167, 182-84, 205-07, 231-34; Ex. 6 ¶ 52, 161, 167, 182-84, 205-07, 231-34; Ex. 7 ¶ 52, 161, 167, 182-84, 205-07, 231-34; Ex. 8 ¶ 53, 163, 169, 216-18, 273-75, 299-302; Ex. 9 ¶ 52, 162, 168, 183-85, 206-08, 232-35; Ex. 10 ¶ 174-75, 184-87; Ex. 11 ¶ 175-76, 185-88.)

9. The claims and legal theories against the other defendants similarly are nearly identical. The claims and legal theories against Crimo are nearly identical. (Compl. ¶¶ 304-18; Ex. 1 ¶¶ 306-20; Ex. 2 ¶¶ 358-73; Ex. 3 ¶¶ 358-73; Ex. 4 ¶¶ 295-310; Ex. 5 ¶¶ 297-311; Ex. 6 ¶¶ 297-311; Ex. 7 ¶¶ 297-311; Ex. 8 ¶¶ 484-508; Ex. 9 ¶¶ 298-312; Ex. 10 ¶ 209-23; Ex. 11 ¶¶ 210-24.) The claims and legal theories against Crimo's Father are nearly identical. (Compl. ¶¶ 285-303; Ex. 1 ¶¶ 287-305; Ex. 2 ¶¶ 329-57; Ex. 3 ¶¶ 329-57; Ex. 4 ¶¶ 276-94; Ex. 5 ¶¶ 278-96; Ex. 6 ¶¶ 278-

96; Ex. 7 ¶¶ 278-96; Ex. 8 ¶¶ 436-83; Ex. 9 ¶¶ 279-97; Ex. 10 ¶ 224-30; Ex. 11 ¶¶ 225-31.)  The claims and legal theories against the Gun Store Defendants are nearly identical. (Compl. ¶¶ 246-84; Ex. 1 ¶¶ 248-86; Ex. 2 ¶¶ 269-328; Ex. 3 ¶¶ 269-328; Ex. 4 ¶¶ 237-75; Ex. 5 ¶¶ 239-77; Ex. 6 ¶¶ 239-77; Ex. 7 ¶¶ 239-77; Ex. 8 ¶¶ 338-435; Ex. 9 ¶¶ 240-78; Ex. 10 ¶ 190-208; Ex. 11 ¶¶ 190-209.)

10.    Each plaintiff is a victim or family member of a victim of the shooting. (Compl. ¶ 19; Ex. 1 ¶ 16; Ex. 2 ¶ 16; Ex. 3 ¶ 17; Ex. 4 ¶¶ 17-23; Ex. 5 ¶¶ 17-19; Ex. 6 ¶¶ 17-19; Ex. 7 ¶¶ 17-19; Ex. 8 ¶¶ 16-20; Ex. 9 ¶¶ 17-19; Ex. 10 ¶ 15; Ex. 11 ¶¶ 15-16.)

11.    The defendants in each case are also essentially identical. Smith & Wesson Brands, Inc. is a defendant in each case. The Tranche 1 cases also name as defendants two of Smith & Wesson, Inc.'s wholly owned subsidiaries. (Compl. ¶¶ 20-31; Ex. 1 ¶¶ 17-28; Ex. 2 ¶¶ 17-28; Ex. 3 ¶¶ 18-29; Ex. 4 ¶¶ 25-35; Ex. 5 ¶¶ 20-31; Ex. 6 ¶¶ 20-31; Ex. 7 ¶¶ 20-31; Ex. 8 ¶¶ 21-32; Ex. 9 ¶¶ 20-31.) The Tranche 2 cases also name as a defendant American Outdoor Brands Corporation, which is the same legal entity as Smith & Wesson Brands, Inc.[2] (Ex. 10 ¶¶ 16-22; Ex. 11 ¶¶ 17-23.)

12.    Each case asserts claims against Smith & Wesson for deceptive and unfair practices under the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"). (Compl. ¶¶ 158-201; Ex. 1 ¶¶ 148-213; Ex. 2 ¶¶ 148-213; Ex. 3 ¶¶ 149-92; Ex. 4 ¶¶ 160-203; Ex. 5 ¶¶ 151-94; Ex. 6 ¶¶ 151-94; Ex. 7 ¶¶ 151-94; Ex. 8 ¶¶ 153-262; Ex. 9 ¶¶ 152-95; Ex. 10 ¶ 158-79; Ex. 11 ¶¶ 159-80.) Each case also asserts negligence claims against Smith & Wesson, Bud's Gun Shop,

---

[2] *See, e.g.*, Smith & Wesson Brands, Inc., Annual Report at 1 (Form 10-K) (June 19, 2020), relevant excerpts attached as Ex. 12. The Court may judicially notice Smith & Wesson's SEC filings. *See, e.g.*, *Custom Classic Autos. & Collison Repair, Inc. v. Axalta Coating Sys., LLC*, 2020 WL 7319569, at *2 n.3 (N.D. Ill. Dec. 11, 2020).

Red Dot Arms, and Crimo's father. (Compl. ¶¶ 225-86, 285-303; Ex. 1 ¶¶ 237-301, 329-57; Ex. 2 ¶¶ 237-301, 329-57; Ex. 3 ¶¶ 216-59, 276-94; Ex. 4 ¶¶ 227-70, 287-305; Ex. 5 ¶¶ 218-61, 278-96; Ex. 6 ¶¶ 218-61, 278-96; Ex. 7 ¶¶ 218-61, 278-96; Ex. 8 ¶¶ 286-393, 436-83; Ex. 9 ¶¶ 219-62, 279-97; Ex. 10 ¶ 180-208, 224-30; Ex. 11 ¶¶ 181-209, 225-31.) Each case also asserts assault and/or battery claims against Crimo. (Compl. ¶¶ 304-18; Ex. 1 ¶¶ 358-73; Ex. 2 ¶¶ 358-73; Ex. 3 ¶¶ 295-301; Ex. 4 ¶¶ 306-20; Ex. 5 ¶¶ 297-311; Ex. 6 ¶¶ 297-311; Ex. 7 ¶¶ 297-311; Ex. 8 ¶¶ 484-508; Ex. 9 ¶¶ 298-312; Ex. 10 ¶ 209-12; Ex. 11 ¶¶ 210-13.) Finally, each case except *Sundheim* and *Straus* asserts intentional and negligent infliction of emotional distress claims against some or all of the defendants. (Compl. ¶¶ 319-36; Ex. 3 ¶¶ 302-10; Ex. 4 ¶¶ 321-38; Ex. 5 ¶¶ 312-29; Ex. 6 ¶¶ 312-29; Ex. 7 ¶¶ 312-29; Ex. 8 ¶¶ 509-17; Ex. 9 ¶¶ 313-30; Ex. 10 ¶ 213-30; Ex. 11 ¶¶ 214-31.) Each Tranche 1 case also includes a claim against Smith & Wesson under the Illinois Uniform Deceptive Trade Practices Act ("IDTPA") and a claim against Bud's Gun Shop and Red Dot Arms for aiding and abetting Crimo's attack. (Compl. ¶¶ 202-24, 269-84; Ex. 1 ¶¶ 214-36, 302-28; Ex. 2 ¶ 214-36, 302-28; Ex. 3 ¶ 193-215, 260-75; Ex. 4 ¶¶ 204-26, 271-86; Ex. 5 ¶¶ 195-217, 262-77; Ex. 6 ¶¶ 195-217, 262-77; Ex. 7 ¶¶ 195-217, 262-77; Ex. 8 ¶¶ 263-85, 394-435; Ex. 9 ¶¶ 196-218, 263-78.)

13.     This case is the earliest-numbered case out of all the Tranche 1 and Tranche 2 cases.

## II.     All cases in Tranches 1 and 2 are related to this case and warrant reassignment under Local Rule 40.4.

14.     All Tranche 1 and Tranche 2 cases are plainly related to this case under Local Rule 40.4. Local Rule 40.4 "promotes the efficient rule of judicial resources by minimizing duplication of effort on cases that have a great deal in common." *Global Patent Holdings, LLC v. Green Bay Packers, Inc.*, 2008 WL 1848142, at *2 (N.D. Ill. Apr. 23, 2008). Cases are "related" if they "involve some of the same issues of fact or law" or if they "grow out of the same transaction or

occurrence." L.R. 40.4(a)(2)-(3). A later-numbered case may be reassigned to the calendar of a judge presiding over a related, earlier-numbered case if (1) both cases are pending in this Court, (2) the handling of both cases by the same judge will likely substantially save judicial time and effort, (3) the earlier case has not progressed to the point where designating a later-numbered case as related would likely substantially delay proceedings in the earlier-numbered case, and (4) the cases are susceptible of disposition in a single proceeding. L.R. 40.4(b).

> **A.    The cases satisfy L.R. 40.4(a) because they involve nearly identical issues of fact and law and because they arise from the same transaction or occurrence.**

15.    *First*, the cases involve nearly identical issues of fact and law under Local Rule 40.4(a)(2). Under that subsection, cases are related even if they only "involve some of the same issues of fact or law." L.R. 40.4(a)(2). Local Rule 40.4(a)(2) "does not demand a complete identity of legal and factual issues," and it is enough if the cases share a common "factual foundation." *Sha-Poppin Gourmet Popcorn, LLC v. JP Morgan Chase Bank, N.A.*, 2020 WL 8367421, at *2 (N.D. Ill. Sept. 4, 2020). Each Tranche 1 complaint, including the one in this case, contains an identical set of material factual allegations. (Compl. ¶¶ 36-147; Ex. 1 ¶¶ 33-144; Ex. 2 ¶ 33-144; Ex. 3 ¶ 34-145; Ex. 4 ¶¶ 40-151; Ex. 5 ¶¶ 36-147; Ex. 6 ¶¶ 36-147; Ex. 7 ¶¶ 36-147; Ex. 8 ¶¶ 37-148; Ex. 9 ¶¶ 32-143.) Each Tranche 2 complaint likewise contains an identical set of material factual allegations, and those allegations are extremely similar to the material factual allegations in the Tranche 1 complaints. (Ex. 10 ¶¶ 26-157; Ex. 11 ¶¶ 27-158.)

16.    Moreover, the claims and legal theories are virtually the same across all the cases. (*See supra* ¶¶ 7-9, 12) Specifically as to Smith & Wesson, the key points of commonality in these cases are whether Smith & Wesson violated the NFA or CGA or their interpreting regulations and whether Smith & Wesson unfairly or deceptively marketed the semi-automatic M&P rifle by failing to identify it as an "NFA weapon." *See Sha-Poppin*, 2020 WL 8367421, at *2 (finding cases

related because each case alleged that the defendant "violated federal regulations" in the same way).

17.     *Second*, the cases are related because they "grow out of the same transaction or occurrence." L.R. 40.4(a)(3). Each plaintiff's claim arises out of the shooting committed by Crimo at the July 4, 2022, parade in Highland Park, Illinois and essentially the same advertisements by Smith & Wesson that allegedly fail to classify the semi-automatic M&P rifle as a "machine gun" under the NFA. (*See supra* ¶¶ 6-9.) *See Freeman v. Bogusiewiz*, 2004 WL 1879045, at *2 (N.D. Ill. Aug. 11, 2004) (finding cases related because "[t]he facts in both complaints [were] similar and [grew] out of an incident in a parking lot in Chicago on April 17, 2003 between several Chicago police officers and the plaintiffs").

**B.     All cases should be reassigned to this Court because they satisfy all four L.R. 40.4(b) factors.**

18.     These cases meet the criteria for reassignment under Local Rule 40.4(b). *First*, all of the Tranche 1 and Tranche 2 cases are pending in this Court. *See* L.R. 40.4(b)(1). Each case was filed in the Nineteenth Judicial District in Lake County, Illinois and timely removed to this Court by Smith & Wesson. (Compl.; Ex. 1-11.)

19.     *Second*, the handling of all cases by Your Honor will save substantial judicial time and effort. *See* L.R. 40.4(b)(2). The twelve different cases were filed by the same two groups of attorneys on behalf of similar plaintiffs against essentially the same group of defendants. The vast majority of the factual allegations in the Tranche 1 complaints are identical and extremely similar to the allegations in the Tranche 2 complaints, which are virtually identical to each other. (*See supra* ¶¶ 6-9, 12.) Additionally, the claims and legal theories are virtually the same across the Tranche 1 cases, and the claims in Tranche 2 "are a subset of those claims." *See Sha-Poppin*, 2020 WL 8367421, at *3. "[A]nalyzing all [twelve] complaints by different judges will require . . .

each judge to tread much, if not all, of the same ground." *Id.* Allowing these cases to "proceed along different tracks before different judges" would also risk "numerous and disparate decisions, as well as multiple appeals." *See Fairbanks Cap. Corp. v. Jenkins*, 2002 WL 31655277, at *2 (N.D. Ill. Nov. 25, 2002).

20.    *Third*, none of the cases has progressed to the point that designating a later-numbered case as related would likely substantially delay proceedings in this case. *See* L.R. 40.4(b)(3). No defendant has responded to any of the complaints, and no discovery or substantive motion practice has occurred in any of the cases. *See Sha-Poppin*, 2020 WL 8367421, at *3 (concluding reassignment was appropriate where no case had "progressed beyond the beginning of briefing motions to dismiss the complaint"); *Global Patent Holdings*, 2008 WL 1848142, at *4 (concluding reassignment was appropriate where "no discovery [had] been conducted and little judicial efforts [had] been expended").

21.    *Finally*, the cases are susceptible of disposition in a single proceeding. L.R. 40.4(b)(4). Each plaintiff in Tranche 1 is represented by Everytown Law; Romanucci & Blandin, LLC; and Paul, Weiss, Rifkind, Wharton & Garrison LLP. The plaintiffs in *Roberts* and *Zeifert* are also represented by Hunt Law PC. Each plaintiff in Tranche 2 is represented by the Brady Center to Prevent Gun Violence, Edelson PC, and Dentons. Counsel for the defendants are the same in each case. Because the factual and legal issues in these cases are so similar, they can be "briefed jointly on the common issues." *Fairbanks*, 2002 WL 31655277, at *3. Any distinctions that may arise can be addressed "through sound case management practices." *Sha-Poppin*, 2020 WL 8367421, at *4. Reassignment will conserve judicial resources by permitting key issues "to be briefed and determined once, rather than [twelve] separate times" and enhance the "overall

administration of justice" by "having a single judge determine [the issues] in all [twelve] of the cases." *Fairbanks*, 2002 WL 31655277, at *2.

**III. For the same reasons, the cases also warrant consolidation for preliminary motions purposes under Fed. R. Civ. P. 42.**

22.     The cases also warrant consolidation under Fed. Civ. P. 42 for preliminary motions purposes because they involve nearly identical common questions of law and fact. Rule 42(a) permits the consolidation of multiple actions if they "involve a common question of law or fact." Fed. R. Civ. P. 42(a). As a practical matter, if cases are related under Local Rule 40.4(a)(2) then they may be consolidated under Federal Rule 42(a). *See Stingley v. Laci Transp., Inc.*, 2020 WL 12182491, at *3 (N.D. Ill. Dec. 1, 2020); *In re Broiler Chicken Antitrust Litig.*, 2020 WL 5648304, at *2 (N.D. Ill. Sept. 22, 2020), *vacated in part on other grounds*, 2021 WL 5504762 (N.D. Ill. Oct. 15, 2021); *KPASA, LLC v. United States*, 2004 WL 1144053, at *2 (N.D. Ill. May 17, 2004).

23.     As discussed above, these cases involve nearly identical facts and legal theories. (*Supra* ¶¶ 6-9, 15-16.) Consolidation under Fed. R. Civ. P. 42 is thus appropriate. That said, at this time Smith & Wesson seeks consolidation only for the purposes of briefing and hearing motions to remand, if any, and motions to dismiss or other motions directed at the pleadings. The parties and the Court can revisit later whether consolidation for other purposes is appropriate.

**IV.     Conclusion.**

Wherefore, Smith & Wesson respectfully requests that the Court enter an order in accordance with Northern District of Illinois Local Rule 40.4(d) and Federal Rule of Civil Procedure 42(a):

(1) finding that the other Tranche 1 and Tranche 2 cases are related to this case, which is the earliest-numbered case;

(2) reassigning the other Tranche 1 and Tranche 2 cases to Your Honor's calendar;

(3) consolidating the cases for briefing and hearing anticipated motions to remand[3], if any, and anticipated motions to dismiss or other motions directed at the pleadings; and

(4) in each reassigned case, setting the deadline for all defendants to respond to all complaints to be consistent with this case, as set forth in the Court's November 14, 2022 order (Dkt. 14): If Plaintiffs do not move to remand, then all defendants' responses to the complaint will be due by January 6, 2023. If Plaintiffs do move to remand, and the Court denies it, then all defendants' responses to the complaint will be due 21 days after that ruling. If Plaintiffs move to remand, and the Court grants it, then the state court can set the deadlines as appropriate.

Respectfully submitted,

Dated: November 17, 2022

By: /s/ Kenneth L. Schmetterer

James Vogts
Andrew Lothson
Brett Henne
**Swanson, Martin & Bell, LLP**
330 North Wabash Street, Suite 3300
Chicago, Illinois 60611
(312) 222-8517
(312) 923-8274
(847) 949-0057
jvogts@smbtrials.com
alothson@smbtrials.com
bhenne@smbtrials.com

Edward S. Scheideman (pro hac vice)
**DLA Piper LLP (US)**
500 Eighth Street NW
Washington, DC 20004
(202) 799-4534
edward.scheideman@us.dlapiper.com

Kenneth L. Schmetterer
**DLA Piper LLP (US)**
444 West Lake Street, Suite 900
Chicago, Illinois 60606
(312) 368-2176
kenneth.schmetterer@us.dlapiper.com

*Attorneys for Smith & Wesson Brands, Inc.,*
*Smith & Wesson Sales Company, and*
*Smith & Wesson, Inc.*

---

[3] Counsel for the Tranche 1 plaintiffs have represented that they will move to remand by December 7, 2022.

## CERTIFICATE OF SERVICE

I hereby certify that on November 17, 2022, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will automatically serve all counsel of record. I further certify that I caused a true and correct copy of the foregoing document to be served by electronic mail on the following counsel of record:

H. Christopher Boehning
Jeffrey J. Recher
Carly Lagrotteria
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
1285 Avenue of the Americas
New York, New York 10019
(212) 373-3700
cboehning@paulweiss.com
jrecher@paulweiss.com
clagrotteria@paulweiss.com

Alla Lefkowitz
**Everytown Law**
P.O. Box # 14780
Washington, DC 20044
(202) 545-3257
alefkowitz@everytown.org

Krystan Hitchcock
Laura Keeley
**Everytown Law**
450 Lexington Avenue
New York, New York 10017
(646) 324-8218
khitchcock@everytown.org

lkeeley@everytown.org
Keith L. Hunt
**Hunt Law PC**
Bannockburn Atrium
2275 Half Day Road, Suite 126
Bannockburn, Illinois 60015
(312) 558-1300
khunt@huntpclaw.com

Antonio M. Romanucci
Gina A. DeBoni
Robert S. Baizer

Jay Edelson
Benjamin H. Richmond
Ari J. Scharg
David I. Mindell
J. Eli Wade-Scott
Amy Hausmann
**Edelson PC**
350 North LaSalle Street, 14th Floor
Chicago, Illinois 60654
(312) 589-6370
jedelson@edelson.com
brichman@edelson.com
ascharg@edelson.com
dmindell@edelson.com
ewadescott@edelson.com
abhausmann@edelson.com

Erin Davis
Philip Bangle
**Brady Center to Prevent Gun Violence**
840 First Street NE, Suite 400
Washington, DC 20002
(202) 370-8100
edavis@bradyunited.org
pbangle@bradyunited.org

Donna J. Vobornik
Brian E. Cohen
**Dentons**
233 South Wacker Drive, Suite 5900
Chicago, Illinois 60606
(312) 876-7370
donna.vobornik@dentons.com
brian.cohen@dentons.com

*Attorneys for Plaintiffs*

Bruce W. Lyon
**LaBarge, Campbell & Lyon, LLC**

David A. Neiman
Michael E. Holden
**Romanucci & Blandin, LLC**
321 North Clark Street, Suite 900
Chicago, Illinois 60654
(312) 458-1000
aromanucci@rblaw.net
gad@rblaw.net
rbaizer@rblaw.net
dneiman@rblaw.net
mholden@rblaw.net

200 West Jackson Boulevard, Suite 2050
Chicago, Illinois 60606
(312) 580-9013
blyon@lcllaw.com

*Attorney for Defendant Budsgunshop.com, LLC*

Scott L. Braum
**Scott L. Braum & Associates, Ltd.**
812 East Franklin Street, Suite C
Centerville, Ohio 45459
(937) 396-0089
slb@braumlaw.com

*Attorney for Defendant Red Dot Arms, Inc.*

/s/ Kenneth L. Schmetterer
Kenneth L. Schmetterer