## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KEELY ROBERTS, individually and as parent and next friend of C.R. and L.R., and JASON ROBERTS, individually and as parent and next friend of C.R. and L.R., | |
| *Plaintiffs*, | |
| v. | No. 1:22-cv-6169 |
| SMITH & WESSON BRANDS, INC., SMITH & WESSON SALES COMPANY, SMITH & WESSON, INC., BUDSGUNSHOP.COM, LLC, RED DOT ARMS, INC., ROBERT CRIMO, JR., and ROBERT CRIMO, III, | Hon. Steven C. Seeger |
| *Defendants*. | |

## PLAINTIFFS' MOTION TO REMAND

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ........................................................................1

BACKGROUND ..........................................................................................2

ARGUMENT.................................................................................................4

I.     SMITH & WESSON MAY NOT REMOVE THE COMPLAINT AS AN
OFFICER OF THE FEDERAL GOVERNMENT. .................................4

II.    THERE IS NO FEDERAL-QUESTION JURISDICTION....................6

    A.    Smith & Wesson's Notice of Removal Is Incurably Defective.................7

    B.    Smith & Wesson Wholly Fails to Meet the *Grable* Factors........................8

        1.    No Issue of Federal Law Is "Necessarily Raised" by the
Complaint. ..........................................................................8

        2.    No Issue of Federal Law Is "Actually Disputed" by the
Complaint. ........................................................................11

        3.    The Allegations Regarding Violations of Federal Law Are Not
Sufficiently "Substantial." ................................................12

        4.    Exercising Federal Jurisdiction Would Disrupt the Federal-State
Balance. ............................................................................13

III.    SMITH & WESSON'S PREEMPTION ARGUMENT IS MERITLESS............13

IV.    PLAINTIFFS SHOULD BE AWARDED ATTORNEYS' FEES AND
EXPENSES UNDER 28 U.S.C. § 1447(c)..........................................15

CONCLUSION...........................................................................................15

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Abbott* v. *FCA US LLC*,
2017 WL 3276734 (S.D. Ill. Aug. 2, 2017) ...............................................................15

*Alsup* v. *3-Day Blinds, Inc.*,
435 F.Supp.2d 838 (S.D. Ill. 2006)............................................................................5

*Am. Fire & Cas. Co.* v. *Finn*,
341 U.S. 6 (1951)........................................................................................................7

*Ballard* v. *Wilderness Resort Hotel & Golf Resort*,
2014 WL 3811003 (N.D. Ill. Aug. 1, 2014) .............................................................15

*Bennett* v. *Southwest Airlines Co.*,
484 F.3d 907 (7th Cir. 2015) ........................................................................10, 11, 12

*Boland* v. *Gateway RT Owner LLC*,
2016 WL 3227260 (S.D. Ill. June 13, 2016) ............................................................15

*Brokaw* v. *Boeing Co.*,
137 F. Supp. 3d 1082 (N.D. Ill. 2015)........................................................................5

*Chaganti* v. *Chertoff*,
2008 WL 4663153 (N.D. Ill. Oct. 16, 2008) ............................................................11

*Christianson* v. *Colt Indus. Operating Corp.*,
486 U.S. 800 (1988).....................................................................................................9

*City of Gary, Ind. ex rel. King* v. *Smith & Wesson Corp.*,
94 F. Supp. 2d 947 (N.D. Ind. 2000) ........................................................................10

*Corporan* v. *Wal-Mart Stores East, LP*,
194 F. Supp. 3d 1128 (D. Kan. 2016).............................................................9, 12, 13

*Dixon* v. *Coburg Diary, Inc.*,
369 F.3d 811 (4th Cir. 2004) ......................................................................................8

*East Cent. Ill. Pipe Trades Health & Welfare Fund* v. *Prather Plumbing &
Heating, Inc.*, 3 F.4th 954 (7th Cir. 2021) .................................................................8

*Elftmann* v. *Vill. of Tinley Park*,
191 F. Supp. 3d 874 (N.D. Ill. 2016).........................................................................7

*Empire Healthchoice Assurance, Inc.* v. *McVeigh*,
  547 U.S. 677 (2006)..................................................................................8, 12

*Empress River Casino Corp.* v. *Loc. Unions No. 9 and 176, Int'l Brotherhood*
  *of Elec. Workers*, 1994 WL 262075 (N.D. Ill. June 10, 1994) ...................11

*Fellhauer* v. *City of Geneva*,
  673 F. Supp. 1445 (N.D. Ill. 1987) ...........................................................7

*Giles* v. *Chi. Drum, Inc.*,
  631 F. Supp. 2d 981 (N.D. Ill. 2009) .........................................................8

*Glover* v. *American Gen. Life Insur. Co.*,
  2021 WL 3472637 (N.D.Ill. Aug. 6, 2021) ...............................................15

*Grable & Sons Metal Prods., Inc.* v. *Darue Eng'g. & Mfg.*,
  545 U.S. 308 (2005)...........................................................................*passim*

*Gunn* v. *Minton*,
  568 U.S. 251 (2013)...................................................................................8

*Harper* v. *Central Wire, Inc.*,
  2022 WL 1102018 (N.D. Ill. Apr. 13, 2022) .............................................15

*Hartland Lakeside Joint No. 3 Sch. Dist.* v. *WEA Ins. Corp.*,
  756 F.3d 1032 (7th Cir. 2014) ...................................................................8

*Jefferson* v. *Amadeo Rossi, S.A.*,
  2002 WL 32154285 (E.D. Pa. Jan. 22, 2002)............................................14

*Lu Junhong* v. *Boeing Co.*,
  792 F.3d 805 (7th Cir. 2015) .....................................................................6

*Merrell Dow Pharm. Inc.* v. *Thompson*,
  478 U.S. 804 .............................................................................10, 12, 13

*Mesa* v. *California*,
  489 U.S. 121 (1989)...................................................................................5

*N. Illinois Gas Co.* v. *Airco Indus. Gases*,
  676 F.2d 270 (7th Cir. 1982) .....................................................................7

*Navistar Int'l Corp.* v. *Deloitte & Touche LLP*,
  837 F. Supp. 2d 926 (N.D. Ill. 2011)...................................................10, 12

*Pettitt* v. *Boeing Co.*,
  606 F.3d 340 (7th Cir. 2010) ...................................................................14

*Praschak* v. *Kmart Corp.*,
    922 F. Supp. 2d 710 (N.D. Ill. 2013) ............................................................9

*Rogers* v. *Tyson Foods, Inc.*,
    308 F.3d 785 (7th Cir. 2002) ......................................................................14

*Samuel* v. *Langham*,
    780 F. Supp. 424 (N.D. Tex. 1992) .............................................................14

*Schumacher* v. *Sterigenics U.S., LLC*,
    394 F. Supp. 3d 837 (N.D. Ill. 2019) ..........................................................10

*Schur* v. *L.A. Weight Loss Ctrs., Inc.*,
    577 F.3d 752 (7th Cir. 2009) ........................................................................4

*Soto* v. *Bushmaster Firearms Int'l, LLC*,
    202 A.3d 262 (Conn. 2019) ...................................................................11, 13

*Steel Co.* v. *Citizens for a Better Env't*,
    523 U.S. 83 (1988).......................................................................................11

*Tisdale* v. *Pagourtzis*,
    2020 WL 7170491 (S.D. Texas Dec. 7, 2020) .........................................9, 15

*Ward* v. *Cohee*,
    2010 WL 4683947 (C.D. Ill. Nov. 4, 2010) ................................................14

*Watson* v. *Philip Morris Co., Inc.*,
    551 U.S. 142 (2007).............................................................................4, 5, 6

*Wolf* v. *Kennelly*,
    574 F.3d 406 (7th Cir. 2009) ......................................................................15

**Statutes**

5 U.S.C. § 702..........................................................................................................14

5 U.S.C. § 704..........................................................................................................15

28 U.S.C. § 1331........................................................................................................8

28 U.S.C. § 1367........................................................................................................7

28 U.S.C. § 1441........................................................................................................2

28 U.S.C. § 1441(c)................................................................................................6, 7

28 U.S.C. § 1442........................................................................................................4

28 U.S.C. § 1447(c) ................................................................................................ 1, 15, 16

**Other Authorities**

27 C.F.R. §§ 478.123–478.125 .............................................................................. 5

14C Charles Alan Wright, et al., *Federal Practice & Procedure* § 3722.3
   (4th ed. 2020) ................................................................................................... 7

Plaintiffs[1] respectfully move this Court to remand this case and to award costs and attorneys' fees to Plaintiffs associated with Defendant Smith & Wesson's removal.

## PRELIMINARY STATEMENT

Plaintiffs properly brought their claims—which arise out of the deadly violence that rained down on them during a Fourth of July parade in Highland Park—in Illinois state court. Those claims to recover wrongful death and personal injury damages under Illinois law, including state consumer protection laws, belong in state court.

In seeking to avoid Plaintiffs' chosen forum, Smith & Wesson wholly fails to carry its burden of demonstrating federal jurisdiction over these state-law claims. Instead, it seeks to concoct federal jurisdiction by: (1) making the remarkable assertion that Smith & Wesson, a privately owned firearms manufacturer, is entitled to avail itself of the removal statute intended for the federal government; (2) rewriting Plaintiffs' complaint (the "Complaint") in an effort to convert what are decidedly state-law claims into ones that turn on a federal question; and (3) baselessly asserting that the National Firearms Act ("NFA") completely preempts state consumer protection and tort laws. None of these arguments is colorable, and the cases should be remanded with an award to Plaintiffs of their attorneys' fees and costs under 28 U.S.C. § 1447(c).

*First*, Smith & Wesson is not the United States, one of its agencies, or one of its officers. Nor does it offer any support for the incredible argument that it was acting at or under the direction of the federal government when engaging in the deceptive and misleading marketing practices for which the Complaint seeks relief. Smith & Wesson's argument, which would effectively make

---

[1] There is a pending motion to assign eleven related cases that arise out of the Highland Park shooting. (ECF 23). Plaintiffs' counsel also represents plaintiffs in nine of those cases, and because of the substantial similarity between the complaints and Smith & Wesson's notices of removal in each of those actions, Plaintiffs' counsel has filed a substantially similar Motion in each such case.

removable any state-law claim brought against a federally regulated entity, has been squarely rejected by the Supreme Court and Seventh Circuit.

*Second*, Smith & Wesson is not permitted to remove the Complaint on federal-question grounds because it failed to meet the requirements for removal under 28 U.S.C. § 1441 and failed to obtain the required consent of all defendants. And, even disregarding that defect, Smith & Wesson is wrong that the Complaint "turns on federal issues" that would permit the "extremely rare" exercise of federal jurisdiction under *Grable & Sons Metal Prods., Inc.* v. *Darue Eng'g. & Mfg.*, 545 U.S. 308 (2005). Court after court has recognized that *Grable* jurisdiction is unavailable where, as here, state-law claims look to violations of federal law to supply evidence of liability on a state-law cause of action and where, as here, a state court need not reach any federal issue to resolve the claims against Smith & Wesson. Recognizing that no *Grable* jurisdiction lies over the claims actually pled in the Complaint, Smith & Wesson improperly asks this Court to nonetheless resolve the merits of Plaintiffs' state-law claims by finding that they are "implausible." They are not. And federal courts do not resolve the merits of state-law claims in determining jurisdiction.

*Third*, Smith & Wesson's argument that the NFA completely preempts Illinois consumer protection statutes is foreclosed by controlling Supreme Court precedent. Complete preemption is unavailable where, as here, the federal statute with supposedly preemptive effect fails to supply a private right of action. Nor does Smith & Wesson identify any evidence, as it must, that Congress intended to wholly displace state-law claims.

## BACKGROUND

Plaintiffs are among the victims of the Highland Park shooting, and include individuals who were shot on the Fourth of July or who watched as their loved ones were wounded that day. They filed suit in the Circuit Court of Lake County, Illinois on September 27, 2022, alleging

exclusively state-law claims against Smith & Wesson—the manufacturer of the M&P rifle used in the shooting—and others whose illegal or tortious conduct caused this tragic mass shooting.

Plaintiffs allege quintessential state-law claims against Smith & Wesson under: (1) the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") (Counts I and II); (2) the Illinois Uniform Deceptive Trade Practices Act ("IUDTPA") (Count III); and (3) common law negligence (Count IV). Each of these claims is brought under Illinois law, and the parties lack complete diversity.[2]

Contrary to Smith & Wesson's efforts to rewrite the Complaint as one that is "predicated and rel[ies] upon Smith & Wesson's alleged violations of" the NFA, Notice at ¶ 11, the Complaint in fact pleads purely state-law violations. It alleges violations of state consumer protection statutes and negligence based on Smith & Wesson's deceptive marketing practices, including (1) intentionally targeting young men prone to risk-taking behavior, including by modeling its marketing after first-person shooting games and touting the use of its M&P rifle in combat-like situations (Compl. at ¶¶ 162–173); (2) deceptively associating its M&P rifle with U.S. military personnel to create the false impression that its products were utilized and/or endorsed by the military (Compl. at ¶¶ 182–189, 204–211); and (3) breaching a duty not to expose others to a reasonably foreseeable risk of injury by misleadingly and unfairly marketing firearms to teenagers and young civilian adults who are foreseeably likely to handle these weapons irresponsibly (Compl. at ¶¶ 226–236). Depictions of Smith & Wesson's misleading promotional material are set forth in the Complaint. (Compl. at ¶¶ 69–71, 82, 84–85, 89, 93, 131.)

---

[2] The claims against the other Defendants also are brought exclusively under state law. (Compl. at ¶¶ 246–336.) Citations to "Compl." refer to the complaint filed by Plaintiffs in Illinois state court. (ECF 1-2.)

Included among the more than 330 paragraphs in the Complaint recounting the many ways in which Smith & Wesson's marketing and advertising practices are unfair and unlawful are 14 paragraphs—only 9 of which are unique—that even mention the NFA, including allegations that Smith & Wesson also failed to disclose that the M&P rifles are "NFA weapons" and that Smith & Wesson violated the NFA in manufacturing and selling those weapons. This does not amount to a "singular reliance" on the NFA. *See* Notice at ¶ 13. To the contrary, the Complaint's allegations that Smith & Wesson deceptively marketed its M&P rifle by failing to disclose its non-compliance with the NFA's requirements merely supply further evidence of a violation of state law, and form one of multiple theories of relief on those claims.

## ARGUMENT

A party seeking removal has the burden of establishing federal jurisdiction. *Schur* v. *L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009). "[F]ederal courts should interpret the removal statute narrowly, resolving any doubt in favor of" remand. *Id.*

## I. SMITH & WESSON MAY NOT REMOVE THE COMPLAINT AS AN OFFICER OF THE FEDERAL GOVERNMENT.

Smith & Wesson is a private company that makes hundreds of millions of dollars annually selling weapons to consumers. It is not the federal government, one of its agencies, or one of its officers. Smith & Wesson cites not a single case holding that a private gun manufacturer may exercise the removal rights afforded to the federal government in 28 U.S.C. § 1442 by virtue of the fact that its activities are regulated by the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"). Indeed, were that true, private gun manufacturers (or myriad other federally regulated entities) would effectively become immune to suit in state court.

Smith & Wesson cannot show, as it must, that it was "acting under" the ATF in "carrying out the 'acts' that are the subject of the [Complaint]." *Watson* v. *Philip Morris Co., Inc.*, 551 U.S.

142, 147 (2007); *see also Brokaw* v. *Boeing Co.*, 137 F. Supp. 3d 1082, 1096 (N.D. Ill. 2015); *Mesa* v. *California*, 489 U.S. 121, 132 (1989). Acting at the direction of the federal government requires more than "simply *complying* with law;" it requires that Smith & Wesson must have undertaken an "effort to *assist*, or to help *carry* out, the duties or tasks of the federal superior" when it engaged in the allegedly wrongful conduct. *Watson*, 551 U.S. at 152–53 (emphasis in original). Smith & Wesson fails even meaningfully to argue that the federal government somehow directed it to carry out the duties of the federal government by engaging in the deceptive marketing practices pled in the Complaint. *See Alsup* v. *3-Day Blinds, Inc.*, 435 F. Supp. 2d 838, 846 (S.D. Ill. 2006) (federal-officer jurisdiction requires that "at all times [the defendant] was acting under express orders, control and directions of federal officers, and that its involvement in conduct giving rise to state-court liability was strictly and solely at federal behest").

Indeed, Smith & Wesson fails to show that it was "acting under" the federal government *at all*. "[A] highly regulated firm cannot find a statutory basis for removal in the fact of federal regulation alone." *Watson*, 551 U.S. at 153. Yet, Smith & Wesson rests its claimed right to federal-officer removal entirely on its supposed compliance with federal regulations. In fact, the *only* support for Smith & Wesson's argument that it was "perform[ing] law enforcement functions" is that it is required to maintain records from which the ATF performs tracing on firearms or performs "training" under federal mandates. Notice at ¶ 24. But Smith & Wesson is legally *obligated* to maintain records, *see* 27 C.F.R. §§ 478.123–478.125, and, moreover, the recordkeeping obligations and training activities it relies upon have *nothing to do* with the misconduct alleged in the Complaint—which concerns Smith & Wesson's marketing and advertising practices that target individuals like the shooter here.

Nor does the ATF's "Open Letter to All Federal Firearms Licensees" lend Smith & Wesson any support. Notice at ¶ 20. The Open Letter merely cautions Smith & Wesson to comply with its legal obligations; it does not delegate to Smith & Wesson the duties or tasks of the federal government. The Open Letter, for example, directs Smith & Wesson to "comply with all Federal laws and regulations that govern your firearms business" and warns that "if ATF discovers violations upon inspection, there can be a number of possible consequences." While Smith & Wesson touts the Open Letter's reference to a "partnership," "[a] figure of speech does not make someone a federal officer or a person 'acting under' one." *Lu Junhong* v. *Boeing Co.*, 792 F.3d 805, 808–09 (7th Cir. 2015) (rejecting argument that the use of Boeing personnel to certify compliance with FAA regulations affords federal-officer jurisdiction). Even when a federal agency "directs, supervises, and monitors a company's activities in considerable detail," it does not make a private company a person "acting under" the federal government. *Watson*, 551 U.S. at 145. There simply can be no claim here that (1) the federal government directed Smith & Wesson's unlawful and deceptive marketing practices or (2) the ATF would have to undertake marketing and advertising firearms if Smith & Wesson did not do so.

## II.   THERE IS NO FEDERAL-QUESTION JURISDICTION.

Smith & Wesson wholly fails to show that, in the alternative, this Court may exercise federal-question jurisdiction over the exclusively state-law claims in the Complaint. *First*, Smith & Wesson failed to obtain, as it must, consent for removal from all defendants. Contrary to its arguments, 28 U.S.C. § 1441(c), has no application here because all claims in the Complaint arise from the same underlying facts and events. *Second*, the exercise of federal-question jurisdiction would contravene black-letter law.

### A. Smith & Wesson's Notice of Removal Is Incurably Defective.

Smith & Wesson concedes that it failed to obtain consent to removal from all other defendants.  Notice at ¶¶ 6–9.  "As a general rule, all defendants must join in a removal petition in order to effect removal."  *N. Illinois Gas Co.* v. *Airco Indus. Gases*, 676 F.2d 270, 272 (7th Cir. 1982). Each defendant must provide consent within 30 days of being served with the initial pleading.  *Fellhauer* v. *City of Geneva*, 673 F. Supp 1445, 1447 (N.D. Ill. 1987).  A lack of timely unanimous consent, as here, requires remand.  *Id.*

One of the few exceptions to the "rule of unanimity" is removal under 28 U.S.C. § 1441(c). But contrary to Smith & Wesson's argument, § 1441(c)—"[p]erhaps the most unusual basis for removal," 14C Charles Alan Wright, et al., *Federal Practice & Procedure* § 3722.3 (4th ed. 2020)—has no application here.  *First*, there is no cause of action arising under the laws of the United States, as explained in Section II.B.  *Second*, even if there were, there would be supplemental jurisdiction over any remaining claims, which arise from the same harm and are based on the same facts, as Smith & Wesson itself has acknowledged.  *See* 28 U.S.C. § 1367. Removal under § 1441(c) is not available where, as here, supplemental jurisdiction exists over the remaining claims in the Complaint.  *See Am. Fire & Cas. Co.* v. *Finn*, 341 U.S. 6, 14 (1951) ("[W]here there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under 1441(c)."); *Elftmann* v. *Vill. of Tinley Park*, 191 F. Supp. 3d 874, 883 (N.D. Ill. 2016) ("Section 1441(c)(1) does not apply" where "claims arise from the same common nucleus of operative facts").  Smith & Wesson has conceded that each claim brought by Plaintiffs "arises out of the shooting committed by Crimo III at the July 4, 2022, parade in Highland Park, Illinois and essentially the same advertisements by Smith & Wesson," and that the claims share common questions of law and fact.  (ECF 23 at ¶¶ 17, 22.)

7

**B.     Smith & Wesson Wholly Fails to Meet the *Grable* Factors.**

Even if Smith & Wesson had met the procedural requirements for removal (and it did not), removal also was improper here because Plaintiffs' claims do not support federal-question jurisdiction.  A federal court may exercise jurisdiction over state-law claims under 28 U.S.C. § 1331 only in a "special and small category" of cases, *Gunn* v. *Minton*, 568 U.S. 251, 257–58 (2013), where the state-law claims present a federal issue that is: "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Id.* (citing *Grable*, 545 U.S. at 313–14).  The exercise of *Grable* jurisdiction is exceedingly rare in this Circuit.  *See Giles* v. *Chi. Drum, Inc.,* 631 F. Supp. 2d 981, 985 (N.D. Ill. 2009) (recognizing that the "Seventh Circuit has adopted a narrow interpretation of *Grable*" and that "not a single case in this Circuit to date has upheld federal-question jurisdiction over a state law claim under the *Grable* rationale"); *East Cent. Ill. Pipe Trades Health & Welfare Fund* v. *Prather Plumbing & Heating, Inc.*, 3 F.4th 954, 959 (7th Cir. 2021) (*Grable* jurisdiction is a "rare circumstance.").

While Smith & Wesson's failure to meet any one of the *Grable* factors would require remand, *Gunn*, 568 U.S. at 258, it meets *none* of them here.

**1.     No Issue of Federal Law Is "Necessarily Raised" by the Complaint.**

The Complaint does not "necessarily raise" a federal issue because it is not necessary to resolve any federal issue to establish liability against Smith & Wesson.  As the Seventh Circuit recognized, in *Grable*, "[d]eciding an issue of federal law was inescapable" because it was "impossible to decide" the state-law claims without resolving the federal issue.  *Hartland Lakeside Joint No. 3 Sch. Dist.* v. *WEA Ins. Corp.*, 756 F.3d 1032, 1035 (7th Cir. 2014); *see also Dixon* v. *Coburg Diary, Inc.*, 369 F.3d 811, 816 (4th Cir. 2004) (a federal issue is necessarily raised "only when *every* legal theory supporting the claim requires the resolution of a federal issue").

Here, Plaintiffs' right to relief on their state-law claims does not require resolution of any federal issue, including whether the M&P rifle used by the shooter was a "machinegun" under the NFA. The principal theory pled in the Complaint is that Smith & Wesson violated Illinois consumer protection laws and acted negligently by engaging in deceptive and unfair marketing practices targeting young men prone to violence. (Compl. at ¶¶ 6–10, 13, 37, 65–107, 158–245.) None of those allegations presents any federal issue.

Allegations that plead a violation of federal law or regulation as an alternative theory of relief in support of state-law causes of action cannot give rise to federal jurisdiction. *See Christianson* v. *Colt Indus. Operating Corp.*, 486 U.S. 800 (1988). As this Court previously recognized, where, as here, a plaintiff "can support her state-law claim with theories unrelated to the federal statute, then the state-law claim does not arise under federal law." *Praschak* v. *Kmart Corp.*, 922 F. Supp. 2d 710, 713, 715 (N.D. Ill. 2013) (remanding where plaintiffs alleged other "non-ADA theories of negligence"); *see Corporan* v. *Wal-Mart Stores East, LP*, 194 F. Supp. 3d 1128, 1132 (D. Kan. 2016) ("[V]iolation of the [GCA] is just one way plaintiffs intend to establish their state law claim that defendants were negligent and even if plaintiffs do not establish a violation of the [GCA], they might still be entitled to recover under an alternative theory of negligence."); *Tisdale* v. *Pagourtzis*, 2020 WL 7170491, at *5 (S.D. Texas Dec. 7, 2020) (remanding and holding that alleged GCA violation is "not necessary" to decide plaintiffs' claims where alleged violation "is just one of the ways the plaintiffs can establish" negligence).

In fact, courts routinely recognize that a defendant's alleged failure to comply with federal law or regulation can supply a standard of conduct for state-law claims or evidence of liability on a state-law cause of action without giving rise to federal jurisdiction. *See Corporan*, 194 F. Supp. 3d at 1131; *see also Grable*, 545 U.S. at 318 (recognizing that violations of federal law are

9

"commonly given negligence *per se* effect in state tort proceedings"); *Merrell Dow Pharm. Inc.* v. *Thompson*, 478 U.S. 804, 810 (finding no federal jurisdiction for negligence claims based on mislabeling in violation of the Federal Food Drug and Cosmetic Act); *Bennett* v. *Southwest Airlines Co.*, 484 F.3d 907, 908 (7th Cir. 2015) (remanding where Illinois tort law supplied the claim for relief despite defendants' argument that "federal aviation standards play a major role in a claim that [defendants] acted negligently").

This Court's decision in *Navistar Int'l Corp.* v. *Deloitte & Touche LLP*, 837 F. Supp. 2d 926, 930 (N.D. Ill. 2011) illustrates how *Grable* cannot supply jurisdiction under these circumstances. As in this case, this Court addressed claims under the Illinois' consumer protection statutes based on alleged violation of standards of care imposed by federal law, and unequivocally rejected defendant's removal argument under *Grable*:

> The complaint alleges that Deloitte violated GAAS [generally accepted auditing standards], and because the PCAOB effectively federalized GAAS, Deloitte argues that Navistar's audit malpractice claims introduce the kind of embedded federal issue that creates "arising under" jurisdiction under *Grable*. Deloitte is incorrect. The mere fact that Navistar alleges that Deloitte violated federal standards does not, by itself, give rise to *Grable* jurisdiction.

*Id.*; *see also Schumacher* v. *Sterigenics U.S., LLC*, 394 F. Supp. 3d 837, 845 (N.D. Ill. 2019).

Where, as here, the focus of the Complaint is "not on federal law, but rather on state standards," a federal question is not necessarily raised. *Schumacher*, 394 F. Supp. 3d at 845. Smith & Wesson concedes as much, arguing that the Complaint must first be "stripped" of its state-law bases before any federal issue could be deemed to be necessarily raised. Notice at ¶ 38. Relying on the artful pleading doctrine, Smith & Wesson argues that the Court may ignore the state-law claims in the Complaint. But the artful pleading doctrine applies only where a plaintiff "disguised" federal claims as state law claims. *See City of Gary, Ind. ex rel. King* v. *Smith & Wesson Corp.*, 94 F. Supp. 2d 947, 952 (N.D. Ind. 2000). It does not apply here because Plaintiffs did not "fail[]

to plead federal questions necessary to recovery or facts that would indicate federal jurisdiction." *See Empress River Casino Corp.* v. *Loc. Unions No. 9 and 176, Int'l Brotherhood of Elec. Workers*, 1994 WL 262075, at *3 (N.D. Ill. June 10, 1994). No such questions were omitted from the Complaint, and Smith & Wesson does not contend otherwise.

Instead, under the guise of the artful pleading doctrine, Smith & Wesson improperly asks this Court to resolve the merits of the state-law claims by arguing that they are somehow "implausible" or "foreclosed." Smith & Wesson is wrong. *First*, far from being foreclosed, analogous claims in state courts have survived motions to dismiss and have been permitted to proceed toward resolution on the merits. *See, e.g.*, *Soto* v. *Bushmaster Firearms Int'l, LLC*, 202 A.3d 262, 313 (Conn. 2019). *Second*, Smith & Wesson fails to provide any meaningful support for the notion that a federal court may effectively resolve state-court claims on the merits in evaluating its jurisdiction. *See, e.g.*, *Chaganti* v. *Chertoff*, 2008 WL 4663153, at *1 (N.D. Ill. Oct. 16, 2008).

The cases on which Smith & Wesson relies address whether a *federal* claim is so frivolous that it defeats *federal* jurisdiction on the ground that a litigant improperly manufactured jurisdiction—not, as here, whether a defendant seeks to obtain an effective adjudication of state-law claims through removal. *See, e.g.*, *Steel Co.* v. *Citizens for a Better Env't*, 523 U.S. 83 (1988).

### 2. No Issue of Federal Law Is "Actually Disputed" by the Complaint.

The Complaint also does not present a disputed issue of federal law because the only dispute turns on "a fact-specific application of rules that come from both federal and state law." *Bennett*, 484 F.3d at 910. An actually disputed federal issue must be "a nearly pure issue of law," not one that "is fact-bound and situation specific." *Empire Healthchoice Assurance Inc.* v. *McVeigh*, 547 U.S. 677, 701 (2006). Here, any dispute as to whether Smith & Wesson is liable on these state-law claims for deceptively marketing its M&P rifle without disclosing that it violated

the NFA would depend on "fact-bound" questions under federal and state law, such as how the weapon is designed, whether it can be easily converted to automatic fire, and, if so, whether Smith & Wesson's marketing practices violated the ICFA and IUDTPA. A factual dispute that looks to federal and state law cannot supply federal-question jurisdiction. *See Bennett*, 484 F.3d at 909 (a "fact-specific application" of federal law does not supply jurisdiction); *Navistar Inter. Corp*, 837 F. Supp. 2d at 930.

### 3. The Allegations Regarding Violations of Federal Law Are Not Sufficiently "Substantial."

Smith & Wesson's assertions that the Complaint contains a "singular reliance" on the NFA and is "necessarily based on federal issues" are based on a wholesale rewrite of the Complaint. Here, only a handful out of hundreds of paragraphs in the Complaint even *mention* the NFA, GCA, or ATF regulations. The few allegations in the Complaint regarding violations of the NFA are not "substantial" because they merely supply evidence for one of several theories for relief on state-law claims. The Supreme Court has held that, in assessing whether a claim has the "sort of significance for the federal system" that confers federal-question jurisdiction, the lack of a remedy under the relevant federal statute "is tantamount to a congressional conclusion that the presence of a claimed violation of the statute as an element of a state cause of action is insufficiently 'substantial.'" *Merrell Dow Pharm. Inc.*, 478 U.S. at 814. As further explained in Section III, the NFA does not provide a private right of action. Nor would a federal issue become "sufficiently substantial" even if an Illinois court were to find that Smith & Wesson's violations of the NFA were "necessary element[s]" of the legal theories in the Complaint. *See Corporan*, 194 F. Supp. 3d at 1132.

      **4.     Exercising Federal Jurisdiction Would Disrupt the Federal-State Balance.**

At its core, the Complaint alleges quintessential state-law causes of actions through which Plaintiffs seek to hold Smith & Wesson accountable for the unimaginable pain, suffering, and damages caused by Smith & Wesson's unlawful and deceptive marketing practices. A state's enforcement of its own consumer protection laws falls squarely within its traditional police power. *Soto*, 202 A.3d at 313 ("The regulation of advertising that threatens the public health, safety, and morals has long been considered a core exercise of the states' police powers."). Removing these claims to federal court would undermine basic principles of federalism.

Alleging a violation of the NFA as one of several theories of relief supporting state-law claims does not change that analysis. In traditional "garden variety" tort cases, such as the negligence claims here, federal courts routinely reject the notion that merely claiming a violation of federal law is sufficient to disturb the ordinary balance between state and federal courts. *See Grable*, 545 U.S. at 314; *see also Corporan*, 194 F. Supp. 3d at 1133–34 (holding that federal jurisdiction is "not appropriate" because "[t]he Gun Control Act referenced by plaintiffs in their petition does not create a private, federal cause of action and the petition reveals a fact-bound, private dispute between parties with no direct interest by the United States"). Simply put, the presence of a federal issue as an ingredient in a tort claim is "not the kind of adjudication for which jurisdiction would serve congressional purposes and the federal system." *Merrell Dow Pharm. Inc.*, 478 U.S. at 814.

## III.    SMITH & WESSON'S PREEMPTION ARGUMENT IS MERITLESS.

Smith & Wesson baselessly asserts that federal jurisdiction exists because the NFA, somehow in combination with the Administrative Procedure Act ("APA"), completely preempts

the state-law consumer protection and tort claims pled in the Complaint.[3]  But the NFA does not even address, let alone preempt, the type of conduct alleged here:  false, misleading, unlawful and deceptive marketing practices.

And Smith & Wesson's argument fails for an even more fundamental reason.  Smith & Wesson does not—and cannot—contend that the NFA supplies a private right of action, which is required to establish complete preemption.  *Rogers* v. *Tyson Foods, Inc.*, 308 F.3d 785, 790 (7th Cir. 2002) ("[C]omplete preemption can only exist where, inter alia, the federal statute provides a private right of action.").  Nor does it cite any court that has ever held that the NFA operates as a complete preemption statute.  In fact, courts have found Smith & Wesson's argument "without merit."  *Jefferson* v. *Amadeo Rossi, S.A.*, 2002 WL 32154285, at *5 (E.D. Pa. Jan. 22, 2002).

Nor does the APA supply preemptive effect where the NFA does not.  The APA provides no remedy for Plaintiffs to recover for the injuries they suffered while attending the Fourth of July parade in Highland Park—injuries that were caused by Smith & Wesson's marketing and advertising practices.  In fact, it expressly precludes any action seeking monetary damages, *see* 5 U.S.C. § 702, and whatever private right of action it affords cannot colorably be said to reflect congressional intent to preempt state consumer protection statutes.  *See Rogers*, 308 F.3d at 788. Nor does Smith & Wesson establish that there is any "final agency decision" specific to its M&P rifle for which Plaintiffs even could have sought review under the APA.  *See* 5 U.S.C. § 704.

---

[3]  Smith & Wesson's failure to obtain the consent of all defendants also defeats removal on this ground. *See supra* Section II.A; *see also Pettitt* v. *Boeing Co.*, 606 F.3d 340, 343 (7th Cir. 2010); *Ward* v. *Cohee*, 2010 WL 4683947, at *2 (C.D. Ill. Nov. 4, 2010) (addressing conformity with unanimity requirement before analyzing preemption issues); *Samuel* v. *Langham*, 780 F. Supp. 424, 427 (N.D. Tex. 1992) ("Even if ERISA did preempt Samuel's claims, removal nevertheless was improper" because "all defendants must join in the notice of removal to effectuate proper removal.").

IV.  **PLAINTIFFS SHOULD BE AWARDED ATTORNEYS' FEES AND EXPENSES UNDER 28 U.S.C. § 1447(c).**

Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Providing for attorneys' fees when granting a motion to remand serves the purpose of deterring improper removal.  The Seventh Circuit has held that fees are warranted if clearly established law makes removal improper, even if the removing party has "some basis" to believe removal is proper. *Wolf* v. *Kennelly*, 574 F.3d 406, 412 (7th Cir. 2009).  In removing these cases, Smith & Wesson disregarded controlling law foreclosing its assertion that it is entitled to enjoy the removal provisions afforded to the federal government; ignored the requirement that it obtain consent from all defendants before removal; asserted jurisdiction under *Grable* despite the fact the Complaint plainly shows multiple theories of recovery and employs a violation of federal law solely as evidence of a state-law violation; and advanced a baseless complete preemption argument where the NFA lacks a private of right of action.[4]

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court remand this case to the Nineteenth Judicial Circuit Court in Lake County, Illinois, and award costs and attorneys' fees under 28 U.S.C. § 1447(c).

---

[4]    Indeed, Smith & Wesson's counsel already have advanced similar baseless arguments in other courts, which have squarely rejected them.  *See, e.g., Tisdale* v. *Pagourtzis*, 2020 WL 7170491, at *7 (S.D. Texas 2020).  Courts in this Circuit have repeatedly remanded unsupported demands for removal advanced by Smith & Wesson's counsel.  *See Harper* v. *Central Wire, Inc.*, 2022 WL 1102018 (N.D. Ill. Apr. 13, 2022); *Glover* v. *American Gen. Life Insur. Co.*, 2021 WL 3472637 (N.D. Ill. Aug. 6, 2021); *Abbott* v. *FCA US LLC*, 2017 WL 3276734 (S.D. Ill. Aug. 2, 2017); *Boland* v. *Gateway RT Owner LLC*, 2016 WL 3227260 (S.D. Ill. June 13, 2016); *Ballard* v. *Wilderness Resort Hotel & Golf Resort*, 2014 WL 3811003 (N.D. Ill. Aug. 1, 2014).

Dated: December 7, 2022

**EVERYTOWN LAW**
Alla Lefkowitz*
P.O. Box # 14780
Washington D.C. 20044
(mailing address)
Phone: (202) 545-3257
alefkowitz@everytown.org

**EVERYTOWN LAW**
Krystan Hitchcock*
Laura Keeley*
450 Lexington Ave.
P.O Box # 4184
New York, NY 10017
(mailing address)
Phone: (646) 324-8218
khitchcock@everytown.org
lkeeley@everytown.org

*Admission forthcoming*

Respectfully Submitted,

  */s/ David A. Neiman*

**ROMANUCCI & BLANDIN, LLC**
Antonio M. Romanucci
David A.  Neiman
Gina A. DeBoni
Michael E. Holden
321 North Clark Street, Suite 900
Chicago, IL 60654
Phone: (312) 458-1000
Fax: (312) 458-1004
aromanucci@rblaw.net
dneiman@rblaw.net
gad@rblaw.net
mholden@rblaw.net

**PAUL, WEISS, RIFKIND, WHARTON
& GARRISON LLP**
H. Christopher Boehning*
Jeffrey J. Recher*
Carly Lagrotteria*
1285 Avenue of the Americas
New York, NY 10019
(mailing address)
Phone: (212) 373-3700
cboehning@paulweiss.com
jrecher@paulweiss.com
clagrotteria@paulweiss.com

**HUNT LAW PC**
Keith L. Hunt
Delaney A. Hunt
2275 Half Day Rd
Suite 126
Bannockburn, IL 60015
Phone: (312) 558-1300
khunt@huntpclaw.com
dhunt@huntpclaw.com

*Attorneys for Plaintiffs*

16