**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
Civil Division
Central District, Stanley Mosk Courthouse, Department 32

| | |
|---|---|
| **21STCV29196** | February 2, 2022 |
| **CLAUDIA APOLINAR, et al. vs POLYMER80, INC., A NEVADA CORPORATION** | 8:30 AM |

Judge: Honorable Daniel S. Murphy         CSR: None
Judicial Assistant: S. Luqueno              ERM: None
Courtroom Assistant: N. Avalos             Deputy Sheriff: None

---

APPEARANCES:

For Plaintiff(s): Eric Tirschwell appearing for Claudia Apolinar (Telephonic); MICHAEL MARRON; JAMES J. McGUIRE

For Defendant(s):  No Appearances

---

**NATURE OF PROCEEDINGS:** Hearing on Demurrer - with Motion to Strike (CCP 430.10)

The matter is called for hearing.

After hearing oral argument from counsel, the Court adopts its tentative ruling as the Order of the Court, which is signed and filed this date and incorporated herein as follows:

The Demurrer - with Motion to Strike (CCP 430.10) filed by Polymer80, Inc., a Nevada corporation on 01/10/2022 is Overruled.

BACKGROUND

On August 20, 2021, Claudia Apolinar and Emmanuel Perez-Perez ("Plaintiffs") filed the operative First Amended Complaint ("FAC") against Polymer80, Inc. ("Defendant"), alleging negligence and public nuisance. The lawsuit arises from an incident where Plaintiffs, two police officers, were shot using a gun made from parts manufactured and distributed by Defendant.

The FAC alleges that Defendant "manufactured, advertised, and sold firearm kits that included some or all the components necessary to quickly and easily build complete and fully functional frames and weapons, including Glock-style semiautomatic handguns like the one used to ambush Plaintiffs." (FAC ¶ 10.) The alleged danger of these "ghost guns" is that "they lack serial numbers and are therefore extremely difficult, if not impossible, for law enforcement to trace when recovered in connection with criminal investigations." (Id., ¶ 11.) The FAC alleges that "the unserialized Polymer80 firearm used in the ambush attack of Sheriff's Deputies Apolinar and Perez was originally purchased as a kit in California from either Polymer80 or one of Polymer80's third party distributors, who sold it without performing a background check." (Id., ¶

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
Central District, Stanley Mosk Courthouse, Department 32

| | |
|---|---|
| **21STCV29196**<br>**CLAUDIA APOLINAR, et al. vs POLYMER80, INC., A NEVADA CORPORATION** | February 2, 2022<br>8:30 AM |

Judge: Honorable Daniel S. Murphy  CSR: None
Judicial Assistant: S. Luqueno  ERM: None
Courtroom Assistant: N. Avalos  Deputy Sheriff: None

---

13.) "Defendants sold Polymer80 ghost gun kits without serial numbers and without taking reasonable steps to ensure that purchasers are legally allowed to purchase or possess firearms, despite knowing that their deadly products are especially attractive to criminals and would likely and foreseeably end up in the hands of dangerous persons prohibited from legally owning firearms under federal and state law." (Id., ¶ 14.)

Defendant presently demurs to the FAC on the grounds that it is statutorily immune from civil liability and that its actions were not the proximate cause of Plaintiffs' injuries. Alternatively, Defendant moves to strike certain "scandalous" allegations from the FAC.

LEGAL STANDARD

A demurrer for sufficiency tests whether the complaint states a cause of action. (Hahn v. Mirda (2007) 147 Cal. App. 4th 740, 747.) When considering demurrers, courts read the allegations liberally and in context. (Taylor v. City of Los Angeles Dept. of Water and Power (2006) 144 Cal. App. 4th 1216, 1228.) In a demurrer proceeding, the defects must be apparent on the face of the pleading or by proper judicial notice. (Code Civ. Proc. § 430.30(a).) A demurrer tests the pleadings alone and not the evidence or other extrinsic matters. (SKF Farms v. Superior Court (1984) 153 Cal. App. 3d 902, 905.) Therefore, it lies only where the defects appear on the face of the pleading or are judicially noticed. (Id.) The only issue involved in a demurrer hearing is whether the complaint, as it stands, unconnected with extraneous matters, states a cause of action. (Hahn, 147 Cal.App.4th at 747.)

Any party, within the time allowed to respond to a pleading, may serve and file a notice of motion to strike the whole or any part of that pleading. (Code Civ. Proc., § 435, subd. (b).) The court may, upon a motion, or at any time in its discretion, and upon terms it deems proper, strike (1) any irrelevant, false, or improper matter inserted in any pleading and (2) all or any part of any pleading not drawn or filed in conformity with the laws of this state, a court rule, or an order of the court. (Id., § 436.) The grounds for moving to strike must appear on the face of the pleading or by way of judicial notice. (Id., § 437.)

MEET AND CONFER

Before filing a demurrer or a motion to strike, the demurring or moving party is required to meet and confer with the party who filed the pleading demurred to or the pleading that is subject to the motion to strike for the purposes of determining whether an agreement can be reached through a filing of an amended pleading that would resolve the objections to be raised in the demurrer.

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 32

| | |
|---|---|
| **21STCV29196** | February 2, 2022 |
| **CLAUDIA APOLINAR, et al. vs POLYMER80, INC., A NEVADA CORPORATION** | 8:30 AM |

Judge: Honorable Daniel S. Murphy         CSR: None
Judicial Assistant: S. Luqueno              ERM: None
Courtroom Assistant: N. Avalos            Deputy Sheriff: None

---

(Code Civ. Proc. §§ 430.41, 435.5.) The Court notes that the Moving Party has complied with the meet and confer requirement. (Labat Decl. ¶ 6.)

DISCUSSION

a. Statutory Immunity

The federal Protection of Lawful Commerce in Arms Act ("PLCAA") precludes liability for businesses engaged in the lawful manufacture and distribution of firearms where the harm is caused by the criminal acts of others. (15 U.S.C. § 7901(a)(5).) However, the PLCAA does not apply to "an action in which a manufacturer or seller of a qualified product knowingly violated a State or Federal statute applicable to the sale or marketing of the product, and the violation was a proximate cause of the harm for which relief is sought . . . ." (Id., § 7903(5)(A)(iii).) This is known as the "predicate exception" because the plaintiff predicates their claim on a violation of statute.

Here, the FAC alleges that Defendant's actions violate the federal Gun Control Act ("GCA"), California Unsafe Handgun Act ("CUHA"), California Assembly of Firearms Law ("CAFL"), and the California Unfair Competition Law ("UCL"). Defendant argues that the predicate exception does not apply because the FAC fails to allege sufficient facts amounting to a violation of any of these statutes. Specifically, Defendant contends that the handgun parts and unfinished frames that it is alleged to have distributed are not covered by these statutes.

I. GCA

The GCA defines "firearm" as, inter alia, "(A) any weapon (including a starter gun) which will or is designed to or may readily be converted to expel a projectile by the action of an explosive; (B) the frame or receiver of any such weapon . . . ." (18 U.S.C. § 921(a)(3).) Here, the FAC alleges that "Polymer80 sold Buy Build Shoot kits consisting of all component parts of a firearm, including unfinished handgun frames, which are 'designed to' be and 'may readily be converted' into an operable weapon." (FAC ¶ 73.)

Defendant argues that "kits containing PF940C 'unfinished' frames do not qualify as 'firearms' under the GCA." (Dem. 8:13-15.) However, Defendant cites no authority for the proposition that the frames fall outside the GCA as a matter of law. Defendant relies on a Texas state case, In re Academy, Ltd. 625 S.W.3d 19, 28 (Tex. 2021), where the court held that a magazine is not a "firearm" merely because it is packaged with one. The instant case is distinguishable because

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 32

| | |
|---|---|
| **21STCV29196** | February 2, 2022 |
| **CLAUDIA APOLINAR, et al. vs POLYMER80, INC., A NEVADA CORPORATION** | 8:30 AM |

Judge: Honorable Daniel S. Murphy  CSR: None
Judicial Assistant: S. Luqueno  ERM: None
Courtroom Assistant: N. Avalos  Deputy Sheriff: None

---

Plaintiff alleges that Defendant sold kits which could be readily converted into firearms, and that those kits contained frames and receivers, which are expressly listed in the GCA. Any factual contention on convertibility or the actual nature of the kits is unsuitable for consideration on demurrer. The allegations are sufficient at the pleading stage.

II. CUHA

Notwithstanding the federal definition of "firearm," the FAC also predicates its claims on multiple California laws, beginning with CUHA. CUHA defines an "unsafe handgun" as "any pistol, revolver, or other firearm capable of being concealed upon the person" that does not have certain safety devices, meet firing requirements, or satisfy drop safety requirements. (Pen. Code, § 31910.) Defendant makes a similar argument that "'unfinished' frames or receivers do not constitute 'firearms' under the statutory provisions that Polymer80 supposedly violated." (Dem. 12:5-6.)

However, Plaintiff alleges that "Defendants knowingly aided and abetted the manufacture of handguns that do not meet the safety requirements of CUHA by marketing, selling, and transferring all of the components, parts, materials, tools, instructions and instructional videos needed to build an unsafe handgun in the state." (FAC ¶ 84.) Defendant argues that this allegation is a bare recitation devoid of facts showing how Defendant aided and abetted. (Dem. 12:8-14.) However, the allegation is not conclusory, as it explains that Defendant aided and abetted the manufacture of illegal handguns by providing the requisite parts and instructions. Plaintiffs allege that this led to the assembly of the handgun that was used to shoot Plaintiffs. (FAC ¶ 85.) This is adequate to survive a demurrer.

III. CAFL

CAFL imposes requirements for placing serial numbers on firearms, including ones manufactured from plastic. (Pen. Code, § 29180.) Defendant makes the same argument that only a finished frame, as opposed to an unfinished one, constitutes a "firearm" under CUHA. (Dem. 12:17-27.) Defendant also takes issue with the conclusory nature of the aiding and abetting allegations. (Ibid.) However, the FAC alleges that Defendant intentionally sold PF940 kits that it knew could not be converted into firearms capable of satisfying the serial number requirements. (FAC ¶¶ 90-94.) This establishes that Defendant aided and abetted individual purchasers in the assembly of completed firearms that do not comply with CAFL, including the one used to shoot Plaintiffs. The allegations are sufficient at the pleading stage.

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 32

| | |
|---|---|
| 21STCV29196 | February 2, 2022 |
| CLAUDIA APOLINAR, et al. vs POLYMER80, INC., A NEVADA CORPORATION | 8:30 AM |

Judge: Honorable Daniel S. Murphy    CSR: None
Judicial Assistant: S. Luqueno    ERM: None
Courtroom Assistant: N. Avalos    Deputy Sheriff: None

---

IV. UCL

Business and Professions Code section 17200 prohibits unlawful, unfair, or fraudulent business acts or practices. Each of the three prongs is an independent basis for relief. (Smith v. State Farm Mutual Automobile Insurance Co. (2001) 93 Cal.App.4th 700, 718.) Unlawful conduct is defined as any practice forbidden by law. (Farmers Ins. Exchange v. Superior Court (1992) 2 Cal.4th 377, 383.) UCL actions alleging unlawful conduct "borrow" from other statutes or common law causes of action outside Section 17200. (Klein v. Chevron U.S.A., Inc. (2012) 202 Cal.App.4th 1342, 1383.)

As discussed above, the FAC sufficiently alleges violations of various gun laws, thus establishing unlawfulness for purposes of the UCL. Defendant argues that Plaintiffs have no standing to pursue an action under the UCL because they are not consumers or competitors, the intended targets of UCL protection. (Dem. 13:5-8 [citing Kwikset Corp. v. Superior Court (2011) 51 Cal.4th 310, 319-26].) However, Plaintiffs do not assert a cause of action under the UCL. Rather, the UCL is a predicate statute to support Plaintiffs' contention that Defendant is not immune from liability under the PLCAA. Defendant can violate the UCL even if Plaintiffs cannot personally sue under the law. As long as Defendant's violation of the UCL proximately caused the Plaintiffs' harm, the case falls outside the PLCAA. (See 15 U.S.C. § 7903(5)(A)(iii).) As discussed above, the FAC adequately alleges a violation of various gun laws and how those violations proximately caused Plaintiffs' injuries. Because violations of those gun laws constitute violations of the UCL, the FAC also sufficiently alleges a predicate violation of the UCL and establishes that the violation proximately caused Plaintiffs' harm.

Because Plaintiffs have alleged that Defendant's actions violate multiple federal and state statutes, they sufficiently establish the predicate exception to the PLCAA, and Defendant is not immune from this lawsuit. The PLCAA is thus not a grounds for demurrer.

b. Proximate Causation

The elements of negligence are: (1) a duty to exercise ordinary care; (2) breach of that duty; (3) causation; and (4) damages. (Ladd v. County of San Mateo (1996) 12 Cal.4th 913, 917.) "A public nuisance cause of action is established by proof that a defendant knowingly created or assisted in the creation of a substantial and unreasonable interference with a public right." (People v. ConAgra Grocery Products Co. (2017) 17 Cal.App.5th 51, 79.) "Causation is an essential element of a public nuisance claim. A plaintiff must establish a 'connecting element' or a 'causative link' between the defendant's conduct and the threatened harm." (Citizens for Odor

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 32

| | |
|---|---|
| 21STCV29196 | February 2, 2022 |
| CLAUDIA APOLINAR, et al. vs POLYMER80, INC., A NEVADA CORPORATION | 8:30 AM |

Judge: Honorable Daniel S. Murphy          CSR: None
Judicial Assistant: S. Luqueno             ERM: None
Courtroom Assistant: N. Avalos             Deputy Sheriff: None

---

Nuisance Abatement v. City of San Diego (2017) 8 Cal.App.5th 350, 359.)

Defendant argues that Plaintiffs' injuries were caused by the independent intervening acts of others. (Dem. 13:25-14:25.) However, the allegations sufficiently establish that "Defendant supplied the instrumentality necessary to commit such a crime, in a form (no serialization) suited to the commission of such a crime, and a manner (no background checks) that enabled purchase by and attracted the group of people most likely to commit such a crime (criminals ineligible to purchase or possess guns)." (Opp. 17:26-18:2.) The harm to Plaintiffs was not "of a kind and degree so far beyond the risk the original tortfeasor should have foreseen that the law deems it unfair to hold him responsible." (See Lawson v. Safeway Inc. (2010) 191 Cal.App.4th 400, 417.) In re Firearms Cases (2005) 126 Cal. App. 4th 959, 986-89 is distinguishable because in that case, the defendant "manufacture[d] guns according to federal law and guidelines." By contrast, the FAC here alleges violations of multiple federal and state laws. Thus, the FAC sufficiently alleges causation.

c. Motion to Strike

Defendant alternatively moves to strike a portion of paragraph 56 of the FAC, which recounts two shootings conducted with ghost guns not manufactured by Defendant. (See FAC ¶ 56 [November 2019 Santa Clarita school shooting; May 2020 murder at an Oakland courthouse].) As these incidents are not alleged to have been committed with Defendant's product, they bear no relationship to the claims set forth in the FAC. The FAC contains numerous other allegations outlining the general threat of ghost guns, as well as other incidents involving Defendant's guns. (See FAC ¶¶ 15-16, 46-57.) The facts surrounding the school and courthouse shootings are unnecessary to establishing context or Defendant's knowledge of the danger of ghost guns. Thus, those allegations should be stricken.

CONCLUSION

Defendant's demurrer is OVERRULED. Defendant's motion to strike is GRANTED as to the portions of paragraph 56 of the FAC describing the November 2019 Santa Clarita shooting and May 2020 Oakland shooting.

Answer shall be filed within ten days.

On the Court's own motion, the Case Management Conference scheduled for 02/18/2022 is advanced to this date and heard .

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 32

**21STCV29196**  February 2, 2022
**CLAUDIA APOLINAR, et al. vs POLYMER80, INC., A**  8:30 AM
**NEVADA CORPORATION**

Judge: Honorable Daniel S. Murphy          CSR: None
Judicial Assistant: S. Luqueno              ERM: None
Courtroom Assistant: N. Avalos              Deputy Sheriff: None

---

Plaintiff and defendant have demanded jury and shall post fees within ten days of today.

Final Status Conference is scheduled for 01/26/2023 at 08:30 AM in Department 32 at Stanley Mosk Courthouse.

Jury Trial is scheduled for 02/07/2023 at 08:30 AM in Department 32 at Stanley Mosk Courthouse. Estimated time for trial is 10 days.

Case Management Order is signed and filed.

Notice is waived.