IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KEELY ROBERTS, individually and as parent and next friend of C.R. and L.R., and JASON ROBERTS, individually and as parent and next friend of C.R. and L.R., | Lead Case No.         1:22-cv-06169 |
| | Related Case Nos.     1:22-cv-06178 |
| *Plaintiffs*, | 1:22-cv-06181 |
| | 1:22-cv-06183 |
| v. | 1:22-cv-06171 |
| | 1:22-cv-06185 |
| SMITH & WESSON BRANDS, INC., SMITH & WESSON SALES COMPANY, SMITH & WESSON, INC., BUDSGUNSHOP.COM, LLC, RED DOT ARMS, INC., ROBERT CRIMO, JR., and ROBERT CRIMO, III, | 1:22-cv-06186 |
| | 1:22-cv-06190 |
| | 1:22-cv-06191 |
| | 1:22-cv-06193 |
| *Defendants*. | 1:22-cv-06359 |
| | 1:22-cv-06361 |
| | |
| | Lead Case Removed from Case No. 22 LA 00000497 in the Circuit Court of Lake County, Illinois |
| | |
| | Hon. Steven C. Seeger |

**PLAINTIFFS' MOTION TO LIFT STAY PENDING APPEAL**

Plaintiffs in these consolidated actions,[1] all of whom are family members of victims or survivors of a mass shooting that occurred at the Highland Park Independence Day parade in 2022, respectfully request that the Court lift the stay imposed by the October 30, 2023 Minute Order. Pursuant to that Order, the Court stayed the consolidated cases "pending a resolution of the appeal"

---

[1] The undersigned counsel represent plaintiffs in all actions consolidated under *Roberts* (Lead Case No. 1:22-cv-06169). In this motion, "Plaintiffs" refers collectively to the plaintiffs in those actions.

of its remand order by the Seventh Circuit. Dkt. 74. Because a stay is unwarranted, is contrary to the weight of applicable law, and will significantly delay the cases to the detriment of Plaintiffs, Plaintiffs seek an order lifting the stay and allowing the consolidated cases to proceed in the Nineteenth Judicial Circuit Court of Lake County, Illinois—the court where Plaintiffs filed their complaints more than one year ago and the jurisdiction to which this Court ordered these cases returned. Leaving the stay in place would allow Smith & Wesson to exploit a meritless federal officer jurisdiction argument to substantially delay cases that should be well underway in state court.[2]

## PROCEDURAL BACKGROUND

On September 25, 2023, this Court issued a 55-page Memorandum Opinion and Order granting Plaintiffs' motion to remand these cases to state court. *Roberts et al. v. Smith & Wesson Brands, Inc. et al.*, No. 22-cv-6169, 2002 WL 31664496 (N.D. Ill. Sept. 25, 2023) ("Remand Order"), Dkt. 66. In that Remand Order, the Court held that binding U.S. Supreme Court precedent "snuffs out *any possibility* that Smith & Wesson acted as a federal officer." *Id.* at *18 (emphasis added) (citing *Watson v. Philip Morris Cos.*, 551 U.S. 142, 147 (2007)).

---

[2] Parties in a similar procedural posture to Plaintiffs here generally move to lift a stay once such a stay is ordered. *See, e.g.*, *Plaquemines Par. v. Chevron USA, Inc.*, 84 F. 4th 362, 370 (5th Cir. 2023) ("Plaintiffs quickly filed a 'Motion to Lift Stay Pending Appeal[.]'"). This is because district courts have inherent power to manage their dockets, including with regard to stays. *See Williams v. State Farm Mut. Auto. Ins. Co.*, 2023 WL 4106067, at *13 (N.D. Ill. June 21, 2023) (declining to issue stay); *see also Lightspeed Media Co. v. Smith*, 830 F. 3d 500, 505 (7th Cir. 2016) ("[D]istrict courts need no special authority to revisit their rulings; indeed, the purpose of contemporaneous objection rules is to allow them to fix problems promptly. . . ."). To the extent this Court construes this request as a motion to reconsider its Order imposing the stay, then the standard for such a motion is met because, as described *infra* at pp. 3-11, it was error for the Court to not consider the relevant test on a motion to stay. *See* Fed. R. Civ. P. 59 and 60(b); *see also Con. Vineyard LLC v. Vinifera Wine Co.*, 973 F. 3d 747, 759 (7th Cir. 2020) ("[O]f course district courts have the power to correct their own missteps, as Rule 59 underscores.")

Smith & Wesson appealed on October 16, relying on a rule that permits appeals of remand orders involving federal officers. Notice of Appeal, Dkt. 67. Smith & Wesson then asked this Court to stay the Remand Order pending appeal, seeking to significantly delay the return of these cases to state court. Dkt. 71. In other words, Smith & Wesson parlayed a meritless federal officer jurisdictional argument into grounds for a further, lengthy delay.

The Court granted a stay on Smith & Wesson's Motion, stating that "candidly, this Court assumes that a stay is automatic, but just in case, this Court issues a stay in an abundance of caution." Dkt. 74.[3] Regrettably, Smith & Wesson's Motion for Stay failed to explain that stays are *not* automatic in this circumstance—far from it. As explained below, courts in analogous situations have declined to grant similar stays. Smith & Wesson's motion also glossed over the significant hurdles it faced in seeking a stay, including by underplaying the heavy burden that is required to support issuance of a stay and relying on case law that has been undermined. Plaintiffs submit this brief to clarify the law, explain why a stay is unjustified under the circumstances, and move the Court to lift the stay it has imposed.

## ARGUMENT

### I.  When a Party Appeals a Federal Officer Remand Order, It Must Meet a Heavy Burden

As the Court recognized in its Minute Order, "[r]emand orders typically aren't appealable." Dkt. 74; *see also* 28 U.S.C. § 1447(d) ("An order remanding a case to the state court from which it was removed is not reviewable on appeal . . ."). Federal officer remand orders are the rare

---

[3]  Per Local Rule 81.2, a certified copy of the remand order should have been sent to the state court by the clerk of court fourteen (14) days after entry of the Remand Order, which fell on October 9, 2023, one week before Smith & Wesson filed its Motion to Stay. *See M&G Health Assocs., Inc. v. Health Care Serv. Corp.*, 2009 WL 10740611, at *4 (N.D. Ill. Feb. 24, 2009) ("Under Local Rule 81.2, the remand will not be effected for 14 days from the date of entry of this order."). In any event, on October 25, Plaintiffs contacted the courtroom deputy to state their opposition to Smith & Wesson's motion and request a briefing schedule, but the stay was issued before a schedule was set.

exception. *Id*.[4] The fact that such orders are appealable, however, does not mean that a stay is required while the appeal proceeds. To the contrary, courts faced with motions to stay in such circumstances frequently *decline* to stay the case during the pendency of the appeal. *Dowling v. United States Dep't of Health & Hum. Servs.*, 325 F. Supp. 3d 884, 895 (N.D. Ill. 2018) (denying stay of a remand order in case involving federal officer jurisdiction), *affirming denial of stay sub nom.*[5] *Hammer v. U.S. Dep't of Health & Hum. Servs.*, No. 18-2523 (7th Cir. July 26, 2018), ECF No. 13; *Plaquemines Par. v. Chevron USA, Inc.*, 84 F. 4th 362, 367 (5th Cir. 2023) (vacating a stay issued by the district court that would have halted progress on a case during defendants' appeal of a remand order on federal officer grounds);[6] *Mayor & City Council of Balt. v. BP P.L.C.*, 2019 WL 3464667, at *5 (D. Md. July 31, 2019) (denying stay of remand order involving federal officer jurisdiction), *aff'd*, No. 19-1644 (4th Cir. Oct. 1, 2019), ECF No. 116, *aff'd*, 140 S. Ct. 449 (Oct. 22, 2019) (mem.); *Bd. of Cty. Comm'rs of Boulder Cty. v. Suncor Energy (U.S.A.) Inc.*, 423 F. Supp. 3d 1066, 1075 (D. Colo. 2019) (same), *aff'd*, No. 19-1330 (10th Cir. Oct. 17, 2019). That is because a "stay pending appeal is 'extraordinary relief' for which defendants bear a 'heavy burden.'" *Plaquemines Par.*, 84 F. 4th at 373 (internal citations omitted); *see also Chan v.*

---

[4]    Federal officer remand decisions became appealable in 2011 when Congress added a new exception to 28 U.S.C. § 1447(d); *see generally* Removal Clarification Act of 2011, Pub. L. 112-511, 125 Stat. 545, 545-46 (2011).

[5]    The district court's decision on the substance of the remand motion was ultimately reversed. *See Hammer v. U.S. Dep't of Health & Hum. Servs.*, 905 F.3d 517, 523 (7th Cir. 2018).

[6]    Smith & Wesson's brief repeatedly cites to an unpublished district court decision in a closely related case filed by multiple parishes against approximately 200 fossil fuel companies. *See* Mot. at 5, 6, 7 (citing *Plaquemines Par. v. Riverwood Prod. Co.*, 2022 WL 843118 (E.D. La. Mar 22, 2022) ("*Riverwood*")). However, Smith & Wesson fails to acknowledge that the Fifth Circuit ultimately disagreed with much of the underlying reasoning in the *Riverwood* decision, including on the legal arguments on which Smith & Wesson relies. *Compare Plaquemines Par.*, 84 F. 4th at 375-378, *with Riverwood*, 2022 WL 843118, at *3.

*Wodnicki*, 67 F. 3d 137, 139 (7th Cir. 1995) ("A request for a stay is a request for extraordinary relief…").

## II. Smith & Wesson Has Not Met Its Heavy Burden with Respect to Any of the Four Factors Required to Establish the Need for a Stay

To decide whether to impose a stay pending appeal in a particular case, courts apply a four-factor test. *Venckiene v. United States*, 328 F. Supp. 3d 845, 854 (N.D. Ill. 2018) (citing *Nken v. Holder*, 556 U.S. 418, 426 (2009)). A court must consider: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.'" *Id.* (quoting *Nken*, 556 U.S. at 426). "The first two factors are the 'most critical,'" *id.*, but "a strong showing that [the movant] is likely to success on the merits of its appeal" is "vitally important." *See ADT Sec. Servs., Inc. v. Lisle-Woodridge Fire Prot. Dist.*, 807 F. Supp. 2d 742, 744 (N.D. Ill. 2011) (citing *Etherly v. Schwartz*, 590 F. 3d 531, 532 (7th Cir. 2009)). "The party requesting a stay 'bears the burden of showing that the circumstances justify'" the stay. *Nken*, 556 U.S. at 434-35; *see also Plaquemines Par.*, 84 F. 4th at 373 (a movant seeking a stay must "show that the balance of equities *weighs heavily* in favor of granting the stay") (emphasis in original).

Smith & Wesson fails to meet its burden on any of the four factors.

### a. Smith & Wesson Misstates the Law and is Unlikely to Succeed on the Merits.

When addressing the first factor, Smith & Wesson never even attempted to make a "strong showing" that it will succeed on appeal. Rather, it tried to rewrite the applicable standard by stating that "the court only needs to find that Smith & Wesson has 'shown more than a mere possibility of relief.'" Mot. at 2. That is not accurate. According to the Seventh Circuit, a possibility of success is not enough; instead, a movant must make a "'strong showing' on the merits" to justify a stay.

*Whole Woman's Health All. v. Rokita*, 13 F. 4th 595, 597 (7th Cir. 2021); *see also Camelot Banquet Rooms, Inc. v. U.S. Small Bus. Admin.*, 14 F. 4th 624, 628 (7th Cir. 2021) (noting that there must be a "strong likelihood of success on the merits").

The arguments Smith & Wesson made in the Motion to Stay show that its prospects of succeeding on the merits are exceedingly low. The Court thoroughly reviewed *the same arguments* in favor of federal court jurisdiction in its remand decision and rejected each one after careful consideration. *See, e.g.,* Remand Order at 18 (U.S. Supreme Court's decision in "*Watson* snuffs out any possibility that Smith & Wesson acted as a federal officer"); *id.* at 32 ("[T]he Court will march through the individual claims, and determine if they necessarily raise questions of federal law. A close look at the complaint confirms that the claims do not 'necessarily raise' a federal question."); *id.* at 35 (explaining that "Smith & Wesson cannot ignore state-law theories in the complaint to establish federal question jurisdiction"). There is no reason to think that those arguments have any greater chance of success now. *See Bd. of Cty. Comm'rs of Boulder Cty,* 423 F. Supp. at 1073 (rejecting as insufficient defendants' "attempt to re-hash the same argument(s)" it made originally as a way to demonstrate "a likelihood of success on appeal"); *Mayor & City Council of Balt.*, at *4 (no demonstration of a "substantial likelihood of success on the merits" when defendant merely "recites the same arguments" made during remand briefing). Smith & Wesson's failure to "*acknowledge the district court['s] reasoning*, let alone attempt in good faith to undermine it," demonstrates that it has not sustained its burden of identifying the type of reversible error needed to show a likelihood of success on appeal. *See Plaquemines Parish*, 84 F. 4th at 374 (emphasis in original).

Smith & Wesson attempts to frame its jurisdictional arguments as "matters of first impression," arguing that if "each ground raises an issue of first impression in the Seventh Circuit

[that] alone warrants a stay." Mot. at 3.[7] But Smith & Wesson's arguments do not raise truly novel questions. Rather, each suffers from fundamental flaws that are apparent from settled law. More specifically: (1) its convoluted attempt to fit within federal officer removal jurisdiction ignores that the circumstances of this case "fits squarely within the Supreme Court's decision in *Watson* [*v. Philip Morris Cos.*, 551 U.S. 142 (2007)]," Remand Order at 17; (2) its arguments for federal question jurisdiction under *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308 (2005) are barred because it ignored the "independent state law grounds that support the claims," which the Northern District previously addressed in *Collins v. Pontikes*, 447 F. Supp. 2d 895, 902 (N.D. Ill. 2006), *id.* at 35; and, (3) its complete preemption argument is foreclosed because it has not "'identif[ied] a federal cause of action that includes the same ingredients as the state claim and provides some recovery,'" *id.* at 49-50 (quoting *In re Repository Techs., Inc.*, 601 F.3d 710, 723 (7th Cir. 2010)), a well-settled requirement for complete preemption in the 7th Circuit. *See Rogers v. Tyson Foods, Inc.*, 308 F.3d 785, 788 (7th Cir. 2002).

### b. Smith & Wesson Has Not Established Irreparable Harm

Smith & Wesson also fails to satisfy the *second* factor of the test because it will not suffer irreparable harm if the case proceeds in state court during the pendency of the remand appeal. Smith & Wesson identifies two harms it contends it will suffer: (i) effective elimination of its "appellate rights" and (ii) costs associated with "unnecessary and futile" litigation in Illinois state court. Mot. at 6. These concerns are overblown and, in any event, do not amount to irreparable harm.

---

[7] The cases cited by Smith & Wesson do not bolster their argument. In *In re Mader*, the court found the likelihood of success factor was essentially neutral where the case raised a matter of first impression. 100 B.R. 989, 991 (N.D. Ill. 1989). And in *Nw. Airlines, Inc. v. E.E.O.C.*, 1980 WL 4650, at *1 (D.C. Cir. Nov. 10, 1980), the court merely stated that an issue of first impression was implicated without delving into an analysis that would inform the Court's inquiry here.

Smith & Wesson's principal argument—that its "statutory right to appeal" could be eliminated or jeopardized by the Remand Order, Mot. at 6—is incorrect. Regardless of whether the consolidated cases proceed in state court while the appeal is pending in the Seventh Circuit, Smith & Wesson can pursue its appeal and thereby exercise its "appellate rights" to obtain review of the Remand Order. Even if the Seventh Circuit ultimately determines that federal jurisdiction exists, Smith & Wesson will not lose its "right to a federal forum." *Plaquemines Par.*, 84 F. 4th at 376. In that circumstance, it could proceed in federal court *after* the Seventh Circuit decision.

In any event, allowing a state court to move forward with the litigation would advance the cases, not cause irreparable harm.[8] Contrary to Smith & Wesson's position, interim proceedings in state court may well advance the resolution of the case in federal court since the cases will "proceed with the filing of responsive pleadings or preliminary motions, regardless of the forum." *Mayor & City Council of Balt.*, 2019 WL 3464667, at *6. In other words, it is beneficial for the parties to make progress on responsive pleadings and preliminary motions—which can be used in some form wherever the cases proceed—during the pendency of the appeal.[9]

Smith & Wesson's reliance on state-court litigation costs as a type of irreparable harm fares no better than its first argument. Such costs are "of little weight" when determining irreparable harm. *See Plaquemines Par.*, 84 F. 4th at 376; *Mayor & City Council of Balt.*, 2019 WL 3464667,

---

[8] For the same reason, allowing the cases to proceed in state court would not "defeat the purpose of the provision that authorizes an appeal." *See* Dkt. 74. Lifting the stay presents no obstacle to Smith & Wesson moving forward with its appeal of the Remand Order. Keeping it in place, however, frustrates Plaintiffs' ability to pursue the "just, speedy, and inexpensive determination" of their actions in the forum that they selected and that this Court has held is the appropriate one. *See* Fed. R. Civ. P. 1.

[9] To the extent Smith & Wesson suggests that its appeal could be rendered moot by the state court issuing a final judgment before the Seventh Circuit decides the remand issue, that is highly unlikely and too speculative to qualify as irreparable harm. *See, e.g.*, *Mayor & City Council of Balt.*, 2019 WL 3464667, at *5; *see also Plaquemines Par.*, 84 F. 4th at 376 (rejecting this argument because "[i]t is not plausible that the case will reach trial [in the state court] before our court rules on defendants' appeal").

at *5; *see also Renegotiation Bd. v. Bannercraft Clothing Co.*, 415 U.S. 1, 24 (1974) ("Mere litigation expense, even substantial and unrecoupable cost, does not constitute irreparable injury."). Smith & Wesson has not shown that it would suffer irreparable harm without a stay.

### c.    Maintaining the Stay Would Be Detrimental to Plaintiffs

The *third* factor, which accounts for the interests of Plaintiffs, also counsels in favor of lifting the stay. Smith & Wesson blithely asserts that Plaintiffs would suffer no substantial harm by delaying the case until the remand appeal is resolved—a process Smith & Wesson argues may "be prolonged and may exceed typical timelines." Mot. at 6. There is no basis for Smith & Wesson's position. Delay does, in fact, harm Plaintiffs. Plaintiffs have suffered serious injuries, which they allege were caused by the conduct of Smith & Wesson (and others), and they have a right to proceed expeditiously with their claims. *See In re Budd Co., Inc.*, 2016 WL 556287, at *2 (Bankr. N.D. Ill. Feb. 10, 2016) (finding that the harm from the stay to the debtor's "asbestos victims and their survivors" outweighed any harm to the debtor because the victims and survivors had not been able to "mak[e] any progress toward compensation for" multiple years); *see also Hilbert v. Aeroquip, Inc.,* 486 F. Supp. 2d 135, 142 (D. Mass. 2007) (denying motion to stay in the context of a federal officer appeal and holding that the delay inherent in a stay "would be a travesty of justice given [the plaintiff's] medical condition"). For example, Plaintiff C.R.—a 9-year-old who, prior to July 4, 2022, loved playing sports and dancing—is now wheelchair-bound as a result of his injuries from the shooting. His family has had to spend considerably to provide for his rehabilitation, education, and daily-living arrangements. Delaying C.R.'s and other Plaintiffs' ability to pursue recovery for their significant (and ongoing) medical costs constitutes substantial prejudice in itself. See *id.*

Smith & Wesson's litigation tactics—including its removal of the case on (meritless) federal officer grounds and its subsequent appeal—have ensured that no substantive progress has

been made in the underlying cases for the last fourteen months. If the cases remain stayed for the duration of the appeal, Plaintiffs face the prospect of significant further delay, even after this Court has concluded that the claims belong in state court. *See* Remand Order at 9 ("A case can't stay here if it doesn't belong here."). In analogous circumstances, courts have concluded that harm to the plaintiffs weighs against imposing a stay. *See Bd. of Cty. Comm'rs of Boulder Cty.,* 423 F. Supp. 3d at 1075; *Mayor & City Council of Balt.*, 2019 WL 3464667, at *6; *Plaquemines Par.*, 84 F. 4th at 377.[10]

### d.  The Public Interest Weighs Against a Stay

The *fourth* factor, which considers the public interest, justifies lifting the stay. Smith & Wesson halfheartedly suggests that a stay serves the public interest because it promotes "judicial economy" and avoids "unnecessary litigation." Mot. at 7. But, as explained above, the opposite is true. Judicial economy favors moving forward in state court so that those proceedings can "advance the resolution of the case. . . with the filing of responsive pleadings or preliminary motions." *Mayor & City Council of Balt.*, 2019 WL 3464667, at *6; *see also Plaquemines Par.*, 84 F. 4th at 377 (a stay that hinders the progression of a case is "an interference with what could otherwise be fractional progress in state court during the pendency of this appeal"). The timely advancement of legal disputes—including addressing the merits as quickly as possible—is in the interest of both Plaintiffs and the public. *Bd. of Cty. Comm'rs of Boulder Cty.,* 423 F. Supp. at 1075 (collecting cases).

---

[10]  Smith & Wesson misleadingly argues that Plaintiffs, "as masters of their own complaint," "strategically implicated the federal question at the heart of the complaint, as Plaintiffs' counsel has accused the ATF of 'working for' the 'gun industry' and publicly proclaimed that the purpose of this case is to 'stop' the 'sale of 'assault rifles' like the M&P rifle." Mot. at 7. Plaintiffs' complaints say no such thing. In fact, Plaintiffs have previously placed Smith & Wesson on notice that these attributions are false, yet Smith & Wesson continues to make them. Reply Br. in Further Support of Roberts Plaintiffs' Motion to Remand, Dkt. 51, at 1 n.2.

## CONCLUSION

The stay imposed at Smith & Wesson's request should be lifted because it is unwarranted.

Plaintiffs respectfully request that the Court lift the stay and direct the Clerk's office to issue the

remand promptly. *See* Local Rule 81.2 (directing that a certified copy of the remand order be sent).

Dated: November 8, 2023

Respectfully Submitted,
*/s/ David A. Neiman*

**EDELSON PC**
Jay Edelson
Ari Scharg
David I. Mindell
J. Eli Wade-Scott
Amy Hausmann
Emily Penkowski Perez
350 North LaSalle Street, 14th Floor
Chicago, IL 60654
Phone: (312) 589-6370
Fax: (312) 589-6378
jedelson@edelson.com
ascharg@edelson.com
dmindell@edelson.com
ewadescott@edelson.com
abhausmann@edelson.com
epenkowski@edelson.com

**BRADY CENTER TO PREVENT GUN VIOLENCE**
Erin Davis (admitted *pro hac vice*)
Philip Bangle (admitted *pro hac vice*)
Brady Center to Prevent Gun Violence
840 First Street NE, Suite 400
Washington, DC 20002
Phone: (202) 370-8100
edavis@bradyunited.org
pbangle@bradyunited.org

**DENTONS**
Donna J. Vobornik
Brian E. Cohen

**ROMANUCCI & BLANDIN, LLC**
Antonio M. Romanucci
David A. Neiman
Michael E. Holden
Gina DeBoni
321 North Clark Street, Suite 900
Chicago, IL 60654
Phone: (312) 458-1000
Fax: (312) 458-1004
aromanucci@rblaw.net
dneiman@rblaw.net
mholden@rblaw.net
gad@rblaw.net

**EVERYTOWN LAW**
Alla Lefkowitz
Alison Barnes (admitted *pro hac vice*)
P.O. Box # 14780
Washington, DC 20044
Phone: (202) 545-3257
alefkowitz@everytown.org
abarnes@everytown.org

Carly Lagrotteria (admitted *pro hac vice*)
Laura Keeley (admitted *pro hac vice*)
450 Lexington Ave.
P.O Box # 4184
New York, NY 10017
Phone: (646) 324-2036
clagrotteria@everytown.org
lkeeley@everytown.org

233 South Wacker Drive, Suite 5900
Chicago, IL 60606
Phone: (312) 876-7370
donna.vobornik@dentons.com
brian.cohen@dentons.com

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
H. Christopher Boehning (admitted *pro hac vice*)
Jeffrey J. Recher (admitted *pro hac vice*)
1285 Avenue of the Americas
New York, NY 10019
Phone: (212) 373-3700
cboehning@paulweiss.com
jrecher@paulweiss.com

*Attorneys for Plaintiffs*