**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| KEELY ROBERTS, individually and as parent and next friend of C.R. and L.R., *et al.*, | ) ) ) ) | |
| Plaintiffs, | ) ) | Lead Case No. 22-cv-6169 |
| v. | ) ) | Hon. Steven C. Seeger |
| SMITH & WESSON BRANDS, INC., *et al.*, | ) ) ) ) | |
| Defendants. | ) ) | |
| THIS DOCUMENT RELATES TO ALL ACTIONS | ) ) ) ) ) ) ) ) | Consolidated cases: 22-cv-6186; 22-cv-6361; 22-cv-6193; 22-cv-6191; 22-cv-6171; 22-cv-6181; 22-cv-6183; 22-cv-6190; 22-cv-6185; 22-cv-6178; and 22-cv-6359 |

## MEMORANDUM OPINION AND ORDER

Plaintiffs' motion to lift the stay pending appeal (Dckt. No. [76]) is hereby denied.

The case is about the mass shooting that took place at the Fourth of July parade in Highland Park in 2022. Plaintiffs filed suit in state court, and Defendants removed the case on a variety of grounds. Importantly, they invoked the statutory provision about removing cases brought against the United States, federal officers, and anyone acting under them. *See* 28 U.S.C. § 1442(a)(1). Plaintiffs, in turn, moved to remand the consolidated cases to state court.

On September 25, 2023, this Court issued a lengthy opinion granting Plaintiffs' motion to remand. Along the way, the Court held that the federal officer removal statute did not apply, so there was no basis to remove the case to federal court on that ground. Defendants filed a timely notice of appeal. *See* Notice of Appeal (Dckt. No. [67]).

Ordinarily, remand orders are not reviewable on appeal, regardless of whether the ruling is right. *See, e.g.*, *The Northern League, Inc. v. Gidney*, 558 F.3d 614 (7th Cir. 2009) (per curiam); *Rubel v. Pfizer, Inc.*, 361 F.3d 1016 (7th Cir. 2004); *Phoenix Container, L.P. v.*

*Sokoloff*, 235 F.3d 352, 354–55 (7th Cir. 2000); *In re Continental Casualty Co.*, 29 F.3d 292, 293 (7th Cir. 1994). Once a district court remands a case to state court, it is usually gone for good.

But Congress carved out a special exception for cases brought against federal officers and anyone acting under them. *See* 28 U.S.C. § 1442(a)(1) (authorizing the removal of cases brought against the United States or its officers, "or any person acting under that officer"); 28 U.S.C. § 1447(d) ("An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1442 or 1443 of this title shall be reviewable by appeal or otherwise."). And once an appellant has a foot in the appellate door, the Court of Appeals can review the "order" as a whole and consider all bases for removal, not simply the federal officer provision. *See BP plc v. Mayor & City Council of Balt.*, 141 S. Ct. 1532, 1538 (2021) ("Here, everyone admits the defendants' notice of removal did just that by citing § 1442 as one of its grounds for removal. Once that happened and the district court ordered the case remanded to state court, the whole of its order became reviewable on appeal.").

Defendants took advantage of that statutory right to appeal in the case at hand. Defendants invoked the federal officer statute when they removed the case to federal court. This Court squarely rejected that justification for federal jurisdiction, and the question did not seem particularly close. *See, e.g.*, *Martin v. Petersen Health Operations, LLC*, 37 F.4th 1210, 1212–13 (7th Cir. 2022) ("We do not doubt that the nursing home must comply with many federal requirements, but it has been understood for a long time that regulation does not turn a private entity into a public actor."); *Lu Junhong v. Boeing Co.*, 792 F.3d 805, 811 (7th Cir. 2015); *Watson v. Philip Morris Cos.*, 551 U.S. 142 (2007). Even so, the case *was* "removed pursuant to section 1442" – even if the argument was tenuous – so it falls within the provision that authorizes appeals. *See* 28 U.S.C. § 1447(d).

After Defendants filed the notice of appeal, this Court granted a motion to stay the remand order pending appeal. *See* 10/30/23 Order (Dckt. No. [74]). This Court did so to allow the appeal to run its course. An immediate remand would have negated the right to appeal.

Plaintiffs now move to lift the stay of the remand order. *See* Mtn. (Dckt. No. [76]). They basically argue that Defendants have little or no chance of success on appeal, and that there is a strong personal and public interest in avoiding delays. This Court understands the sensitivities of the case, and the very human interest in pressing the case forward without dragging things out.

Courts typically consider a number of factors when evaluating a request for a stay pending appeal, including: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *See Nken v. Holder*, 556 U.S. 418, 426 (2009). All parties ask this Court to apply that four-factor test.

That framework is an odd fit in the case at hand, however. Plaintiffs aren't really seeking a stay pending appeal. They're seeking *no appeal*, period. Plaintiffs aren't asking this Court to

preserve the status quo while the Seventh Circuit considers the appeal. Plaintiffs are asking this Court to ship the case back to state court so that the Seventh Circuit *can't* consider the appeal.

Congress expressly authorized appeals of remand orders when the removal is based on the federal officer statute, and that right exists even if Defendants are playing a weak hand. A right to an appeal is a right to an appeal, even if the appeal is likely to be a loser. The right to an appeal is not confined to appeals that look like winners.

Remanding the case now, before the Seventh Circuit considers the appeal, would take away a statutory right created by Congress. Cutting off the opportunity to appeal would undermine the statutory provision that authorizes appeals. In effect, Plaintiffs ask this Court to pull the appellate rug out from under the Seventh Circuit's feet, and end the appeal before it gets off the ground. This Court is not inclined to end an appeal before it starts.

Candidly, this Court agrees that Defendants have a low likelihood of success on the merits on appeal. But at the end of the day, that decision is up to the Seventh Circuit. As the saying goes, that's why they play the game.

District courts may not be in the best position to decide whether there should be an appeal, either. After all, the whole reason why there is an appeal is because the lower court thinks that the appellant should lose. A district court shouldn't be the judge of whether the district court got it right. People tend to agree with themselves. From a fox-in-the-henhouse perspective, letting someone else decide the merits of the appeal makes a lot of sense.

An immediate remand would create practical challenges, too. In all likelihood, an order lifting the stay and remanding the case would precipitate a motion for emergency relief from the Seventh Circuit, before the ship has sailed to state court. It would force the Seventh Circuit's hand to look at the case on an expedited timeframe. It would create artificial and unnecessary time pressure on the Seventh Circuit to act sooner rather than later.

There is a better way. If Plaintiffs want expedited treatment of an unmeritorious appeal, the better course is to ask the Seventh Circuit for it. Maybe the Seventh Circuit would consider a request for faster-than-normal treatment. Or maybe the Seventh Circuit will rule on the papers and decide that the case belongs in state court. Or something along those lines.

That's up to the Seventh Circuit. But in the meantime, this Court will not take away Defendants' right to appeal, even if the case seems destined to hit the exits of the federal courthouse.

Date: December 15, 2023

_____
Steven C. Seeger
United States District Judge