IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KEELY ROBERTS, individually and as parent and next friend of C.R. and L.R., and JASON ROBERTS, individually and as parent and next friend of C.R. and L.R., <br><br> *Plaintiffs,* <br><br> v. <br><br> SMITH & WESSON BRANDS, INC., *et al.*, <br><br> *Defendants.* | Lead Case No. 1:22-cv-06169 <br><br> Related Cases: 1:22-cv-06171 <br> 1:22-cv-06178 <br> 1:22-cv-06181 <br> 1:22-cv-06183 <br> 1:22-cv-06185 <br> 1:22-cv-06186 <br> 1:22-cv-06190 <br> 1:22-cv-06191 <br> 1:22-cv-06193 <br> 1:22-cv-06359 <br> 1:22-cv-06361 <br><br> Lead Case Removed from Case No. 22 LA 00000487 in the Circuit Court of Lake County, Illinois <br><br> Hon. Steven C. Seeger |

**PLAINTIFFS' REQUEST FOR ISSUANCE OF THE REMAND ORDER TO STATE COURT WHILE THIS COURT RETAINS LIMITED JURISDICTION OVER MOTION FOR FEES**

Plaintiffs in *Roberts v. Smith & Wesson, Inc.*, and in each case related to it, respectfully request an instruction from this Court to the Clerk to send a certified copy of the remand order to the Circuit Court of Lake County while the Court considers Plaintiffs' forthcoming motion for fees and costs. In support thereof, Plaintiffs state:

1. After full briefing, the Court issued an order remanding these actions to the Circuit Court of Lake County ("Order") on September 25, 2023. (Dkt. 66.) Defendants Smith & Wesson Brands, Inc., Smith & Wesson Sales Company, and Smith & Wesson, Inc. (collectively, "Smith & Wesson") timely filed a notice of appeal on October 16, 2023. (Dkt. 67.)

1

2. The Court stayed issuance of the certified copy of the Order to state court during the pendency of Smith & Wesson's appeal. (Dkt. 77.)

3. On April 8, 2024, the Seventh Circuit affirmed the Court's remand decision, and directed the Court to "consider whether Smith & Wesson must reimburse the plaintiffs' costs and fees occasioned by the unjustified removal and appeal." (Dkt. 85 at 9.)

4. Smith & Wesson did not timely file a petition for rehearing, and the mandate was accordingly issued on April 30, 2024.

5. On April 30, 2024, the Court ordered Plaintiffs to file any motion for fees and costs by May 10, 2024, and Smith & Wesson to file any response to that motion by May 17, 2024. (Dkt. 87.) The Court's order indicated that the Court would address the motion before it remanded these cases to state court. *Id.*

6. Plaintiffs respectfully request that the Court remand the consolidated cases to the Circuit Court of Lake County by sending a certified copy of the Order to the Circuit Court while retaining jurisdiction on the narrow collateral question of whether attorneys' fees and expenses under 28 U.S.C. §1447(c) are warranted. This is the appropriate course when a case has been unjustifiably removed and must be remanded, but fees are appropriate for the improper removal. *See Garbie v. DaimlerChrysler Corp.*, 211 F.3d 407, 409 (7th Cir. 2000) (evaluating propriety of fees award for wrongful removal after case was remanded to state court). Courts in this District routinely follow this procedure when considering motions for fees and costs following improper removal. *See Barnes v. Aryzta, LLC*, No. 17-CV-7358, 2019 WL 277716, at *1 (N.D. Ill. Jan. 22, 2019) (considering motion for attorneys' fees resulting from improper removal after merits of case were remanded); *Dent v. Renaissance Mtg. Corp.*, No. 14 C 02999, 2015 WL 14071503, at *1 &

n.1 (N.D. Ill. Oct. 19, 2015) (same); *Bebble v. Nat'l Air Traffic Controllers' Ass'n*, No. 00 C 4055, 2001 WL 1286794, at *1 (N.D. Ill. Oct. 23, 2001) (same).[1]

7. Remanding the consolidated cases to Lake County now would allow these cases, which were originally filed in September 2022, to finally proceed in their original and proper forum without further delay, while still permitting this Court to consider the remaining issue over which it has jurisdiction. *See Citizens for a Better Env't v. Steel Co.*, 230 F. 3d 923, 926 (7th Cir. 2000) ("In particular a court may lack authority to resolve the merits of a claim yet have jurisdiction to award costs and attorneys' fees to the prevailing party."). Plaintiffs respectfully submit that any additional delay of the remand to state court would only cause prejudice to Plaintiffs and further reward Smith & Wesson's "unjustified" removal, or force Plaintiffs to consider abandoning a meritorious request for fees in order to assure their right to prosecute their claims.

WHEREFORE, Plaintiffs respectfully request that this Court issue an instruction to the Clerk to send a certified copy of the remand order to the Circuit Court of Lake County while the Court addresses Plaintiffs' forthcoming motion for fees and costs.

| | |
|---|---|
| Dated: May 2, 2024 | Respectfully Submitted,<br>*/s/ David A. Neiman* |
| **EDELSON PC**<br>Jay Edelson<br>Ari Scharg<br>David I. Mindell | **ROMANUCCI & BLANDIN, LLC**<br>Antonio M. Romanucci<br>David A. Neiman<br>Michael E. Holden |

---

[1] For example, in *Dent*, the court granted remand on June 1, 2015, and a certified copy of the order was sent to the Circuit Court of Cook County on June 15, 2015. *Compare* Opinion and Order, *Dent v. Renaissance Mtg. Corp.*, No. 14 C 02999 (June 1, 2015), Dkt. 102, *with* Remand, *Dent v. Renaissance Mtg. Corp.*, No. 14 C 02999 (June 15, 2015), Dkt. 106. The court retained jurisdiction only on the motion for attorney's fees that was filed after that the order granting remand was issued. Defs.' Mot. for Attorney's Fees and Costs, *Dent v. Renaissance Mtg. Corp.*, No. 14 C 02999 (June 12, 2015), Dkt. 104. Similarly, in *Bebble*, the court granted remand on February 7, 2001, and a certified copy of the remand order was sent to the Circuit Court of Cook Court nineteen days later, on February 26, 2001. *Compare* Min. Order, *Bebble v. Nat'l Air Traffic Controllers' Ass'n*, No. 00 C 4055 (Feb. 7, 2001), Dkt. 7, *with* Remand, *Bebble v. Nat'l Air Traffic Controllers' Ass'n*, No. 00 C 4055 (Feb. 26, 2001) (minute entry stating that the certified copy of the remand order was mailed to the Circuit Court of Cook County). The court thereafter retained jurisdiction only on the motion for attorney's fees that was filed after the remand order was mailed. Mot. for Attorney Fees, *Bebble v. Nat'l Air Traffic Controllers' Ass'n*, No. 00 C 4055 (June 14, 2001), Dkt. 8.

J. Eli Wade-Scott
Amy Hausmann
Emily Penkowski Perez
350 North LaSalle Street, 14th Floor
Chicago, IL 60654
Phone: (312) 589-6370
Fax: (312) 589-6378
jedelson@edelson.com
ascharg@edelson.com
dmindell@edelson.com
ewadescott@edelson.com
abhausmann@edelson.com
epenkowski@edelson.com

**BRADY CENTER TO PREVENT GUN VIOLENCE**
Erin Davis (admitted *pro hac vice*)
Philip Bangle (admitted *pro hac vice*)
840 First Street NE, Suite 400
Washington, DC 20002
Phone: (202) 370-8100
edavis@bradyunited.org
pbangle@bradyunited.org

**DENTONS**
Donna J. Vobornik
Brian E. Cohen
233 South Wacker Drive, Suite 5900
Chicago, IL 60606
Phone: (312) 876-7370
donna.vobornik@dentons.com
brian.cohen@dentons.com

Gina DeBoni
321 North Clark Street, Suite 900
Chicago, IL 60654
Phone: (312) 458-1000
Fax: (312) 458-1004
aromanucci@rblaw.net
dneiman@rblaw.net
mholden@rblaw.net
gad@rblaw.net

**EVERYTOWN LAW**
Alla Lefkowitz
Alison Barnes (admitted *pro hac vice*)
P.O. Box # 14780
Washington, DC 20044
Phone: (202) 545-3257
alefkowitz@everytown.org
abarnes@everytown.org

Carly Lagrotteria
Laura Keeley (admitted *pro hac vice*)
450 Lexington Ave.
P.O Box # 4184
New York, NY 10017
Phone: (646) 324-2036
clagrotteria@everytown.org
lkeeley@everytown.org

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
H. Christopher Boehning (admitted *pro hac vice*)
Jeffrey J. Recher (admitted *pro hac vice*)
1285 Avenue of the Americas
New York, NY 10019
Phone: (212) 373-3700
cboehning@paulweiss.com
jrecher@paulweiss.com

*Attorneys for Plaintiffs*