# IN THE UNITED STATES DISTRICT COURT FOR
# THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KEELY ROBERTS, individually and as parent and next friend of C.R. and L.R., and JASON ROBERTS, individually and as parent and next friend of C.R. and L.R., | Lead Case No. 1:22-cv-06169 |
| | Related Case Nos.     1:22-cv-06171 |
| *Plaintiffs*, | 1:22-cv-06178 |
| | 1:22-cv-06181 |
| v. | 1:22-cv-06183 |
| | 1:22-cv-06185 |
| SMITH & WESSON BRANDS, INC., SMITH & WESSON SALES COMPANY, SMITH & WESSON, INC., BUDSGUNSHOP.COM, LLC, RED DOT ARMS, INC., ROBERT CRIMO, JR., and ROBERT CRIMO, III, | 1:22-cv-06186 |
| | 1:22-cv-06190 |
| | 1:22-cv-06191 |
| | 1:22-cv-06193 |
| | 1:22-cv-06359 |
| | 1:22-cv-06361 |
| *Defendants*. | Hon. Steven C. Seeger |

**PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS
INCURRED AS A RESULT OF REMOVAL**

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ..................................................................................................1

PROCEDURAL BACKGROUND..............................................................................................3

ARGUMENT .................................................................................................................................6

I.     PLAINTIFFS SHOULD BE AWARDED THEIR ATTORNEYS' FEES AND COSTS INCURRED AS A RESULT OF SMITH & WESSON'S UNJUSTIFIED REMOVAL AND APPEAL. ........................................................................................6

    A.     Clearly Established Law Demonstrated That Smith & Wesson Had No Basis for Removal.............................................................................................7

    B.     Smith & Wesson's Appeal of this Court's Remand Order Was Meritless. ...........10

    C.     Smith & Wesson's Unjustified Removal Continues to Prejudice Plaintiffs..........12

II.     PLAINTIFFS' REQUEST FOR ATTORNEYS' FEES AND COSTS IS REASONABLE. ................................................................................................................13

CONCLUSION............................................................................................................................15

## **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Barnes* v. *Aryzta, LLC*,
   No. 17-CV-7358, 2019 WL 277716 (N.D. Ill. Jan. 22, 2019) ...................................................3

*Batt* v. *Micro Warehouse, Inc.*,
   241 F.3d 891 (7th Cir. 2001) ...................................................................................................14

*Bebble* v. *Nat'l Air Traffic Controllers' Ass'n*,
   No. 00 C 4055, 2001 WL 1286794 (N.D. Ill. Oct. 23, 2001) ....................................................3

*BP P.L.C.* v. *Mayor & City Council of Balt.*,
   141 S. Ct. 1532 (2021) ............................................................................................................11

*Collins* v. *Pontikes*,
   447 F. Supp. 2d 895 (N.D. Ill. 2006) ........................................................................................9

*Dent* v. *Renaissance Mtg. Corp.*,
   No. 14 C 02999, 2015 WL 14071503 (N.D. Ill. Oct. 19, 2015) ................................................3

*Empress River Casino Corp.* v.
   *Loc. Unions No. 9 & 176, Int'l Bhd. of Elec. Workers*,
   1994 WL 262075 (N.D. Ill. June 10, 1994) ..............................................................................9

*Franciscan Skemp Healthcare, Inc.* v.
   *Cent. States Joint Bd. Health & Welfare Tr. Fund*,
   538 F.3d 594 (7th Cir. 2008) ...................................................................................................10

*Garbie* v. *DaimlerChrysler Corp.*,
   211 F.3d 407 (7th Cir. 2000) .....................................................................................................3

*Grable & Sons Metal Products, Inc.* v. *Darue Eng'g & Mfg*,
   545 U.S. 308 (2005) ..................................................................................................................8

*Hartland Lakeside Joint No. 3 Sch. Dist.* v. *WEA Ins. Corp.*,
   756 F.3d 1032 (7th Cir. 2014) ...................................................................................................9

*Jackson Cnty. Bank* v. *DuSablon*,
   915 F.3d 422 (7th Cir. 2019) .....................................................................................................6

*Lott* v. *Pfizer, Inc.*,
   492 F.3d 789 (7th Cir. 2007) .....................................................................................................6

*Lu Junhong* v. *Boeing Co.*,
   792 F.3d 805 (7th Cir. 2015) .....................................................................................................8

*Martin* v. *Franklin Cap. Corp.*,
   546 U.S. 132 (2005) ..........................................................................................................6

*Martin* v. *Peterson Health Operations, LLC*,
   37 F.4th 1210 (7th Cir. 2022) ........................................................................................10

*Rogers* v. *Tyson Foods, Inc.*,
   308 F.3d 785 (7th Cir. 2002) ..........................................................................................10

*Sarauer* v. *Int'l Ass'n of Machinists & Aerospace Workers*,
   966 F.3d 661 (7th Cir. 2020) ..........................................................................................10

*Schnuckel* v. *Prudential Ins. Co. of Am.*,
   No. 02 C 5965, 2003 WL 21877632 (N.D. Ill. Aug. 7, 2003) ..................................................13

*Watson* v. *Philip Morris Co.*,
   551 U.S. 142 (2007) ..........................................................................................................8

*Wolf* v. *Kennelly*,
   574 F.3d 406 (7th Cir. 2009) ............................................................................................6

**Statutes**

28 U.S.C. § 1331 ...............................................................................................................4

28 U.S.C. § 1441(c) ..........................................................................................................4

28 U.S.C. § 1442 .................................................................................................1, 4, 7, 10

28 U.S.C. § 1447(c) ...................................................................................................1, 4, 6

28 U.S.C. § 1447(d) ...................................................................................................5, 10, 11

**Other Authorities**

Local Rule 54.3 ...............................................................................................................15

Plaintiffs in *Roberts* v. *Smith & Wesson, Inc.*, and in each case related to it, respectfully move this Court to grant an award of costs and attorneys' fees pursuant to 28 U.S.C. § 1447(c) to reimburse Plaintiffs for expenses incurred as a result of the "unjustified removal and appeal" of these actions by Defendants Smith & Wesson Brands, Inc., Smith & Wesson Sales Company, and Smith & Wesson, Inc. (collectively, "Smith & Wesson"). (Dkt. 85 at 9.)

## PRELIMINARY STATEMENT

Plaintiffs are victims of the shooting at the 2022 Fourth of July Parade in Highland Park, Illinois. On September 27, 2022, Plaintiffs filed suit in the Circuit Court of Lake County, Illinois, alleging exclusively state-law claims against Smith & Wesson, the manufacturer of the M&P rifle used in the shooting. (Dkt. 23-2.) In a clear attempt to delay the litigation of Plaintiffs' claims to recover wrongful death and personal injury damages under Illinois law, Smith & Wesson baselessly removed Plaintiffs' cases to federal court and then pursued a meritless appeal of this Court's subsequent order remanding the cases to state court. Through these tactics, Smith & Wesson has prevented Plaintiffs from prosecuting their state-law claims in state court for *more than a year and a half* and has caused Plaintiffs and their counsel to incur significant expenses needlessly litigating settled issues of federal jurisdiction and specious arguments that Smith & Wesson manufactured.

Smith & Wesson initiated its gambit by filing a notice of removal—without the consent of all defendants—that asserted four bases for removal, all of which were foreclosed by clearly established law. *First*, Smith & Wesson made the remarkable assertion that Smith & Wesson, a privately owned firearms manufacturer, was entitled to avail itself of the removal statute intended for the federal government or entities considered to be "acting under" the federal government, 28 U.S.C. § 1442. *Second*, Smith & Wesson essentially rewrote Plaintiffs' complaints in an effort to convert decidedly state-law claims into ones that turn on a federal question for purposes of the

1

*Grable* analysis. *Third*, Smith & Wesson contended that Plaintiffs' claims were removable under the artful pleading doctrine. And, *fourth*, Smith & Wesson baselessly asserted that the National Firearms Act ("NFA") completely preempted state consumer protection and tort laws. This Court soundly rejected every one of Smith & Wesson's frivolous arguments and made clear that Plaintiffs' state-law claims belong in state court. (Dkt. 66 (the "Remand Order").)

Undeterred by this Court's detailed and comprehensive Remand Order—or by the clear authority cited throughout the Court's 55-page opinion—Smith & Wesson prolonged the litigation further by appealing the decision to the United States Court of Appeals for the Seventh Circuit. That decision would not have been reviewable but for Smith & Wesson's strategy of premising its removal in part on the federal-officer removal statute, a basis that was foreclosed to Smith & Wesson by clearly established law. The Seventh Circuit confirmed that Smith & Wesson's removal was baseless when, just *four days* after hearing oral argument, the Seventh Circuit not only affirmed this Court's Remand Order, but also observed that a defendant who attempts to remove a case under the federal-officer removal statute to "sidestep the need for all defendants' consent" or "to obtain appellate review of any remand order" will cause the "litigation [to] be delayed and become needlessly costly." (Dkt. 85 at 8.) The Seventh Circuit accordingly directed this Court to "consider whether Smith & Wesson must reimburse the plaintiffs' costs and fees occasioned by the unjustified removal and appeal." (*Id.* at 9.)

In removing these cases, Smith & Wesson disregarded controlling law foreclosing its argument that it was acting under a federal officer; ignored the requirement that it obtain consent from all defendants before removal; asserted federal question jurisdiction despite the fact that none of Plaintiffs' claims require application of federal law; and advanced a baseless preemption argument, all to delay the litigation and cause Plaintiffs to incur significant costs litigating in

2

federal court. (Dkt. 1.) In these circumstances, an award of attorneys' fees and costs is appropriate to reimburse Plaintiffs for expenses incurred as a result of Smith & Wesson's "unjustified removal and appeal" (Dkt. 85 at 9) and to deter future misuse of the federal-officer removal statute.

\* \* \*

July 4, 2024, will mark two years since a 21-year-old man climbed to the roof of a cosmetics store and used a Smith & Wesson M&P rifle to fire 83 bullets into a crowd of spectators enjoying the Highland Park Fourth of July parade. In just minutes, the shooter killed seven people, injured dozens more, and irrevocably changed the lives of Plaintiffs. Facing futures with serious medical needs and without their loved ones, Plaintiffs filed these lawsuits months after the shooting to obtain compensation, and some measure of justice and accountability, from Defendants. To date, however, Smith & Wesson's cynical litigation tactics have needlessly delayed these actions and forced Plaintiffs to spend time and resources on a procedural sideshow. Plaintiffs respectfully request that this Court grant Plaintiffs' motion for attorneys' fees and costs in connection with Smith & Wesson's "unjustified removal and appeal" and remand these actions to state court without further delay, while this motion is pending, so that Plaintiffs can finally have their day in court on the merits of their claims.[1]

## PROCEDURAL BACKGROUND

On September 27, 2022, Plaintiffs filed suit in the Circuit Court of Lake County, Illinois, alleging exclusively state-law claims against Smith & Wesson, the manufacturer of the M&P rifle used in the shooting in which they were harmed. (Dkt. 23-2.) Just over one month later, on

---

[1] Dkt. 88 at 1; *see Garbie* v. *DaimlerChrysler Corp.*, 211 F.3d 407, 409, 411 (7th Cir. 2000) (evaluating propriety of fees award for wrongful removal after case was remanded to state court); *Barnes* v. *Aryzta, LLC*, No. 17-CV-7358, 2019 WL 277716, at *1 (N.D. Ill. Jan. 22, 2019) (considering motion for attorneys' fees resulting from improper removal after case was remanded); *Dent* v. *Renaissance Mtg. Corp.*, No. 14 C 02999, 2015 WL 14071503, at *1, n.1 (N.D. Ill. Oct. 19, 2015) (same); *Bebble* v. *Nat'l Air Traffic Controllers' Ass'n*, No. 00 C 4055, 2001 WL 1286794, at *1 (N.D. Ill. Oct. 23, 2001) (same).

3

November 7, 2022, Smith & Wesson filed a notice of removal, removing the actions to this Court by claiming "federal officer jurisdiction pursuant to 28 U.S.C. § 1442(a)(1)" and, alternatively, "federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441(c)." (Dkt. 1 ¶¶ 6, 7.)

On December 7, 2022, the two groups of Plaintiffs[2] filed motions to remand the cases to state court, affirming that the complaints filed in Illinois state court alleged "purely state-law violations," and refuting the validity of Smith & Wesson's attempt to remove the cases on the grounds of federal-officer jurisdiction or federal question jurisdiction. (Dkt. 26 at 3, 4, 6; *Turnipseed* Dkt. 26.) The *Roberts* Plaintiffs also requested that this Court award costs and attorneys' fees under 28 U.S.C. § 1447(c) due to Smith & Wesson's improper removal. (*Id*. at 15.)

On December 15, 2022, this Court consolidated all of the actions filed by Plaintiffs into one action for the purposes of the removal proceeding. (Dkt. 30.) On January 20, 2023, Smith & Wesson filed a brief in opposition to Plaintiffs' motion to remand (Dkt. 48), and on February 3, 2023, Plaintiffs submitted reply briefs in further support of their motions to remand. (Dkts. 50, 51.) On February 27, 2023, Smith & Wesson submitted a sur-reply in opposition to Plaintiffs' motions to remand. (Dkt. 56.)

On September 25, 2023, this Court issued the 55-page Remand Order granting Plaintiffs' motions to remand these cases to state court. (Dkt. 66.) In that Remand Order, this Court soundly rejected Smith & Wesson's effort to fabricate a basis for federal jurisdiction.

---

[2] Everytown Law, Romanucci & Blandin, LLC, and Paul, Weiss Rifkind, Wharton & Garrison LLP represent plaintiffs in the *Roberts* action (Lead Case No. 1:22-cv-06169) and nine other related actions (Nos. 1:22-cv-06171, 1:22-cv-06178, 1:22-cv-06181, 1:22-cv-06183, 1:22-cv-06185, 1:22-cv-06186, 1:22-cv-06190, 1:22-cv-06191, and 1:22-cv-06193) (collectively, the "*Roberts* Plaintiffs"). The Brady Center to Prevent Gun Violence, Dentons, and Edelson PC represent plaintiffs in the *Turnipseed* and *Chupack* actions (Case Nos. 1:22-cv-06359, and 1:22-cv-06361).

4

In the face of the clear rejection of its arguments by this Court based on longstanding precedent, Smith & Wesson filed a notice of appeal on October 16, 2023, invoking 28 U.S.C. § 1447(d), which is an unusual exception to the rule that remands generally are not reviewable. The federal-officer removal statute, however, gave Smith & Wesson a limited avenue to further prolong proceedings with an appeal, and that is what it chose to do. (Dkt. 67.) Four days later, in order to further prolong Plaintiffs' pursuit of the merits of their claims, Smith & Wesson sought a stay of the issuance of the certified copy of the Remand Order to state court during the pendency of the appeal. (Dkt. 71.) On October 30, 2023, the Court granted Smith & Wesson's motion for a stay. (Dkt. 74.)

On April 8, 2024, following full briefing and just *four days* after oral argument, the Seventh Circuit affirmed the Court's Remand Order and directed the Court to "consider whether Smith & Wesson must reimburse the plaintiffs' costs and fees occasioned by the unjustified removal and appeal." (Dkt. 85 at 9.) Smith & Wesson did not timely file a petition for rehearing, and the mandate was accordingly issued on April 30, 2024. (Dkt. 82.)

On April 30, 2024, the Court ordered Plaintiffs to file any motion for fees and costs by May 10, 2024, and ordered Smith & Wesson to file any response to that motion by May 17, 2024. (Dkt. 87.) The Court's order indicated that the Court would address the motion before it remanded these cases to state court. (*Id.*) Two days later, on May 2, 2024, Plaintiffs filed a motion requesting that the Court issue the Remand Order to state court while retaining jurisdiction over the present motion for attorneys' fees and costs, consistent with longstanding precedent in this Circuit. (Dkt. 88.) That motion remains pending.

5

**ARGUMENT**

I. **PLAINTIFFS SHOULD BE AWARDED THEIR ATTORNEYS' FEES AND COSTS INCURRED AS A RESULT OF SMITH & WESSON'S UNJUSTIFIED REMOVAL AND APPEAL.**

Under 28 U.S.C. § 1447(c), an order remanding a case to state court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Although an award of attorneys' fees and costs is not available in all cases, the Supreme Court has held that courts may award attorney's fees under § 1447(c) where, as here, "the removing party lacked an objectively reasonable basis for seeking removal." *Martin* v. *Franklin Cap. Corp.*, 546 U.S. 132, 138, 141 (2005). The Seventh Circuit has provided further guidance for applying the standard set forth in *Martin*, stating that, "[a]s a general rule, if, at the time the defendant filed his notice in federal court, clearly established law demonstrated that he had no basis for removal, then a district court should award a plaintiff his attorneys' fees." *Lott* v. *Pfizer, Inc.*, 492 F.3d 789, 793 (7th Cir. 2007). Moreover, the Seventh Circuit has instructed that fees "may be awarded when removal is clearly improper, but not necessarily frivolous." *Jackson Cnty. Bank* v. *DuSablon*, 915 F.3d 422, 424 (7th Cir. 2019) (citation omitted). In other words, a fee award is warranted as long as clearly established law makes removal improper, even if the removing party has "some basis" to believe removal is proper. *Wolf* v. *Kennelly*, 574 F.3d 406, 412 (7th Cir. 2009).

Here, an award of attorneys' fees and costs is warranted because, from the moment Smith & Wesson filed its notice of removal in November 2022 through oral argument before the Seventh Circuit in April 2024, Smith & Wesson disregarded clear and controlling case law, advanced arguments that courts have routinely rejected, misrepresented the nature of Plaintiffs' claims, and manufactured superficial bases for removal, all in order to prolong this litigation and prevent Plaintiffs from prosecuting their claims in state court where they belong. Because clearly established law at the time of removal demonstrated that Smith & Wesson had no basis to remove

these cases to federal court, and because Smith & Wesson pursued a meritless appeal of this Court's Remand Order based on the same foreclosed arguments, this Court should grant Plaintiffs' request for attorneys' fees and costs incurred as a result of Smith & Wesson's "unjustified removal and appeal." (Dkt. 85 at 9.)

    **A.**  **Clearly Established Law Demonstrated That Smith & Wesson Had No Basis for Removal.**

Smith & Wesson had no basis to remove these actions to federal court at the time of removal, nor at any other point in this litigation. Nevertheless, to delay litigating the merits of Plaintiffs' claims in the proper forum, Smith & Wesson removed these cases, asserting four frivolous bases for federal jurisdiction: (1) federal-officer jurisdiction, (2) federal question jurisdiction, (3) complete preemption, and (4) artful pleading. (Dkt. 1.) But clearly established law cited both in this Court's Remand Order and the Seventh Circuit's opinion shows that Smith & Wesson had no basis to assert any of these grounds for removal and doing so was improper and, as the Seventh Circuit held, "unjustified."

*First*, Smith & Wesson disregarded controlling law foreclosing its assertion that it was entitled to remove these cases under 28 U.S.C. § 1442(a)(1)—a removal provision available only to an officer of the federal government or to private entities "acting under" a federal officer. In its removal papers, and again in opposing remand, Smith & Wesson argued that that it was "acting under" a federal officer for purposes of this litigation, because the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") had delegated certain responsibilities to gun companies, including Smith & Wesson. (Dkt. 1 ¶ 6; Dkt. 48 at 2-6.) But none of the responsibilities purportedly delegated by ATF to Smith & Wesson relate in any way to the allegations in Plaintiffs'

7

complaints; to the contrary, they demonstrated only that Smith & Wesson, like thousands of other companies, was simply a highly regulated private entity. (Dkt. 85 at 5.)[3]

Of particular import here is that Smith & Wesson's exact "highly regulated" argument had already been squarely rejected by the Seventh Circuit in *Lu Junhong* v. *Boeing Co.*, 792 F.3d 805, 808-09 (7th Cir. 2015), and by the Supreme Court in *Watson* v. *Philip Morris Companies, Inc.*, 551 U.S. 142 (2007)—a point recognized by this Court in its Remand Order. (*See* Dkt. 66 at 18 (noting that binding precedent "snuffs out any possibility that Smith & Wesson acted as a federal officer" (citing *Watson*, 551 U.S. at 147)).) The Seventh Circuit affirmed this point, finding it "hard to see any difference between [Smith & Wesson's] situation and that of tobacco producers in *Watson* or airframe manufacturers in *Lu Junhong*." (Dkt. 85 at 4.) That *Watson* and *Lu Junhong* left no daylight for Smith & Wesson to remove Plaintiffs' complaints either was or should have been apparent to Smith & Wesson at the time of removal—just as it was to Plaintiffs, this Court, and the Seventh Circuit.

*Second,* Smith & Wesson asserted federal question jurisdiction under *Grable & Sons Metal Products, Inc.* v. *Darue Engineering & Manufacturing,* despite the fact that Plaintiffs' complaints bring causes of action only under state law, plainly allege theories of liability that do not require any application of federal law, and solely reference a violation of federal law as *evidence* of a state-law violation. *See* 545 U.S. 308, 218 (2005); Dkt. 66 at 27 ("[A] case is not removable simply because federal law might come into play when litigating a state-law claim."). In its briefing, however, Smith & Wesson completely ignored the independent state-law grounds that support the claims, and the fact that it must be "impossible to decide" the state-law claim

---

[3] "Smith & Wesson does not contend that ATF directed it to make any AR-15 style weapon or compelled it to include in the M&P15 the rapid-fire features that Crimo's victims call wrongful. Nor does Smith & Wesson contend that ATF directed it to advertise the M&P15 in the way that it did. Those choices were Smith & Wesson's. That is some distance from 'acting under' the ATF." (Dkt. 85 at 5.)

8

without deciding an issue of federal law. *Hartland Lakeside Joint No. 3 Sch. Dist.* v. *WEA Ins. Corp.*, 756 F.3d 1032, 1035 (7th Cir. 2014); *Collins* v. *Pontikes*, 447 F. Supp. 2d 895, 902 (N.D. Ill. 2006) ("Defendants cannot establish federal jurisdiction by reading out of the complaint independent state law grounds that support the claims."). As a result, this Court found that Smith & Wesson's argument failed to satisfy even the first step of the four-part *Grable* test because "[t]here is no federal cause of action," and none of the claims in Plaintiffs' complaints "'necessarily raise[d]' a federal question." (Dkt. 66 at 22, 32.)

*Third*, Smith & Wesson contended that the artful pleading doctrine applied here and conferred federal jurisdiction because Plaintiffs "disguised" federal claims as state-law claims. (Dkt. 48 at 7.) However, *Empress River Casino Corp.* v. *Local Unions No. 9 & 176, International Brotherhood of Electrical Workers*, another case from this district, clearly states that where a complaint relies *exclusively* on state-law violations, "there is no federal issue on the face of the Complaint, and apparently, no removal jurisdiction." No. 94 C 2379, 1994 WL 262075, at *2–3 (N.D. Ill. June 10, 1994). Smith & Wesson's plea for this Court to "cast aside" Plaintiffs' state-law claims and somehow divine the existence of federal claims was improper. (Dkt. 48 at 10.) It was also unavailing, as this Court "ma[d]e short order of this argument" and found the artful pleading doctrine did not apply. (Dkt. 66 at 51.)

*Finally,* Smith & Wesson advanced a baseless complete preemption argument, asserting that the NFA and the Administrative Procedure Act operate in tandem to permit litigating classifications of firearms under federal law and thereby preempt Plaintiffs' state-law claims. (Dkt. 48 at 14-15.) Smith & Wesson failed, however, to "'identify a federal cause of action that includes the same ingredients as the state claim and provides some recovery'" (Dkt. 66 at 49-50 (quoting *In re Repository Techs., Inc.*, 601 F.3d 710, 723 (7th Cir. 2010))), which is a well-settled

9

threshold requirement for complete preemption in the Seventh Circuit. *See, e.g.*, *Martin* v. *Peterson Health Operations, LLC*, 37 F.4th 1210, 1213 (7th Cir. 2022); *Rogers* v. *Tyson Foods, Inc.*, 308 F.3d 785, 788 (7th Cir. 2002). In so doing, Smith & Wesson blatantly disregarded the body of case law identifying the discrete and "small number of federal statutes [that] have completely preemptive effect." *Sarauer* v. *Int'l Ass'n of Machinists & Aerospace Workers*, 966 F.3d 661, 669 (7th Cir. 2020). The NFA simply is not one of those statutes, and there was no basis for Smith & Wesson to assert otherwise, as Smith & Wesson implicitly conceded and as this Court explicitly recognized. (*See* Dkt. 66 at 48.) Further, Smith & Wesson disregarded controlling precedent finding that "conflict preemption"—should it even be an issue in this case—"does not provide an independent basis for federal jurisdiction/removal." *Franciscan Skemp Healthcare, Inc.* v. *Cent. States Joint Bd. Health & Welfare Tr. Fund*, 538 F.3d 594, 601 (7th Cir. 2008).

      **B.**     **Smith & Wesson's Appeal of this Court's Remand Order Was Meritless.**

In the face of this Court's 55-page Remand Order that thoroughly outlined the clear and controlling authority Smith & Wesson disregarded when it removed these cases to federal court, Smith & Wesson appealed to the Seventh Circuit. (Dkt. 67.) This appeal set in motion another round of costly litigation in federal court, including additional briefing, extensive coordination among the plaintiff groups and their counsel, and oral argument before the Seventh Circuit.

Notably, appellate review of this Court's Remand Order was available to Smith & Wesson only because its removal was premised in part on the federal-officer removal statute, a basis for removal that was foreclosed to Smith & Wesson by clearly established law. This is because, under § 1447(d), "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1442 [federal-officer removal] or 1443 [civil rights] of this title shall be reviewable by appeal or otherwise." And "when a district court's removal order

10

rejects all of the defendants' grounds for removal, §1447(d) authorizes a court of appeals to review each and every one of them." *BP P.L.C.* v. *Mayor & City Council of Balt.*, 141 S. Ct. 1532, 1538 (2021). By relying on the federal-officer removal statute to appeal, Smith & Wesson effectively parlayed a frivolous argument it advanced in this Court into a meritless appeal. Indeed, in its decision affirming this Court's Remand Order, the Seventh Circuit recognized Smith & Wesson's tactics for what they were, observing that a defendant who attempts to remove a case under the federal-officer removal statute to "sidestep the need for all defendants' consent" or "to obtain appellate review of any remand order" will cause the "litigation [to] be delayed and become needlessly costly." (Dkt. 85 at 8–9.)

This delay strategy and Smith & Wesson's blatant disregard for controlling law are evident from Smith & Wesson's arguments on appeal. In addition to advancing additional arguments for removal that were squarely foreclosed by both Supreme Court and Seventh Circuit precedent, Smith & Wesson introduced new legal theories with each round of briefing. *Compare* Dkt. 48 at 3–4 (contending that Smith & Wesson "implement[s] ATF policy" as part of a "unique, symbiotic manufacturer-ATF partnership created by the federal firearms laws"), *with* Appellate Dkt. 18 at 21 (contending "there is no need to analyze the degree of control [over Smith & Wesson] exercised by the federal agency" because Plaintiffs' "suit challenges the ATF directly by asking a state court to overrule its administrative judgment"). Plaintiffs therefore were continuously required to expend substantial time and resources to research and respond to each new iteration of Smith & Wesson's frivolous arguments each time they were introduced. Moreover, Smith & Wesson provided no legal support whatsoever, nor could it, for its argument on appeal that Plaintiffs' claims were actually directed at the ATF. Indeed, Smith & Wesson did not cite a single case involving removal under the federal-officer removal statute that even remotely resembled its novel

11

theory. Instead, and rather tellingly, every federal-officer removal case Smith & Wesson cited during its appeal involved either a federal agency, a contractor, or a federal employee, not a private, regulated entity like Smith & Wesson. It is therefore unsurprising that the Seventh Circuit issued a decision only *four days* after oral argument, flatly rejecting Smith & Wesson's frivolous arguments and mischaracterizations.[4]

Simply put, Smith & Wesson's meritless appeal delayed the litigation even more, caused Plaintiffs needlessly to incur additional expense, and further demonstrated that Smith & Wesson's removal was senseless in the first instance.

C.  **Smith & Wesson's Unjustified Removal Continues to Prejudice Plaintiffs.**

Today, Plaintiffs continue to be prejudiced by Smith & Wesson's unjustified removal and appeal. Despite losing both in this Court and the Seventh Circuit, Smith & Wesson accomplished its goal of delaying the litigation and causing Plaintiffs to incur significant expense litigating a frivolous removal. And now, even after the Seventh Circuit has ruled and issued the mandate ordering these cases to be remanded to state court where they belong, Smith & Wesson continues to enjoy the fruits of its gamesmanship while this final matter of attorneys' fees remains in federal court. Plaintiffs, on the other hand, all of whom are shooting victims who have endured—and continue to endure—unspeakable pain and suffering, are no closer to receiving any redress for their harm than they were when they first filed suit in Lake County in September 2022. Plaintiffs

---

[4]  Smith & Wesson's mischaracterizations extend beyond legal analysis, and demonstrate disregard for Plaintiffs themselves. During oral argument on April 4, 2024, Judge Hamilton took issue with another of Smith & Wesson's mischaracterizations, describing Smith & Wesson's representation that the shooter on July 4, 2022 "kill[ed] or wound[ed] several people" as an act of "minimization." Judge Hamilton said to counsel for Smith & Wesson, "I'm tempted to take up some of your argument time listing the names of seven people who were killed and 48 who were wounded," adding "[p]erhaps I could just ask you to agree with me that maybe 'several' was not really a sufficient description of what happened." Counsel for Smith & Wesson responded that Smith & Wesson's "characterization in the brief of what happened on July 4 . . . was a result of a page limitation." Seventh Circuit Oral Argument Recording, *Roberts* v. *Smith & Wesson Brands, Inc.*, Case No. 23-2992, available at https://media.ca7.uscourts.gov/sound/2024/ef.23-2992.23-2992_04_04_2024.mp3.

12

should be awarded attorneys' fees and costs not only because controlling law made clear that Smith & Wesson had no basis to remove these cases in the first instance, but also because Plaintiffs are still paying the price of Smith & Wesson's "unjustified removal and appeal." (Dkt. 85 at 9.)

## II. PLAINTIFFS' REQUEST FOR ATTORNEYS' FEES AND COSTS IS REASONABLE.

Plaintiffs' request for attorneys' fees and costs is reasonable given the substantial work required to successfully oppose Smith & Wesson's frivolous removal and appeal. *See Schnuckel* v. *Prudential Ins. Co. of Am.*, No. 02 C 5965, 2003 WL 21877632, at *1 (N.D. Ill. Aug. 7, 2003) (quoting *Hensley* v. *Eckerhart*, 461 U.S. 424, 433 (1983) ("The most useful starting point for determining the amount of a reasonable fee . . . is the number of hours reasonably expended on the litigation . . .")). While remand appeals are few and far between—because of the very limited window to make them—full briefing on a substantive motion in district court followed by full-dress appeal is not quick, and it is not cheap for either side. Plaintiffs' counsel collectively engaged in thousands of hours of research, strategizing, drafting, and coordination over a period of more than a year and a half. *See* Exhibits 1-6. This work encompassed (i) moving to remand the cases after Smith & Wesson's frivolous removal (Dkt. 26); (ii) briefing in further support of the motions to remand (Dkts. 50-51); (iii) identifying and submitting a notice of supplemental authority to this Court in support of the motions to remand (Dkt. 61); (iv) moving to lift the stay of proceedings pending the appeal before the Seventh Circuit (Dkt. 76); (v) briefing in opposition to Smith & Wesson's appeal of this Court's Remand Order; and (vi) preparing for and presenting oral argument in the appeal on April 4, 2024, before the Seventh Circuit.

These cases are important, and the resources the lawyers have dedicated—not-for-profits devoted to this work and some of the nation's leading firms in their respective areas who are working *pro bono*—reflect that. In the attached Declarations, counsel from the six undersigned

13

law firms involved in these related matters provide a detailed account of the attorneys who performed work on these matters and their credentials; their firm's role in the cases; and an explanation of the award sought by that firm, including detailed time entries. *See* Exhibits 1-6. Although their cases were consolidated for purposes of the remand and appeal, there are two plaintiff groups in these actions, each represented by three of the six undersigned firms. The first group—which includes plaintiffs in the *Roberts* action (No. 1:22-cv-06169) and nine other related actions (Nos. 1:22-cv-06171, 1:22-cv-06178, 1:22-cv-06181, 1:22-cv-06183, 1:22-cv-06185, 1:22-cv-06186, 1:22-cv-06190, 1:22-cv-06191, and 1:22-cv-06193)—are represented by Everytown Law; Romanucci & Blandin, LLC; and Paul, Weiss, Rifkind, Wharton & Garrison LLP ("Paul, Weiss"). The second group—which includes plaintiffs in the *Turnipseed* action (No. 22-cv-6359) and the *Chupack* action (No. 22-cv-6361)—are represented by Brady Center to Prevent Gun Violence, Edelson PC, and Dentons. The qualifications of each of these firms and their market rates are provided in the attached Declarations.

The six firms have coordinated to prepare the present motion for reasonable fees and costs in an effort to minimize, to the greatest extent possible, the additional work the Court and Plaintiffs must do to determine the fees owed as a result of Smith & Wesson's improper removal. As set forth in more detail in the attached Declarations, counsel from *each firm* has exercised billing judgment and discretion in requesting fees only for a limited subset of hours spent performing core work in connection with Smith & Wesson's removal and appeal. *See* Exhibits 1-6. In addition, in the interest of facilitating a quick resolution of this motion, counsel at Paul, Weiss, who dedicated the most time and resources to briefing the *Roberts* Plaintiffs' remand motions and the motion filed by Plaintiffs in opposition to Smith & Wesson's appeal, is also discounting the firm's market rates by 45-70% to align with the rates applied by co-counsel in this matter. *See Batt* v. *Micro*

14

*Warehouse, Inc.*, 241 F.3d 891, 893 (7th Cir. 2001) (finding that reasonable hourly rates are determined from market rate or "the rate that lawyers of similar ability and experience in the community normally charge their paying clients for the type of work in question"). As described in counsel's Declarations, counsel for the *Roberts* Plaintiffs seek a total of $251,007.50 in fees and $1,616.39 in costs, and counsel for the *Turnipseed* Plaintiffs seek a total of $199,358.00 in fees and $0 in costs. *See* Exhibits 1-6. (The for-profit firms will be donating all fees awarded.) Collectively, Plaintiffs seek $451,981.89, which represents a reasonable and markedly reduced sum in light of the significant resources Plaintiffs were forced to devote to litigate Smith & Wesson's "unjustified removal and appeal" (Dkt. 85 at 9).

Should the Court determine that fees are appropriate, Plaintiffs suggest that the Parties go through the process set forth in Local Rule 54.3. Plaintiffs have acted quickly to gather and harmonize the work of six firms on this action to present this Motion on the schedule ordered by the Court, but have not had the opportunity to confer with Smith & Wesson (or attempt to resolve the fee issue), or obtain the information provided for by the Rule. The Court may receive a better-developed package of agreements and disputes should it order the Parties to proceed with that process. In any event, should Smith & Wesson oppose this Motion, it should be required to provide the information set forth in Local Rule 54.3(d)(5).

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant Plaintiffs' motion for attorneys' fees and costs incurred as a result of Smith & Wesson's "unjustified removal and appeal" (Dkt. 85 at 9) and remand these cases to state court without further delay, while this motion is pending.

15

Dated: May 10, 2024
*/s/ J. Eli Wade-Scott*

**EDELSON PC**
Jay Edelson
Ari Scharg
David I. Mindell
J. Eli Wade-Scott
Amy Hausmann
Emily Penkowski Perez
350 North LaSalle Street, 14th Floor
Chicago, IL 60654
Phone: (312) 589-6370
Fax: (312) 589-6378
jedelson@edelson.com
ascharg@edelson.com
dmindell@edelson.com
ewadescott@edelson.com
abhausmann@edelson.com
epenkowski@edelson.com

**BRADY CENTER TO PREVENT GUN VIOLENCE**
Erin Davis (admitted *pro hac vice*)
Philip Bangle (admitted *pro hac vice*)
840 First Street NE, Suite 400
Washington, DC 20002
Phone: (202) 370-8100
edavis@bradyunited.org
pbangle@bradyunited.org

**DENTONS**
Donna J. Vobornik
Brian E. Cohen
233 South Wacker Drive, Suite 5900
Chicago, IL 60606
Phone: (312) 876-7370
donna.vobornik@dentons.com
brian.cohen@dentons.com

*Attorneys for Plaintiffs*

Respectfully Submitted,
*/s/ David A. Neiman*

**ROMANUCCI & BLANDIN, LLC**
Antonio M. Romanucci
David A. Neiman
Michael E. Holden
Gina DeBoni
321 North Clark Street, Suite 900
Chicago, IL 60654
Phone: (312) 458-1000
Fax: (312) 458-1004
aromanucci@rblaw.net
dneiman@rblaw.net
mholden@rblaw.net
gad@rblaw.net

**EVERYTOWN LAW**
Alla Lefkowitz
Alison Barnes (admitted *pro hac vice*)
P.O. Box # 14780
Washington, DC 20044
Phone: (202) 545-3257
alefkowitz@everytown.org
abarnes@everytown.org

Carly Lagrotteria
Laura Keeley (admitted *pro hac vice*)
450 Lexington Ave.
P.O Box # 4184
New York, NY 10017
Phone: (646) 324-2036
clagrotteria@everytown.org
lkeeley@everytown.org

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
H. Christopher Boehning (admitted *pro hac vice*)
Jeffrey J. Recher (admitted *pro hac vice*)
1285 Avenue of the Americas
New York, NY 10019
Phone: (212) 373-3700
cboehning@paulweiss.com
jrecher@paulweiss.com

16