**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| KEELY ROBERTS, individually and as parent and next friend of C.R. and L.R., and JASON ROBERTS, individually and as parent and next friend of C.R. and L.R., | Lead Case No. 1:22-cv-06169 |
| | Related Case Nos. 1:22-cv-06178 |
| Plaintiffs, | 1:22-cv-06181 |
| v. | 1:22-cv-06183 |
| SMITH & WESSON BRANDS, INC., SMITH & WESSON SALES COMPANY, SMITH & WESSON, INC., BUDSGUNSHOP.COM, LLC, RED DOT ARMS, INC., ROBERT CRIMO, JR., and ROBERT CRIMO, III, | 1:22-cv-06171 |
| | 1:22-cv-06185 |
| | 1:22-cv-06186 |
| | 1:22-cv-06190 |
| Defendants. | 1:22-cv-06191 |
| | 1:22-cv-06193 |
| | 1:22-cv-06359 |
| | 1:22-cv-06361 |
| | |
| | Lead Case Removed from Case No. 22 LA 00000497 in the Circuit Court of Lake County, Illinois |
| | |
| | Hon. Steven C. Seeger |

**DEFENDANTS SMITH & WESSON BRANDS, INC.,
SMITH & WESSON SALES COMPANY, AND SMITH & WESSON, INC.'s
<u>OPPOSITION TO PLAINTIFFS' MOTION FOR FEES AND COSTS</u>**

## <u>TABLE OF CONTENTS</u>

**Page**

I.      INTRODUCTION .................................................................................................... 1

II.     RELEVANT FACTUAL BACKGROUND.......................................................... 5

III.    PLAINTIFFS' REQUEST FOR AN AWARD OF ATTORNEYS' FEES AND
        COSTS SHOULD BE DENIED ........................................................................... 5

        A.      Smith & Wesson Had an Objectively Reasonable Basis for Removal
                Pursuant to Federal Question Jurisdiction Under Grable ..................... 7

        B.      Smith & Wesson Had an Objectively Reasonable Basis for Removal
                Pursuant to the Federal Officer Removal Statute ................................. 9

        C.      Smith & Wesson Had an Objectively Reasonable Basis for Removal
                Pursuant to the Artful Pleading Doctrine............................................ 12

        D.      Smith & Wesson Had an Objectively Reasonable Basis for Removal
                Pursuant to the Complete Preemption Doctrine.................................. 13

        E.      No Other Circumstances Justify Fee-Shifting ..................................... 13

IV.     CONCLUSION.................................................................................................... 15

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Abramski v. United States*,
   573 U.S. 169 (2014)...........................................................................................4, 10

*Barrientos v. Williams-Sonoma, Inc.*,
   2023 WL 5720855 (N.D. Ill. Sept. 1, 2023) .......................................................6, 12

*Bebble v. Nat'l Air Traffic Controllers' Ass'n*,
   2001 WL 1286794 (N.D. Ill. Oct. 23, 2001)...........................................................14

*Beneficial Nat'l Bank v. Anderson*,
   539 U.S. 1 (2003)....................................................................................................13

*Broder v. Cablevision Sys. Corp.*,
   418 F.3d 187 (2d Cir. 2005)...........................................................................5, 6, 8, 9

*Bubalo v. Navegar, Inc.*,
   1997 WL 337218 (N.D. Ill. June 13, 1997) ...........................................................13

*City of Chi. v. Beretta U.S.A. Corp.*,
   213 Ill. 2d 351 (2004) ............................................................................................13

*De Bouse v. Bayer*,
   235 Ill. 2d 544 (2009) ............................................................................................13

*Dent v. Renaissance Mktg. Corp.*,
   2015 WL 14071503 (N.D. Ill. Oct. 19, 2015).........................................................14

*Fletcher v. Bogucki*,
   2021 WL 4477968 (N.D. Ill. Sep. 30, 2021) ...........................................................9

*Franciscan Skemp Healthcare, Inc. v. Cent. States Joint Bd. Health & Welfare Tr.*
   *Fund*,
   538 F.3d 594 (7th Cir. 2008) .................................................................................13

*Gamoran v. Neuberger Berman Mgmt., LLC*,
   2011 WL 476620 (S.D.N.Y. Feb. 9, 2011)..............................................................8

*Gavin v. AT & T Corp.*,
   2008 WL 4378472 (N.D. Ill. Mar. 17, 2008)......................................................8, 11

*Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*,
   545 U.S. 308 (2005)...................................................................................... *passim*

ii

*Graff v. Leslie Hindman Auctioneers, Inc.*,
  299 F. Supp. 3d 928 (N.D. Ill. 2017) .................................................................6, 8

*Gunn v. Minton*,
  568 U.S. 251 (2013).............................................................................................7

*Hanson v. Riggs*,
  2015 WL 4507085 (N.D. Ill. July 24, 2015)......................................................7, 8

*Huddleston v. United States*,
  415 U.S. 814 (1974)...........................................................................................3, 10

*Ill. Pub. Risk Fund v. Purdue Pharma L.P.*,
  2019 WL 3080929 (N.D. Ill. July 15, 2019)........................................................12

*Lott v. Pfizer, Inc.*,
  492 F.3d 789 (7th Cir. 2007) .......................................................1, 6, 11, 14

*Martin v. Franklin Capital Corp.*,
  546 U.S. 132 (2005)............................................................................1, 5, 6

*Micrometl Corp. v. Tranzact Techs., Inc.*,
  656 F.3d 467 (7th Cir. 2011) ...........................................................5, 12, 14

*Minnesota v. Fleet Farm, LLC*,
  2023 WL 4203088 (D. Minn. June 27, 2023).......................................................2, 8

*Nationwide Invs. v. Miller*,
  793 F.2d 1044 (9th Cir. 1986) .......................................................................10, 11

*New York v. Arm or Ally, LLC*,
  644 F. Supp. 3d 70 (S.D.N.Y. 2022).................................................2, 7, 8, 12

*Oliveiro v. Amoco Oil Co.*,
  201 Ill. 2d 134 (2002) .......................................................................................13

*Ruppel v. CBS Corp.*,
  701 F.3d 1176 (7th Cir. 2012) ...........................................................................10

*Sarauer v. Int'l Ass'n of Machinists & Aerospace Workers, Dist. No. 10*,
  966 F.3d 661 (7th Cir. 2020) ..............................................................................7

*Steel Co. v. Citizens for a Better Env't*,
  523 U.S. 83 (1998)..............................................................................................12

*Valles v. Pleasant*,
  2023 WL 4999845 (N.D. Ill. Aug. 4, 2023) .......................................6, 11, 12, 14

iii

*Watson v. Philip Morris Cos. Inc.*,
    551 U.S. 142 (2007) ...................................................................................................10, 11

*Willingham v. Morgan*,
    395 U.S. 402 (1969) ............................................................................................................11

*Young v. Bryco Arms*,
    213 Ill. 2d 433 (2004) .......................................................................................................13

## Statutes

18 U.S.C. § 923(g)(1)(A) .............................................................................................................10

28 U.S.C. § 1331 ......................................................................................................................4, 5

28 U.S.C. § 1441(c) .......................................................................................................................4

28 U.S.C. § 1442(a)(1) ........................................................................................................ *passim*

28 U.S.C. § 1446 ...........................................................................................................................4

28 U.S.C. §1447(c) ...........................................................................................................1, 5, 12

Copyright Act ...............................................................................................................................14

National Firearms Act ....................................................................................................................3

## Other Authorities

27 C.F.R. §§ 478.123-478.125 .....................................................................................................10

Second Amendment .......................................................................................................................10

Fed. R. Civ. P. 8(d)(2) ....................................................................................................................9

Local Rule 54.3 ...............................................................................................................................1

Defendants Smith & Wesson Brands, Inc., Smith & Wesson Sales Company, and Smith & Wesson, Inc. (together, "Smith & Wesson") respectfully submits this Opposition to Plaintiffs' Motion for Fees and Costs Pursuant to 28 U.S.C. 1447(c) ("Motion").

## I.    INTRODUCTION

"Absent unusual circumstances, attorney's fees should not be awarded under § 1447(c) when the removing party has an objectively reasonable basis for removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 132 (2005). In this Circuit, "if clearly established law ***did not foreclose*** a defendant's basis for removal, then a district court should ***not*** award attorneys' fees." *Lott v. Pfizer, Inc.*, 492 F.3d 789, 793 (7th Cir. 2007) (emphasis added). Plaintiffs acknowledge this standard (as they must) with conclusory statements (Mot. at 1) but fall short of meeting it for several reasons.[1]

Relevant authority readily confirms that Smith & Wesson had an objectively reasonable basis to remove this action, and in any event, Plaintiffs do not identify, as they must, any Seventh Circuit or Supreme Court authority that clearly precludes any of Smith & Wesson's grounds for removal of Plaintiffs' particular claims. In fact, in support of their Motion, Plaintiffs tout their counsels' ability to create "ground-breaking . . . judicial precedent throughout the country" (ECF 89-1 ¶ 5; *see also* 89-4 ¶ 4), which logically necessitates courts to weigh in on otherwise unresolved issues—such as here—and not simply apply clearly established law.

For federal question jurisdiction, Plaintiffs cannot establish that Smith & Wesson's removal under *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005) was "foreclosed by clearly established law." Such an assertion ignores the complex progeny of

---

[1] Smith & Wesson agrees with Plaintiffs (ECF 89 at 15) that this Court should first determine ***whether*** Plaintiffs are entitled to ***any*** fees, before addressing the amount and reasonableness of fees under LR 54.3. Smith & Wesson reserves the right to challenge the amount and reasonableness of fees under LR 54.3.

*Grable*. Judge Easterbrook in this very litigation observed that "[t]here is a lot of doubt in the legal world whether anybody can identify what the *Grable* test is, short of reproducing the opinion." (*See* Declaration of Kenneth Schmetterer, and exhibit A thereto (Transcript of Audio Recorded Oral Argument, dated April 4, 2024, at 16:23-17:4).) Any finding that Smith & Wesson's removal under *Grable* was foreclosed by established law would have to overcome this reality. Plaintiffs ignore it.

Plaintiffs also ignore that no cases within this Circuit addressed Smith & Wesson's precise arguments under *Grable* as applied to Plaintiffs' claims, while other district courts—in decisions cited by Smith & Wesson—denied motions to remand in lawsuits asserting similar purported state law claims involving the manufacture or sale of firearms. *E.g.*, *New York v. Arm or Ally, LLC*, 644 F. Supp. 3d 70, 78–80 (S.D.N.Y. 2022) (denying motion to remand under *Grable* because purported state law claims necessarily raised federal issue in that "the State must demonstrate that the products at issue . . . were 'firearms' or 'component parts' thereof within the meaning of federal law"); *Minnesota v. Fleet Farm, LLC*, 2023 WL 4203088, at *7 (D. Minn. June 27, 2023) (state law claims against firearms dealers raised a substantial federal issue supporting *Grable* jurisdiction because "Congress recognized the importance of a consistent, nationwide approach to regulating firearm sales" and "resolution of this case is likely to have a substantial impact on . . . future firearm retailers.").

These decisions became even more persuasive here when Plaintiffs' counsel admitted in open court that Plaintiffs are seeking to have a state court overturn longstanding federal policy— exactly as Smith & Wesson previously argued before this Court. (*See* Ex. A at 20:5-15.) Plaintiffs still continue to argue that their case (for purposes of federal jurisdiction) is only about misleading affirmative marketing misrepresentations, but their admission before the Seventh Circuit quickly

2

dispenses with any such claim, certainly with respect to any analysis of reasonableness as to the significant implications that their complaint and request for relief could have on the application and enforcement of federal law. Plaintiffs claim that Smith & Wesson conducted a deceptive marketing campaign, in part, because "the defendants' product is a machine gun under the National Firearms Act" ("NFA") and Smith & Wesson failed to market it as such. (*See id.*) Accordingly, Plaintiffs admitted, notwithstanding "that the federal government has not tried to enforce that provision against these sorts of assault rifles for decades," the "logical consequence of [plaintiffs'] arguments" "is that millions of Americans . . . are committing a crime by possessing those products." (*Id.* at 20:19-21:1.)

For "federal officer" removal, Smith & Wesson had two independent, reasonable grounds for removal: (1) that Plaintiffs' actions are both "directed to" the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") by seeking a judgment that would interfere with federal agency policy, and (2) that Plaintiffs' actions are against Smith & Wesson for "acting under" the ATF. *See* 28 U.S.C. § 1442(a)(1). The Motion does not even address Smith & Wesson's argument that Plaintiffs' action is "directed to" the ATF by seeking a judgment that would interfere with federal agency policy, let alone show that any "relevant case law clearly foreclosed [Smith & Wesson's] basis of removal." And, certainly, Plaintiffs do not point to any authority from the Seventh Circuit or this Court that clearly foreclosed (or even addressed) this basis of removal of claims similar to those at issue here. Rather, Plaintiffs argue that Smith & Wesson's removal set forth a "novel theory." (Mot. at 11–12.)

Regarding the separate "acting under" argument, Smith & Wesson had a reasonable basis to remove because the Supreme Court already has held that Smith & Wesson, along with other firearm dealers, are not merely "regulated" but instead "[t]he principal agent of federal

enforcement." *See Huddleston v. United States*, 415 U.S. 814, 824 (1974) (describing Congress's decision to "channel" "[c]ommerce in firearms . . . through federally licensed . . . manufacturers"); *Abramski v. United States*, 573 U.S. 169, 186, 190 (2014) (licensed dealers are "principal agent[s] of federal enforcement"); *Open Letter to All Federal Firearms Licensees*, U.S. DOJ (Jan. 14, 2004) (Case No. 1:22-cv-6169, Dkt. 48-5.) Another gun control organization similarly has observed that the agency runs to the very matter at issue, whether the industry is classifying weapons under the ATF's authority:

> Too frequently ATF has deferred to the industry regarding important policy decisions, causing ATF to actively advocate on behalf of the industry within the Department of Justice (DOJ) *and unquestioningly accepting the opinion of the industry regarding the classification of particular weapons*.

(ECF 48-3.) Plaintiffs ignore the agency relationship between Smith & Wesson and the ATF and failed to show that Smith & Wesson's reliance on this "principal agent" statement from the Supreme Court was not objectively reasonable.

Finally, Plaintiffs' assertion of delay ignores critical context. Plaintiffs brought claims seeking to create "ground-breaking judicial precedent." (ECF 89-1 ¶ 5; 89-4 ¶ 4.) Particularly where such a ground-breaking effort seeks to create precedent that squarely implicates federal law, as Plaintiffs have now confirmed, Smith & Wesson was reasonably justified in pursuing a ruling about the propriety of federal jurisdiction from this Court and the Seventh Circuit. In addition, as recently as March 22, 2024, new similar suits were filed in the Circuit Court of Lake County, Illinois. Responsive pleadings in those cases are not due until June 24, 2024. Smith & Wesson expects they will be consolidated with these cases for pretrial purposes. An unsuccessful removal attempt does not support Plaintiffs' claims of delay, let alone warrant fee-shifting.

For these reasons, and as set forth more fully below, Plaintiffs' Motion should be denied.

## II.    RELEVANT FACTUAL BACKGROUND

On November 7, 2022, Smith & Wesson removed the now-consolidated actions, pursuant to 28 U.S.C. §§ 1331, 1441(c), 1442(a)(1), and 1446. Smith & Wesson removed the actions pursuant to the federal officer removal statute, 28 U.S.C. § 1442(a)(1), because (as Plaintiffs have now confirmed) the complaint seeks to use the state courts as the means to challenge administrative action that lies with the authority of ATF (regarding what constitutes an NFA weapon and the enforcement of federal law) and because Smith & Wesson was acting under ATF's direction. Alternatively, Smith & Wesson removed the actions as federal claims pursuant to 28 U.S.C. § 1331 on three independent grounds.

On September 25, 2023, the Court granted Plaintiffs' motions to remand, holding that the Court lacked jurisdiction over Plaintiffs' claims. (ECF 66.) On October 16, 2023, Smith & Wesson timely filed a notice of appeal to the United States Court of Appeals for the Seventh Circuit. (ECF 67.) On October 30, 2023, this Court granted Smith & Wesson's motion to stay the remand order pending the resolution of the appeal, holding that "the decision is up to the Seventh Circuit." (ECF 74 at 3.) On April 8, 2024, the Seventh Circuit affirmed the remand decision and remanded the case "to the district court to consider acting under 28 U.S.C. §1447(c) and other sources of authority." (ECF 85 at 9.)

## III.    PLAINTIFFS' REQUEST FOR AN AWARD OF ATTORNEYS' FEES AND COSTS SHOULD BE DENIED

"A single claim over which federal-question jurisdiction exists is sufficient to allow removal." *Broder v. Cablevision Sys. Corp.*, 418 F.3d 187, 194 (2d Cir. 2005) (citing *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546 (2005)). "Absent unusual circumstances, attorney's fees should not be awarded under § 1447(c) when the removing party has an objectively reasonable basis for removal." *Martin*, 546 U.S. at 132. "When deciding whether fee-shifting is appropriate,

courts should balance the policy objectives of the removal statute and its fee-shifting provision, protecting the right to remove to federal court once certain criteria are met while deterring improper removals as a way to delay litigation." *Micrometl Corp. v. Tranzact Techs., Inc.*, 656 F.3d 467, 470 (7th Cir. 2011) (citing *Martin*, 546 U.S. at 140). Generally, "if clearly established law did not foreclose a defendant's basis for removal, then a district court should not award attorneys' fees." *Lott*, 492 F.3d at 793. In other words, the Motion must show that Smith & Wesson had "no basis for removal" (*Lott*, 492 F.3d at 793) of any "single claim" (*Broder*, 418 F.3d at 194). Thus, Plaintiffs must show that **all** of Smith & Wesson's grounds for removal—under both federal officer and federal question jurisdiction—lacked an objectively reasonable basis.

The United States Supreme Court has instructed that "when an objectively reasonable basis exists, fees should be denied." *Martin*, 546 U.S. at 141. The Seventh Circuit has instructed district courts to determine "whether the relevant case law clearly foreclosed the defendant's basis of removal." *Valles v. Pleasant*, 2023 WL 4999845, at *10 (N.D. Ill. Aug. 4, 2023) (quoting *Lott*, 492 F.3d at 794). A removing defendant does not lack a reasonable basis simply because their removal is unsuccessful. *See Barrientos v. Williams-Sonoma, Inc.*, 2023 WL 5720855, at *10–11 (N.D. Ill. Sept. 1, 2023) ("Although the Court ultimately found unpersuasive the arguments advanced by Williams in support of removal, the removal was not objectively unreasonable."); *Valles*, 2023 WL 4999845, at *10 (declining to award fees where there was no evidence that removal was intended to prolong litigation or increase costs). Where "[a]uthorities are split on the interpretation of the removal statute and there is no clear guidance from the Supreme Court or the Seventh Circuit," parties should bear their own costs. *Graff v. Leslie Hindman Auctioneers, Inc.*, 299 F. Supp. 3d 928, 938 (N.D. Ill. 2017) (denying motion for fees where "[e]ach party made a colorable argument regarding the appropriateness of removal"). Even where the remand "decision

6

was based on a relatively straightforward application of [state] law . . . and federal precedent," where "there is no Seventh Circuit or Supreme Court" precedent on the precise issue, motions for fees should be denied. *See Hanson v. Riggs*, 2015 WL 4507085, at *2 (N.D. Ill. July 24, 2015) ("It was not objectively unreasonable for defendants to file a notice of removal, even though they ultimately lost."). It is undisputed that there was no Seventh Circuit or Supreme Court precedent on the precise issues Smith & Wesson raised. Thus, relevant case law did not "clearly foreclose" any of Smith & Wesson's bases for removal.

###     A.     Smith & Wesson Had an Objectively Reasonable Basis for Removal Pursuant to Federal Question Jurisdiction Under Grable.

Smith & Wesson removed the consolidated cases on the good faith assertion that the complaints "necessarily raise a federal issue" under *Grable*. This jurisdiction rests on the "commonsense notion" that "in certain cases federal-question jurisdiction will lie over state-law claims that implicate significant federal issues." *Grable*, 545 U.S. at 312; *Sarauer v. Int'l Ass'n of Machinists & Aerospace Workers, Dist. No. 10*, 966 F.3d 661, 673 (7th Cir. 2020). Indeed, Judge Easterbrook responded as follows to Plaintiffs' counsel's arguments on *Grable*: "That way of phrasing it implies that you can read *Grable* and figure out what it requires. There is a lot of doubt in the legal world whether anybody can identify what the *Grable* test is, short of reproducing the opinion." (Tr. at 16:23-17:4); *see also Gunn v. Minton*, 568 U.S. 251, 258 (2013) (describing the *Grable* inquiry as a "canvas [that] looks like one that Jackson Pollock got to first"). Yet, the Motion necessarily hinges on a finding that Smith & Wesson's removal under *Grable* was "foreclosed by clearly established law." (Mot. at 1.) And the Motion does not (as it must) point to any on point Seventh Circuit or Supreme Court case considering and rejecting *Grable* federal jurisdiction under claims similar to Plaintiffs' claims here.

Two district courts recently denied motions to remand where similar issues were raised.

The court in *Arm or Ally* found that where purportedly state law claims turned on "properly defining the terms 'firearm' and 'component part'" and "determining whether the products at issue" fell within those terms was "plainly a substantial issue" because of the "sweeping consequences" on federal and state regulatory authority and individual liability. *Arm or Ally*, 644 F. Supp. 3d at 78–80 (denying motion to remand under *Grable*.) Similarly, in *Fleet Farm*, the state's negligence and public nuisance claims against a firearms dealer for selling to allegedly known straw purchasers was held to have raised a substantial federal issue supporting *Grable* jurisdiction. *Fleet Farm*, 2023 WL 4203088, at *7 (finding that "Congress recognized the importance of a consistent, nationwide approach to regulating firearm sales" and that "resolution of this case is likely to have a substantial impact on . . . future firearm retailers."). Neither the Supreme Court nor the Seventh Circuit had addressed these precise issues—a point that Plaintiffs do not dispute. This is yet another reason to deny the Motion. *See Graff*, 299 F. Supp. 3d at 938; *Hanson*, 2015 WL 4507085, at *2; *Gavin v. AT & T Corp.*, 2008 WL 4378472, at *4 (N.D. Ill. Mar. 17, 2008) ("our conclusion is that the lack of appellate authority addressing post-sale exchanges gave the defendants 'a reasonable basis for removing'") (quoting *Wisconsin v. Amgen, Inc.*, 516 F.3d 530, 534 (7th Cir. 2008) (reversing fee award because the issue had "been squarely addressed in only one previous appellate opinion . . . and that of another circuit—and in dictum")).

Nor do Plaintiffs dispute that just a *single* disputed and necessarily litigated federal issue will confer federal jurisdiction under *Grable*, 545 U.S. 308, 312, and that Courts can "logically separate" federal claims from the state-law claims embedded in the same counts. *Broder*, 418 F.3d at 194–95; *Gamoran v. Neuberger Berman Mgmt., LLC*, 2011 WL 476620, at *2 (S.D.N.Y. Feb. 9, 2011) (denying remand where allegations "involve[d] 'logically separate' determinations of both fact and law, [which] under *Broder* . . . must be considered as separate claims.")

Plaintiffs' admission at oral argument that they seek an order from a state court that would *upend* federal law (Ex. A at 20:5-21:1) begs only the question of whether these amounted to independent federal *claims* rather than alternative federally based *theories* supporting a state law claim. The entirely distinct factual and legal basis underlying Plaintiffs' federal *omissions* allegations (failure to identify the weapons as NFA firearms) and Plaintiffs' state *affirmative misrepresentation* allegations (marketing as military style weapons to young impressionable men), and caselaw cited above—on what is a "claim" and when are multiple claims embedded in the same count—gave Smith & Wesson an objectively good faith basis to assert *Grable* removal jurisdiction.

The Seventh Circuit ultimately concluded that Plaintiffs' state law *affirmative misrepresentation* allegations and Plaintiffs' federal law *omissions* allegations represented alternative *theories* rather than distinct *claims* embedded in the same count. (ECF 43 at 8.) But it was not objectively unreasonable for Smith & Wesson to characterize these as distinct and alternative claims, as they rely on distinct facts and different elements, and seek different relief. *Fletcher v. Bogucki*, 2021 WL 4477968, at *3 (N.D. Ill. Sep. 30, 2021) (a "claim consists of 'the aggregate of operative facts which give rise to a right enforceable in the courts.'") (quoting *Sojka v. Bovis Lend Lease, Inc.*, 686 F.3d 394, 399 (7th Cir. 2012)). *See also* Fed. R. Civ. P. 8(d)(2) ("A party may set out 2 or more statements of a claim . . . in a single count . . . or in separate ones.").

The ultimate decision to remand the case did not mean Smith & Wesson failed to set forth good faith arguments that were not clearly foreclosed (and indeed were supported) by relevant case law. The court should decline to award attorneys' fees and costs.

## B. Smith & Wesson Had an Objectively Reasonable Basis for Removal Pursuant to the Federal Officer Removal Statute.

Smith & Wesson removed this case pursuant to the federal officer removal statute, 28

U.S.C. § 1442(a)(1). This statute covers litigation against nongovernmental parties that challenge agency policy or actions. *Ruppel v. CBS Corp.*, 701 F.3d 1176, 1180 (7th Cir. 2012). It applies in at least two overlapping scenarios relevant here: (1) the nongovernmental party was acting under a federal agency to serve federal objectives, and (2) the judgement sought would interfere with federal agency policy. *Watson v. Philip Morris Cos. Inc.*, 551 U.S. 142, 150 (2007); *Nationwide Invs. v. Miller*, 793 F.2d 1044, 10445-48 (9th Cir. 1986).

As to the first prong, Smith & Wesson's theory of federal officer removal was based on its role in the federal firearms partnership with the ATF, which Congress and the ATF created to implement federal firearms policy and help balance firearms regulation with protection of the Second Amendment. Smith & Wesson cited statements from the Supreme Court identifying an agency relationship between firearms licensees, like Smith & Wesson, and the ATF by expressly stating that firearms dealers are "[t]he principal agent of federal enforcement." *See Huddleston*, 415 U.S. at 824; *Abramski*, 573 U.S. at 186, 190 (2014) (federal licensees are "principal agent[s] of federal enforcement"); *Open Letter to All Federal Firearms Licensees*, U.S. DOJ (Jan. 14, 2004) (ECF 48-5.) As part of this agency relationship, certain government functions are delegated to manufacturers, while others (particularly involving regulatory interpretation and federal law enforcement) are performed by the ATF. *See* 18 U.S.C. § 923(g)(1)(A); 27 C.F.R. §§ 478.123-478.125. Plaintiffs cited no Seventh Circuit case and no Supreme Court case squarely addressing (or refuting) this theory.

Instead, Plaintiffs argue that this case is really about Smith & Wesson's duty to comply with federal regulations (ECF 889 at 8) and cite to Seventh Circuit law that rejected federal jurisdiction where pure state law claims were supposed by alleged failures to comply with federal regulations. In those cases, the failure to comply with federal regulations might support state law

claims that the regulated business failed to comply with certain standards of care. Plaintiffs' allegations, however, are ***not*** that Smith & Wesson failed to comply with some ATF regulation in deciding whether its semiautomatic rifle is an NFA machinegun. It is not the case that the ATF promulgates a checklist of criteria delineating NFA machineguns from other firearms, and that Plaintiffs challenge the extent of Smith & Wesson's adherence to those criteria. Plaintiffs instead allege that the NFA itself should be interpreted to include far more weapons than the ATF has ever included. Thus, by not engaging with Smith & Wesson's actual theories of removal, Plaintiffs failed to show that the theories were "foreclosed by clearly established law."

As to the "directed to" prong of federal officer removal, Plaintiffs' counsel admitted at oral argument that they are asking to have a state court invalidate ATF policy so that "millions of Americans" would "then [be] committing a crime by possessing [Smith & Wesson's] products." (*See* Tr. at 20:5-21:1.) It was objectively reasonable for Smith & Wesson to assert that federal courts, rather than state courts, are the proper forum to consider such claims. *See Watson*, 551 U.S. at 142–43; *Miller*, 793 F.2d at 1047 ("With a ruling of such potential federal impact at stake, § 1442(a)(1) should be interpreted to provide the government a federal forum."). By arguing for removal because Plaintiffs fundamentally challenge ATF determinations, Smith & Wesson invokes the core purpose of the removal statute. *Willingham v. Morgan*, 395 U.S. 402, 406 (1969).

Tellingly, Plaintiffs' Motion does not engage with Smith & Wesson's argument that Plaintiffs' action is "directed to" the ATF (by interfering with federal agency policy) or cite any "relevant case law [that] clearly foreclosed [Smith & Wesson's] basis of removal." *See Valles*, 2023 WL 4999845, at *10; *Lott*, 492 F.3d at 794; *Gavin*, 2008 WL 4378472, at *4 ("our conclusion is that the lack of appellate authority addressing post-sale exchanges gave the defendants 'a reasonable basis for removing'") (quoting *Amgen*, 516 F.3d at 534). To the contrary, Plaintiffs

argue that Smith & Wesson's removal set forth a "novel theory." (Mot. at 11–12.) This is grounds for denying the Motion.

The Motion amounts to an argument that because Smith & Wesson's removal was unsuccessful, the Court must award fees. That is not the law. *See Barrientos*, 2023 WL 5720855, at *10–11; *Valles*, 2023 WL 4999845, at *10. Plaintiffs then parlay this argument into an equally unavailing point that because the removal was unsuccessful at the district court, then the unsuccessful appeal of the removal must have been objectively unreasonable. But again, Plaintiffs provide no authority in the context of a fee award under § 1447(c) that addresses whether exercising a right to appeal an order remanding a case under § 1447(d), without more, is grounds for this Court to grant fees. Such a broad rule would be contrary to the policy objectives of protecting the right to remove to federal court. *See Micrometl*, 656 F.3d at 470.

### C. Smith & Wesson Had an Objectively Reasonable Basis for Removal Pursuant to the Artful Pleading Doctrine.

It is undisputed that "a plaintiff may not defeat federal subject matter jurisdiction by 'artfully pleading' his complaint as if it arises under state law where the plaintiff's suit is, in essence, based on federal law." *Arm or Ally*, 644 F. 3d at 76 (denying State of New York's motion to remand complaint against manufacturers and sellers of firearm frames) (citing *Sullivan v. Am. Airlines, Inc.*, 424 F.3d 267, 271 (2d Cir. 2005)). For this point, the Motion cites a single district court case that does not address the specific multitude of issues Smith & Wesson raised to show the Complaints allege insubstantial, implausible, or foreclosed state-law claims. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998); *Ill. Pub. Risk Fund v. Purdue Pharma L.P.*, 2019 WL 3080929, at *2 (N.D. Ill. July 15, 2019).

Plaintiffs also failed to acknowledge (let alone distinguish) Illinois Supreme Court authority squarely barring their state claims, which federal courts may consider when resolving

assertions that plaintiffs artfully pled their complaint to evade federal court jurisdiction. *Young v. Bryco Arms*, 213 Ill. 2d 433, 456 (2004) (finding causation lacking on claims against firearms manufacturers where the "harm is the aggregate result of numerous unforeseeable intervening criminal acts by third parties not under defendants' control"); *City of Chi. v. Beretta U.S.A. Corp.*, 213 Ill. 2d 351, 395–414 (2004) (same); *id.* at 393 (rejecting negligence-based tort and statutory claims because firearms manufacturers "owe no duty . . . to prevent their firearms from 'ending up in the hands of persons who use and possess them illegally'"); *Oliveiro v. Amoco Oil Co.*, 201 Ill. 2d 134, 155 (2002); *De Bouse v. Bayer*, 235 Ill. 2d 544, 554–55 (2009) (rejecting consumer fraud claim because plaintiff did not "receive, directly or indirectly," defendant's advertising); *Bubalo v. Navegar, Inc.*, 1997 WL 337218, at *2, 8–9 (N.D. Ill. June 13, 1997) (rejecting claims where shooter was not alleged to have seen the ads).

### D. Smith & Wesson Had an Objectively Reasonable Basis for Removal Pursuant to the Complete Preemption Doctrine.

The Motion does not dispute—or cite any law from this (or any other) Circuit foreclosing—Plaintiffs' right to seek a federal court declaration if they believe AR-15 style rifles are NFA weapons, or to bring an APA claim against the ATF to reclassify those rifles as machineguns. Smith & Wesson had an objectively reasonable basis to assert that if Plaintiffs are reticent to bring their federal claims in federal court, NFA regulations provide an administrative procedure through which Plaintiffs may seek a determination of whether to classify a firearm as a machinegun, and the APA provides a right of action for federal judicial review. *See Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8 (2003); *Franciscan Skemp Healthcare, Inc. v. Cent. States Joint Bd. Health & Welfare Tr. Fund*, 538 F.3d 594, 596 (7th Cir. 2008).

### E. No Other Circumstances Justify Fee-Shifting.

As explained above, the law is clear that an unsuccessful removal alone does not warrant

fee-shifting. *See Valles*, 2023 WL 4999845, at *10; *Lott*, 492 F.3d at 794; *Micrometl*, 656 F.3d at 472 (affirming denial of fees where "the court found that Micrometl did not litigate in bad faith, concluding that there was no 'gamesmanship'"). Although the Seventh Circuit's remand decision acknowledged "the incentive to misuse § 1442" (ECF 85 at 8), the facts here stand in sharp contrast to the limited cases Plaintiffs cite in support of the Motion. In *Barnes v. Aryzta, LLC* (Mot. at 3 n.1), the defendant filed a motion to dismiss that claimed, among other things, there was no Article III standing. 2019 WL 277716, at *1 (N.D. Ill. Jan. 22, 2019). In response, the plaintiff's counsel told the defense counsel via email "that a similar motion had resulted in a remand—with fees" and "offered an agreed remand without fees." *Id*. The defendant declined the offer, amended their motion to dismiss to exclude the standing argument, then ultimately lost the later-filed motion to remand, in which the court observed that the defendant withdrew their standing argument "in a ploy to avoid being forced out of federal court." *Id*. Still, after losing the motion to remand, the defendant (1) appealed the fee award to the Seventh Circuit, but then withdrew the appeal after the Seventh Circuit sought supplemental briefing regarding whether it had jurisdiction because the district court had not quantified the amount of fees; and (2) moved the district court for reconsideration of the fee award but then withdrew that motion mid-briefing as well. *Id*. at 2. The opinion only addresses the amount of fees—after that entire ordeal—and not the factors at issue here on what constitutes a lack of an objectively reasonable basis that warrants the imposition of fees in the first instance. *Id*. The events described in *Barnes* stand in stark contrast to Smith & Wesson's position here.[2] Similarly, in *Garbie v. DaimlerChrysler Corp.* (Mot. at 3 n.1), the court

---

[2] Plaintiffs' other cases fare no better. *See Dent v. Renaissance Mktg. Corp.*, 2015 WL 14071503, at *4 (N.D. Ill. Oct. 19, 2015) (denying fee petition under the Copyright Act); *Bebble v. Nat'l Air Traffic Controllers' Ass'n*, 2001 WL 1286794, at *2 (N.D. Ill. Oct. 23, 2001) ("The removing defendants did not identify the elements of what they perceive to be plaintiff's claim for interference with a prospective economic advantage, much less explain which of these elements presents a substantial, disputed question of federal law.").

found that "almost every step of Chrysler's conduct throughout [the] litigation [was] in bad faith" and that "Chrysler . . . behaved absurdly—not only throughout [the] case, but also in other similar suits, all of which Chrysler removed and all of which have been remanded by federal judges across the nation." 211 F.3d 407, 410–411 (7th Cir. 2000). Plaintiffs simply do not (and cannot) allege any similar circumstances are present here.

As well, Smith & Wesson's conduct has not materially delayed the litigation. Plaintiffs brought claims seeking to create "ground-breaking judicial precedent." (ECF 89-1 ¶ 5; 89-4 ¶ 4). Plaintiff's theory rooted in the novel circumstances of the absence of applicable regulations for Smith & Wesson to follow, and with a request for relief that would change federal law, as confirmed by Plaintiff's counsel during appellate argument, reasonably justified the removal and appeal to the Seventh Circuit. Plaintiffs' Motion merely outlines that Smith & Wesson pursued available avenues of litigation and lost—nothing more. And that process has not materially delayed resolution of this dispute. As recently as March 22, 2024, suits with similar claims have been filed in the Circuit Court of Lake County, Illinois. Responsive pleadings are not due until June 24, 2024, in those new cases.[3] In other words, Plaintiffs fail to show Smith & Wesson's removal amounted to "litigation tactics [that] have needlessly delayed these actions." (Mot. at 3).

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion should be denied.

---

[3] The criminal case against Robert Crimo III also remains ongoing, and the schedule for that case may impact the discovery schedule in these civil proceedings.

Dated: May 17, 2024

Respectfully submitted,

Smith & Wesson Brands, Inc., Smith & Wesson Sales Company, and Smith & Wesson, Inc.

By: /s/ *Kenneth L. Schmetterer*

James Vogts
Andrew Lothson
Brett Henne
Swanson, Martin & Bell, LLP
330 North Wabash, Suite 3300
Chicago, IL 60611
T (312) 222-8517
T (312) 923-8274
T (847) 949-0057
E jvogts@smbtrials.com
E alothson@smbtrials.com
E bhenne@smbtrials.com

Edward S. Scheideman (pro hac vice)
DLA Piper LLP (US)
500 Eighth Street, NW
Washington, DC 20004
T 202.799.4534
E edward.scheideman@us.dlapiper.com

Kenneth Schmetterer
DLA Piper LLP (US)
444 West Lake Street, Suite 900
Chicago, IL 60606
T 312.368.2176
E kenneth.schmetterer@us.dlapiper.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 17, 2024, I electronically filed **Smith & Wesson's Opposition to Plaintiffs' Motion for Fees and Costs** using the court's electronic filing system, which will automatically send notice of filing to all counsel of record.

/s/ *Kenneth L. Schmetterer*