**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| KEELY ROBERTS, individually and as parent and next friend of C.R. and L.R., and JASON ROBERTS, individually and as parent and next friend of C.R. and L.R., | Lead Case No. 1:22-cv-06169 |
| | Related Case Nos. 1:22-cv-06178 |
| Plaintiffs, | 1:22-cv-06181 |
| v. | 1:22-cv-06183 |
| SMITH & WESSON BRANDS, INC., SMITH & WESSON SALES COMPANY, SMITH & WESSON, INC., BUDSGUNSHOP.COM, LLC, RED DOT ARMS, INC., ROBERT CRIMO, JR., and ROBERT CRIMO, III, | 1:22-cv-06171 |
| | 1:22-cv-06185 |
| | 1:22-cv-06186 |
| | 1:22-cv-06190 |
| | 1:22-cv-06191 |
| Defendants. | 1:22-cv-06193 |
| | 1:22-cv-06359 |
| | 1:22-cv-06361 |
| | |
| | Lead Case Removed from Case No. 22 LA 00000497 in the Circuit Court of Lake County, Illinois |
| | |
| | Hon. Steven C. Seeger |

## DECLARATION OF KENNETH SCHMETTERER

I, Kenneth Schmetterer, pursuant to 28 U.S.C. § 1746, declare as follows under penalty of perjury:

1. I am one of the attorneys representing Defendants Smith & Wesson Brands, Inc., Smith & Wesson Sales Company, and Smith & Wesson, Inc. in the above-captioned case.

2. Attached as Exhibit A to this declaration is a true and accurate copy of the transcript of the oral argument held on April 4, 2024, before the United States Court of Appeals for the Seventh Circuit.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 17, 2024

_____

# Exhibit A

**In the Matter Of:**

Keely Roberts, et al. vs Smith & Wesson Brands

23-2992, et al.

---

**ORAL ARGUMENT**

*April 04, 2024*

---



800.211.DEPO (3376)
*EsquireSolutions.com*

1                              In the

2                  UNITED STATES COURT OF APPEALS

3                      For the Seventh Circuit

4    Nos. 23-2992, 23-2993, 23-2994, 23-2995, 23-2996, 23-2997,
        23-2998, 23-2999, 23-3000, 23-3001, 23-3002 & 23-3003

5

6    KEELY ROBERTS, et al.,

7              Plaintiffs-Appellees,

8    vs.

9    SMITH & WESSON BRANDS, INC.;
     SMITH & WESSON SALES COMPANY;
10   and SMITH & WESSON, INC.,

11             Defendants-Appellants.

12

13

14

15           TRANSCRIPT OF AUDIO RECORDED ORAL ARGUMENT

16                            Before

17      EASTERBROOK, HAMILTON, and KOLAR, Circuit Judges

18                        April 4, 2024

19

20

21

22

23

24

25



```
 1    APPEARANCES:

 2    For the Plaintiffs-Appellees:

 3         EVERYTOWN LAW
           ALLA LEFKOWITZ, ESQ.
 4

 5    For the Defendants-Appellants:

 6         DLA PIPER
           EDWARD S. SCHEIDEMAN, III, ESQ.
 7         500 Eighth Street, NW
           Washington, DC 20004
 8         202.799.4534
           edward.scheideman@dlapiper.com
 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```



1          JUDGE EASTERBROOK:  Our next case for argument is

2   Roberts against Smith & Wesson.  Mr. Scheideman.

3          MR. SCHEIDEMAN:  Good morning, Your Honors, and

4   may it please the court, Ed Scheideman for Appellants

5   Smith & Wesson Brands, Inc.; Smith & Wesson Sales Company;

6   and Smith & Wesson, Inc.  We'd like to reserve three

7   minutes, if we could.

8          Your Honors, this case is about an attempt to use

9   a state court to overturn a 60-year approach to

10  classifying firearms under the National Firearms Act, a

11  uniquely federal function approved by Congress and

12  implemented by the ATF.  How do we know this?  It's in the

13  plaintiffs' pleadings, and their allegations.

14         The plaintiffs ask that the state court --

15         JUDGE EASTERBROOK:  Counsel.

16         MR. SCHEIDEMAN:  Yes?

17         JUDGE EASTERBROOK:  Smith & Wesson may have a

18  very good defense, all the merits, but the question here

19  is in what forum will the case be heard.

20         MR. SCHEIDEMAN:  That's right.

21         JUDGE EASTERBROOK:  State courts are quite

22  competent to hear federal defenses.

23         You come to us and say that Smith & Wesson acted

24  under federal law, and I find that extremely hard to

25  square with the Supreme Court's holding in Watson against



 1   Philip Morris.  So I hope you will address that issue,
 2   rather than talk about your defense on the merits.
 3          MR. SCHEIDEMAN:  Sure.  Let's talk about Watson.
 4          Watson, I think, also is particularly instructive
 5   here, Judge Easterbrook.  There the Supreme Court
 6   addressed how you determine whether a company was merely
 7   regulated -- which is what Judge Seeger found below -- or
 8   acting under federal officials, and frankly, even when a
 9   suit, although naming a private company, is really
10   directed to a federal agency, the federal officer statute
11   is a suit in state court directed to an agency or someone
12   acting under.  There are two avenues.
13          So the question before the court in Watson was
14   whether Philip Morris, in carrying out testing of
15   cigarettes, was merely complying with regulations or
16   acting under the federal official.  There, as opposed to
17   here, Philip Morris was extensively supervised and closely
18   monitored by the government.
19          JUDGE EASTERBROOK:  I don't understand why
20   monitored is any different than Watson against Philip
21   Morris or Lu Junhong against Boeing or Martin against
22   Petersen Health Operations, just to go through the local
23   cases.  You are not arguing, as I understand it, that
24   federal agents required your client to make AR-15 style
25   rifles.



1           MR. SCHEIDEMAN:  No.

2           JUDGE EASTERBROOK:  Are you making such an

3   argument?

4           MR. SCHEIDEMAN:  No.

5           JUDGE EASTERBROOK:  You're arguing that they

6   regulated the manufacture of these items?

7           MR. SCHEIDEMAN:  Well, there's a regulatory

8   aspect to it, but there's also more of a partnership,

9   which "special relationship" in the terms, to use the

10  parlance of Watson.

11          JUDGE EASTERBROOK:  That's bureaucratese.

12          It didn't work in Watson, it didn't work in

13  Lu Junhong where, as you recall, the FAA delegated to

14  Boeing, certification of compliance.

15          MR. SCHEIDEMAN:  And I think Boeing had to

16  certify --

17          JUDGE EASTERBROOK:  And we held that was not

18  enough.

19          MR. SCHEIDEMAN:  Right.  Well, if I can quote

20  from Watson in how to decipher whether a company is merely

21  regulated or acting under:  A state court lawsuit brought

22  against such a company is unlikely to disable federal

23  officials from taking necessary action designed to enforce

24  federal law.

25          This case is like Watson, except one factor we



 1   would posit, Judge Easterbrook; imagine in Watson if not
 2   only did they say they were acting under, but they asked
 3   the state court to make a ruling that the classification
 4   used by the FTC was incorrect.  So it's not just the
 5   acting under prong, it is a directive to the agency.
 6          JUDGE EASTERBROOK:  In tort cases, in drug cases
 7   involving the manufacture of drugs, it's perfectly normal
 8   to file a lawsuit in state court and say this was a
 9   dangerous drug.  It's true the FDA allows it on the
10   market, but we still think it's dangerous.
11          Those cases are litigated in state court all the
12   time.
13          MR. SCHEIDEMAN:  Mm-hmm.
14          JUDGE EASTERBROOK:  Why is this any different?
15          MR. SCHEIDEMAN:  Well, this is a case in state
16   court where they're asking a state court judge to rule
17   under the NFA and classify a firearm as an illegal NFA
18   weapon.
19          JUDGE HAMILTON:  That doesn't really seem very
20   different from saying that the FDA was wrong to approve a
21   drug.  Could I ask you, Mr. Scheideman, about some
22   language in your brief?
23          MR. SCHEIDEMAN:  You bet.
24          JUDGE HAMILTON:  You describe -- when you
25   describe the July 4th massacre in Highland Park, you say



1   that Crimo began shooting from a rooftop into the crowd,

2   killing or wounding, quote, several people.

3          You're familiar in criminal cases -- as we are,

4   probably -- with the concept of minimization and I'm

5   tempted to take up some of your argument time listing the

6   names of the seven people who were killed and the 48 who

7   were wounded.

8          Perhaps I could just ask you to agree with me

9   that maybe "several" was not really a sufficient

10  description of what happened.

11         MR. SCHEIDEMAN:  Your Honor, I'd like to be heard

12  directly on that.

13         JUDGE HAMILTON:  Please.

14         MR. SCHEIDEMAN:  You're absolutely right.

15         We did not intend to minimize at all what

16  happened on July 4th.  Not even slightly.  It was tragic.

17         It was absolutely horrible.

18         However, our position is, it wasn't the result of

19  deceptive, negligent marketing by Smith & Wesson, and the

20  fundamental --

21         JUDGE KOLAR:  And the state court can't decide

22  that?

23         MR. SCHEIDEMAN:  Well, it's a fundamental federal

24  issue.  So this gets back to what the state court is being

25  asked to decide, Your Honor.



1          The state court is being asked to decide whether

2   or not -- what is the deceptive marketing?

3          I think we have to go there first.

4          The core element of the deceptive marketing claim

5   by the plaintiffs is that Smith & Wesson deceived, was

6   negligent, and embarked on deceptive marketing because it

7   failed to classify the weapon at issue as an NFA weapon,

8   market it accordingly, and then follow NFA requirements.

9          JUDGE HAMILTON:  Now, there are other parts of

10  the theory, though, right?

11         MR. SCHEIDEMAN:  There are two.

12         JUDGE HAMILTON:  Well, there are arguments about

13  associating the product with the military.

14         MR. SCHEIDEMAN:  Two.

15         JUDGE HAMILTON:  Marketing to young men in

16  particular, promoting the adrenaline rush and so on.

17         So it's not clear to me -- we've said, for

18  example, that on the attempts to invoke Grable theories of

19  jurisdiction, that the federal issue has to be

20  inescapable.

21         MR. SCHEIDEMAN:  Mm-hmm.

22         JUDGE HAMILTON:  It seems to me like there are

23  plenty of other ways that the plaintiffs could prevail,

24  without prevailing on the machine gun theory.

25         MR. SCHEIDEMAN:  If I could be directly heard.



1          There are two ways that are alleged that the
2   marketing was deceptive or negligent.
3          One is claim by -- an affirmative claim where the
4   product was associated with the military and police which,
5   according to the plaintiff, was seductive -- for lack of a
6   better word -- to young men, and false.
7          The other one which is at issue here involves
8   separate facts, separate theory, separate relief.
9          It's an entirely separate claim.
10         And that's the interesting part about this
11  complaint is that it has embedded in it, to use the
12  language of Grable, an entirely separate claim where
13  they're going to stand in front of a state court judge and
14  they're going to say, Your Honor, part of our claim here
15  is that it was deceptive, illegal, and negligent because
16  they failed to identify this weapon as an NFA weapon, so
17  therefore you have to make that call in order to issue our
18  injunctive relief, and the injunctive relief we're asking
19  Your Honor to make, a state court judge, is to order them
20  to classify it as an NFA weapon and market it accordingly.
21         You place that issue in front of the state court.
22         JUDGE HAMILTON:  You would do better if you used
23  fewer initialisms.  We are not experts.
24         Use real words.
25         MR. SCHEIDEMAN:  They're asking the state court



 1  to make a fundamentally federal determination:  Was the

 2  weapon that was used on this horrible day, an illegal

 3  firearm under the National Firearms Act?

 4          To do that and to decide on the fundamental

 5  question, which is whether or not the advertising was

 6  deceptive or illegal --

 7          JUDGE HAMILTON:  They clearly are asking the

 8  state court to answer that question.

 9          The question is whether the state court must

10  answer that question, to even get through the Grable door,

11  and I don't see how they have to do that.  They've alleged

12  a deceptive marketing campaign.

13          MR. SCHEIDEMAN:  Because it's a separate claim.

14          JUDGE HAMILTON:  Why do you say it's a separate

15  claim?

16          MR. SCHEIDEMAN:  Because it relies on different

17  facts, it has different relief and different elements.

18          The facts that it relies -- I see your question,

19  Judge Hamilton.  If I maybe heard on why it's different

20  facts.

21          JUDGE HAMILTON:  Okay.

22          MR. SCHEIDEMAN:  On the one hand, we will divide

23  the deceptive marketing claim into two camps.

24          JUDGE HAMILTON:  Well, you want to do that.

25          MR. SCHEIDEMAN:  Well, they allege that.



1              JUDGE HAMILTON:  That's the question.

2              MR. SCHEIDEMAN:  Well, they allege that.

3         For example, I mean I'll read directly from their

4    complaint.  In Count 1, it's the Illinois Consumer Fraud

5    and Deceptive Practices Act, we failed to identify its M&P

6    assault rifle as an NFA weapon.

7              JUDGE HAMILTON:  That is part of the claim.

8         I have no disagreement with you about that.

9         But I don't know how familiar you are with our

10   jurisprudence under the Armed Career Criminal Act.

11             MR. SCHEIDEMAN:  I'm not.

12             JUDGE HAMILTON:  Okay.  Federal judges have spent

13   the better part of the last 30 years deciding how to

14   classify various prior felony convictions as violent or

15   not, and the Supreme Court has spent a lot of time telling

16   us how to do that, in distinguishing between essential

17   elements of felony offenses and different means or ways of

18   committing them.

19        And on the deceptive marketing campaign here, I

20   understand that they're saying one of the ways this was

21   deceptive was that you did not identify these assault

22   rifles as machine guns under the National Firearms Act,

23   but that's only one of several ways.

24             MR. SCHEIDEMAN:  That's right.

25             JUDGE HAMILTON:  That would suggest to me that it



 1   is not an inescapable issue.

 2        MR. SCHEIDEMAN:  Well, I would point the court to

 3   the cases that we cite on how you differentiate claims in

 4   different claims, right?

 5        Courts recognize that two legal theories

 6   sufficiently distinct that call for proof of substantially

 7   different facts may be separate claims.

 8        So here we have different facts that have to be

 9   proved:  Did we omit certain issues and were they

10   deceptive, i.e., we failed to identify the weapon as a

11   illegal National Firearms Act weapon is completely

12   distinctive and separate from whether or not we made

13   affirmative representations that then deceived the alleged

14   shooter.

15        So there are entirely two camps and we would go

16   back again for the omission claim, which is the

17   inescapable claim which the state court judge has to

18   wrestle with:  Did they commit false and deceptive

19   advertising by failing to identify this as a National

20   Firearms Act weapon, illegal weapon?

21        I've got to determine -- I'm sitting as the state

22   court judge -- whether or not this thing was in fact an

23   illegal NFA weapon in the first place.

24        And our point is that is inescapable and what it

25   is, it's the invasion under the directed to prong of



1   federal officer jurisdiction.  It's a case really directed

2   to the ATF because it goes into their authority and

3   province on the classification and frankly, Congress's.

4           It's a fundamentally federal issue that the

5   court, the state court is being asked to decide and

6   candidly, their whole issue of causation is a federal

7   issue, right?  They say throughout their brief that this

8   would never have happened had Smith & Wesson identified

9   this and treated this as an illegal firearm under the NFA.

10          So from a fundamental standpoint, it's

11  inescapable, we think, under general notice pleading, that

12  they're going to stand in front of a state court and say,

13  Your Honor, it's like having three different breach of

14  contract claims.  You've decided Section 2 of the

15  contract, now here's Section 4 of the contract, and the

16  breach of Section 4 relies on a completely distinct and

17  different set of facts.

18          They're going to say, Your Honor, now that you've

19  made your decision on the affirmative representation

20  claim, we have alleged clearly that they've committed

21  false, deceptive and negligent advertising on a

22  different -- an entirely different set of facts.  They

23  failed to do this.  They failed to say that this was an

24  illegal NFA weapon.  That's deceptive.

25          Look at our counts.  It's in each one of our



```
 1   counts.  The failure to identify this and treat this

 2   accordingly, you have to make that call, Your Honor.

 3           JUDGE HAMILTON:  Is it correct that discovery has

 4   been stayed during this appeal?

 5           MR. SCHEIDEMAN:  It is.

 6           JUDGE HAMILTON:  Thank you.

 7           MR. SCHEIDEMAN:  And we have -- I think I have

 8   two minutes and 14 seconds left, which I'd like to reserve

 9   for rebuttal, if I could.

10           JUDGE EASTERBROOK:  Certainly, Counsel.

11           MR. SCHEIDEMAN:  Thank you.

12           JUDGE EASTERBROOK:  Ms. Lefkowitz.

13           MS. LEFKOWITZ:  Good morning.  My name is Alla

14   Lefkowitz, and I represent the plaintiffs in this

15   consolidated set of cases, each of whom are victims of the

16   mass shooting at the Highland Park 4th of July parade.

17           They seek justice for the harm that was done to

18   them, by bringing state claims in state court; however,

19   Smith & Wesson asks this court to disregard the vast

20   majority of plaintiffs' complaint so that they can defend

21   this case in its preferred forum.

22           But the problem is that every reason that Smith &

23   Wesson gives for moving the case to federal court is

24   foreclosed by precedent from this circuit and the Supreme

25   Court.
```



1         I just want to touch very, very briefly on the
2    federal officer argument, prior to turning to Grable.

3         Just to correct the record, the plaintiffs are
4    not seeking to challenge any determination that the Smith
5    & Wesson M&P rifle is not a machine gun under the National
6    Firearms Act.  There is no such determination that has
7    been made by the Bureau of Alcohol, Tobacco and Firearms.

8         There's also no such thing as a global
9    determination made by the Bureau that all AR-15 rifles are
10   not machine gun.  Every firearm is different and a firearm
11   that has one set of characteristics may be considered a
12   machine gun, while a different one that's slightly
13   different may not be a machine gun.

14        As Judge Easterbrook indicated, what Smith &
15   Wesson is really arguing is that had we been doing
16   something wrong, ATF would have told us and they would
17   have told us to stop selling in the way that we are.

18        That is a defense, and it is a defense that Smith
19   & Wesson can raise in state court.  A defense does not
20   bring a case into federal court.

21        I will turn, unless the court has questions on
22   the federal officer removal, I will turn to Grable.

23        JUDGE EASTERBROOK:  Are you giving up your
24   argument that all the defendants failed to join the
25   removal?



```
 1            MS. LEFKOWITZ:  We are not.

 2            JUDGE EASTERBROOK:  Hard to see how we reach

 3    Grable without first resolving that question.

 4            MS. LEFKOWITZ:  We are not.  We do argue and we

 5    do agree that as a threshold issue, really none of the

 6    federal question arguments here should be reached because

 7    Smith & Wesson was required to get consent from all of

 8    their co-defendants if they wanted to use 28 USC

 9    1441(c) -- I'm sorry, 1441(a) -- but instead that they

10    proceed under 1441(c).  1441(c), however, is only

11    available in cases where there are both federal claims and

12    such unrelated state court claims that a federal court

13    cannot exercise supplemental jurisdiction.  That is not

14    the case here.

15            Each of the claims against both the shooter, the

16    father, the gun stores and Smith & Wesson are all

17    intertwined and all related to the same set of facts.

18            So removal under 1441(c) was simply not available

19    to Smith & Wesson, and that they were -- would have been

20    required to get consent if they wanted to proceed under

21    1441(a); however, if this court were to reach Grable,

22    Smith & Wesson would be required to show that each test of

23    the Grable test is met, and Smith & Wesson fails on each

24    factor.

25            JUDGE EASTERBROOK:  That way of phrasing it
```



1   implies that you can read Grable and figure out what it
2   requires.  There is a lot of doubt in the legal world
3   whether anybody can identify what the Grable test is,
4   short of reproducing the opinion.

5           MS. LEFKOWITZ:  Well, I would say, Your Honor,
6   based on the precedent of this court, something that is
7   absolutely necessary is that for the federal issue that is
8   raised on the face of the complaint to be necessary to the
9   resolution of one of the claims, and that is simply not
10  the case here.  Every single claim that the plaintiffs
11  bring is relying on multiple theories of liability.

12          And I understand that Smith & Wesson is relying
13  on precedent from the Second Circuit in an effort to split
14  up our claims into different causes of action, but this
15  circuit --

16          JUDGE EASTERBROOK:  There's no such thing in
17  federal practice as cause of action.  The word is
18  "claims," so I'm happy if you stick with "claims."

19          MS. LEFKOWITZ:  I will stick with "claims."

20          JUDGE EASTERBROOK:  Causes of action in federal
21  court were abolished in 1936.

22          MS. LEFKOWITZ:  I will use "claims," going
23  forward.

24          And as this court held in Sojka v. Bovis Lend
25  Lease in 2012, one claim supported by multiple theories



1    does not somehow become multiple claims, and in that case

2    a construction worker who was injured working on a tower

3    in downtown Chicago brought a negligent construction claim

4    based on eight different theories of liability.

5            One of those theories of liability had to do with

6    the fact that it was very windy that day and there should

7    have been no construction in the first place.

8            A second theory of liability was that the

9    construction worker, because he was relatively new, should

10   have been supervised by a carpenter, I believe, and he

11   wasn't.

12           Those are two separate facts, yet the court

13   specifically rejected the argument that those claims

14   should be split apart.  It said:  The complaint contains

15   one count and one claim, construction negligence,

16   committed in a variety of different ways.

17           That is exactly what we have here.

18           The court said something very similar in Florek

19   v. Mundelein, Illinois, 649 F.3d 594.  That's this

20   circuit's case from 2011.

21           There the case dealt with a Fourth Amendment

22   claim that was brought by an individual who had had a

23   heart attack while she was being arrested.

24           And she had -- one of the theories there was

25   based on -- I apologize.



1          The plaintiff really argued that she had brought

2    two claims; one based on the police denying her baby

3    aspirin when she asked for it.

4          And another claim was based on the police

5    refusing to call the ambulance when she asked for it.

6          But the court said the case should have been

7    presented to the jury as a single claim:  Whether the

8    police violated Florek's Constitutional rights by failing

9    to respond to her medical need.

10          And for that, this court cited a Supreme Court

11    case that said a cause of action -- well, the Baltimore

12    Supreme Court said that what it referred to as a cause of

13    action does not consist of facts but of the unlawful

14    violation of a right which the facts show.  And again,

15    this is exactly what the plaintiffs allege here.

16          I won't go through all of the Grable factors

17    here, but I'll just -- I will just list one more, and that

18    is the fact that removing this state court case into

19    federal court would disrupt the balance between federal

20    courts and state courts.

21          This is exactly the kind of case that the Supreme

22    Court told us in Merrell Dow should stay in federal court

23    because so many negligence claims are based -- include a

24    violation -- an allegation of a violation of federal law.

25          And I believe the court, when Grable was talking



1  about Merrell Dow, it specifically talked about the hoard

2  of original filings and removal cases that would result if

3  state court tort law claims based on -- based on

4  violations of law could be removed.

5          JUDGE HAMILTON:  Ms. Lefkowitz, you would agree

6  that you are asking for a declaration, in one form or

7  another, that the defendants' product is a machine gun,

8  under the National Firearms Act?

9          MS. LEFKOWITZ:  We actually -- neither of the

10  complaints actually, in the declaratory relief,

11  specifically asked.

12          JUDGE HAMILTON:  You're alleging that that's what

13  they are and that's one of the reasons why the marketing

14  campaign was deceptive, correct.

15          MS. LEFKOWITZ:  That's correct.

16          JUDGE HAMILTON:  I don't want to quibble about

17  this.

18          MS. LEFKOWITZ:  That's correct.

19          JUDGE HAMILTON:  So first of all, I mean the

20  theory is that millions of Americans then are committing a

21  crime by possessing those products, correct?

22          MS. LEFKOWITZ:  I don't think the -- I mean, that

23  is certainly a defense.

24          JUDGE HAMILTON:  That is the logical consequence

25  of the arguments you're making, correct?



 1          MS. LEFKOWITZ:  Correct.

 2          JUDGE HAMILTON:  All right.  May or may not be

 3   correct.  We'll see.  But we know that the federal

 4   government has not tried to enforce that provision against

 5   these sorts of assault rifles for decades.

 6          How can you prevail on your false or deceptive

 7   advertising claim without the state court deciding that

 8   question?

 9          MS. LEFKOWITZ:  We have a number of additional

10   different theories of liability under the deceptive --

11   under the deceptive claim; specifically the one that I

12   believe we are most focused on is the fact that Smith &

13   Wesson deceptively marketed its firearm as being

14   associated with the military and police, when it is in

15   fact not.  That is the main argument in both sets of

16   complaints, and plaintiffs can get all of the relief that

17   they are seeking in -- by -- if the court simply reaches

18   that -- rules in our favor on that point.

19          And one of the things that Smith & Wesson asks us

20   to do, asks this court -- I apologize -- asks this court

21   to do is essentially disregard all of plaintiffs' state

22   court claims, under the idea that they are essentially

23   frivolous, and we are not aware of a single case in the

24   federal question context where federal courts evaluate

25   state court claims in such a way.

1          I understand that in some cases in fraudulent

2    joinder there is some evaluation of the state court

3    claims, but not in these kind of cases and it would be

4    just completely new and inappropriate here.

5          I'll just very briefly touch on the preemption

6    argument, very briefly, just to say that this court has

7    been very, very clear that the doctrine of preemption in

8    the removal context refers only to complete preemption

9    where the federal government has occupied the field.

10         The court most recently said that in Martin v.

11   Petersen Health in 2022, and there the court said, only

12   when federal law creates an exclusive cause of action and

13   sets forth procedures and remedies governing that cause of

14   action, such that it wholly displaces the state law cause

15   of action, and neither the National Firearms Act nor the

16   Administrative Procedures Act are such statutes.

17         At best, what Smith & Wesson is arguing for is

18   conflict preemption, and as this court has said in

19   Franciscan Healthcare, conflict preemption is an issue

20   left to the state court, since conflict preemption does

21   not provide an independent basis for federal removal.

22         Unless the court has any other questions, I will

23   just end by saying that our clients are looking for

24   compensation for their catastrophic injuries and for the

25   loss of their family members caused by the unlawful and



1   negligent conduct of Smith & Wesson.

2        I understand that Smith & Wesson doesn't want to

3   litigate that case, which is this case, but that doesn't

4   mean it gets to turn this case into something that it's

5   not.  Thank you.

6        JUDGE EASTERBROOK:  Thank you, Counsel.

7        Anything further, Mr. Scheideman?

8        MR. SCHEIDEMAN:  Judge Easterbrook, just a couple

9   of points.

10       First, I want to go back to something that Judge

11  Hamilton said at the very beginning, because I think it

12  bears repeating.

13       Our characterization in the brief of what

14  happened on July 4th -- and I feel professionally

15  obligated to say this as a human being and on behalf of

16  Smith & Wesson, if anything was a result of a page

17  limitation, was in no way, shape, or form to undermine,

18  minimize what happened and the horror that happened and

19  the families that were impacted by what the shooter did.

20       Turning back to the merits, I think I heard

21  Ms. Lefkowitz just flat out say, in response to Judge

22  Hamilton and your question, that she's looking for the

23  state court to decide and declare that the weapon used

24  here was an illegal firearm, under the National Firearms

25  Act.



1          That's a federal determination.  That's the issue

2     that can't be avoided.  It's not a different theory.  Then

3     she's going to ask for different relief.  What's the

4     relief?  It's injunctive relief.

5          JUDGE EASTERBROOK:  And what do you say about the

6     fact that not all defendants joined the notice of removal?

7          MR. SCHEIDEMAN:  We'll rest, Your Honor, on what

8     we said in the brief, that 1442, consent, the consent

9     requirement --

10          JUDGE EASTERBROOK:  1442 does not require any

11     other --

12          MR. SCHEIDEMAN:  1441(c).

13          JUDGE EASTERBROOK:  Yeah.

14          MR. SCHEIDEMAN:  I meant.

15          JUDGE EASTERBROOK:  So you're just resting on

16     your brief?

17          MR. SCHEIDEMAN:  Well, the operational facts

18     giving rise to the claim against Smith & Wesson are

19     entirely different than that against the other defendants.

20     Nobody else is alleged to have advertised here.

21          JUDGE HAMILTON:  You don't think there's

22     supplemental jurisdiction over all the claims in the case?

23          MR. SCHEIDEMAN:  That's purely state court claims

24     on the other defendants.  Well, we'll rest on our brief.

25          I can't recall.



1  JUDGE EASTERBROOK:  All right.

2  MR. SCHEIDEMAN:  Thank you.

3  JUDGE EASTERBROOK:  Thank you, counsel.

4  The case is taken under advisement.

5  (End of recording.)

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25



1                        C E R T I F I C A T E

2

3

4           I, TERRI NESTORE, Certified Shorthand Reporter/

5      Transcriptionist, do hereby certify that I was authorized

6      to transcribe the foregoing recorded proceeding, and that

7      the transcript is a true and accurate transcription of my

8      shorthand notes, to the best of my ability, taken while

9      listening to the provided recording.

10

11          I further certify that I am not of counsel or

12     attorney for either or any of the parties to said

13     proceedings, nor in any way interested in the events of

14     this cause, and that I am not related to any of the

15     parties thereto.

16

17

18     Dated this 10th day of April, 2024.

19

20

21     _____
       TERRI NESTORE, CSR 5614, RPR, CRR
22

23

24

25



---

**1**

---

1
  11:4

14
  14:8

1441(a)
  16:9,21

1441(c)
  16:9,10,
  18 24:12

1442
  24:8,10

1936
  17:21

---

**2**

---

2
  13:14

2011
  18:20

2012
  17:25

2022
  22:11

28
  16:8

---

**3**

---

30
  11:13

---

**4**

---

4
  13:15,16

48
  7:6

4th
  6:25 7:16
  14:16
  23:14

---

**5**

---

594
  18:19

---

**6**

---

60-year
  3:9

649
  18:19

---

**A**

---

abolished
  17:21

absolutely
  7:14,17
  17:7

Act
  3:10 10:3
  11:5,10,
  22 12:11,
  20 15:6
  20:8
  22:15,16
  23:25

acted
  3:23

acting
  4:8,12,16
  5:21 6:2,
  5

action
  5:23
  17:14,17,
  20 19:11,
  13 22:12,
  14,15

additional
  21:9

address
  4:1

addressed
  4:6

Administrat
ive
  22:16

adrenaline
  8:16

advertised
  24:20

advertising
  10:5
  12:19
  13:21
  21:7

advisement
  25:4

affirmative
  9:3 12:13
  13:19

agency
  4:10,11
  6:5

agents
  4:24

agree
  7:8 16:5
  20:5

Alcohol
  15:7

Alla

14:13

allegation
  19:24

allegations
  3:13

allege
  10:25
  11:2
  19:15

alleged
  9:1 10:11
  12:13
  13:20
  24:20

alleging
  20:12

ambulance
  19:5

Amendment
  18:21

Americans
  20:20

apologize
  18:25
  21:20

appeal
  14:4

Appellants
  3:4

approach
  3:9

approve
  6:20

approved
  3:11

AR-15
  4:24 15:9

argue
  16:4

argued
  19:1

arguing
  4:23 5:5
  15:15
  22:17

argument
  3:1 5:3
  7:5 15:2,
  24 18:13
  21:15
  22:6

arguments
  8:12 16:6
  20:25

Armed
  11:10

arrested
  18:23

asks
  14:19
  21:19,20

aspect
  5:8

aspirin
  19:3

assault
  11:6,21
  21:5

associating
  8:13

ATF
  3:12 13:2
  15:16

attack
  18:23

attempt
  3:8

attempts
  8:18



authority
  13:2

avenues
  4:12

avoided
  24:2

aware
  21:23

_____

B

baby
  19:2

back
  7:24
  12:16
  23:10,20

balance
  19:19

Baltimore
  19:11

based
  17:6
  18:4,25
  19:2,4,23
  20:3

basis
  22:21

bears
  23:12

began
  7:1

beginning
  23:11

behalf
  23:15

bet
  6:23

Boeing
  4:21

5:14,15

Bovis
  17:24

Brands
  3:5

breach
  13:13,16

briefly
  15:1
  22:5,6

bring
  15:20
  17:11

bringing
  14:18

brought
  5:21
  18:3,22
  19:1

Bureau
  15:7,9

bureaucrate
se
  5:11

_____

C

call
  9:17 12:6
  14:2 19:5

campaign
  10:12
  11:19
  20:14

camps
  10:23
  12:15

candidly
  13:6

Career

11:10

carpenter
  18:10

carrying
  4:14

case
  3:1,8,19
  5:25 6:15
  13:1
  14:21,23
  15:20
  16:14
  17:10
  18:1,20,
  21 19:6,
  11,18,21
  21:23
  23:3,4
  24:22
  25:4

cases
  4:23 6:6,
  11 7:3
  12:3
  14:15
  16:11
  20:2
  22:1,3

catastrophi
c
  22:24

causation
  13:6

caused
  22:25

certificati
on
  5:14

certify
  5:16

challenge
  15:4

characteris
tics
  15:11

characteriz
ation
  23:13

Chicago
  18:3

cigarettes
  4:15

circuit
  14:24
  17:13,15

circuit's
  18:20

cite
  12:3

cited
  19:10

claim
  8:4 9:3,
  9,12,14
  10:13,15,
  23 11:7
  12:16,17
  13:20
  17:10,25
  18:3,15,
  22 19:4,7
  21:7,11
  24:18

claims
  12:3,4,7
  13:14
  14:18
  16:11,12,
  15 17:9,
  14,18,19,
  22 18:1,
  13 19:2,
  23 20:3
  21:22,25
  22:3

24:22,23

classificat
ion
  6:3 13:3

classify
  6:17 8:7
  9:20
  11:14

classifying
  3:10

clear
  8:17 22:7

client
  4:24

clients
  22:23

closely
  4:17

co-
defendants
  16:8

commit
  12:18

committed
  13:20
  18:16

committing
  11:18
  20:20

company
  3:5 4:6,9
  5:20,22

compensatio
n
  22:24

competent
  3:22

complaint
  9:11 11:4
  14:20



17:8
18:14

**complaints**
20:10
21:16

**complete**
22:8

**completely**
12:11
13:16
22:4

**compliance**
5:14

**complying**
4:15

**concept**
7:4

**conduct**
23:1

**conflict**
22:18,19,
20

**Congress**
3:11

**Congress's**
13:3

**consent**
16:7,20
24:8

**consequence**
20:24

**considered**
15:11

**consist**
19:13

**consolidated**
14:15

**Constitutional**
19:8

**construction**
18:2,3,7,
9,15

**Consumer**
11:4

**context**
21:24
22:8

**contract**
13:14,15

**convictions**
11:14

**core**
8:4

**correct**
14:3 15:3
20:14,15,
18,21,25
21:1,3

**counsel**
3:15
14:10
23:6 25:3

**count**
11:4
18:15

**counts**
13:25
14:1

**couple**
23:8

**court**
3:4,9,14
4:5,11,13
5:21 6:3,
8,11,16
7:21,24

8:1 9:13,
19,21,25
10:8,9
11:15
12:2,17,
22 13:5,
12 14:18,
19,23,25
15:19,20,
21 16:12,
21 17:6,
21,24
18:12,18
19:6,10,
12,18,19,
22,25
20:3
21:7,17,
20,22,25
22:2,6,
10,11,18,
20,22
23:23
24:23

**Court's**
3:25

**courts**
3:21 12:5
19:20
21:24

**creates**
22:12

**crime**
20:21

**criminal**
7:3 11:10

**Crimo**
7:1

**crowd**
7:1

<hr>

### D

**dangerous**
6:9,10

**day**
10:2 18:6

**dealt**
18:21

**decades**
21:5

**deceived**
8:5 12:13

**deceptive**
7:19 8:2,
4,6 9:2,
15 10:6,
12,23
11:5,19,
21 12:10,
18 13:21,
24 20:14
21:6,10,
11

**deceptively**
21:13

**decide**
7:21,25
8:1 10:4
13:5
23:23

**decided**
13:14

**deciding**
11:13
21:7

**decipher**
5:20

**decision**
13:19

**declaration**
20:6

**declaratory**
20:10

**declare**
23:23

**defend**
14:20

**defendants**
15:24
24:6,19,
24

**defendants'**
20:7

**defense**
3:18 4:2
15:18,19
20:23

**defenses**
3:22

**delegated**
5:13

**denying**
19:2

**describe**
6:24,25

**description**
7:10

**designed**
5:23

**determination**
10:1
15:4,6,9
24:1

**determine**
4:6 12:21

**differentiate**
12:3



directed
    4:10,11
    12:25
    13:1

directive
    6:5

directly
    7:12 8:25
    11:3

disable
    5:22

disagreemen
t
    11:8

discovery
    14:3

displaces
    22:14

disregard
    14:19
    21:21

disrupt
    19:19

distinct
    12:6
    13:16

distinctive
    12:12

distinguish
ing
    11:16

divide
    10:22

doctrine
    22:7

door
    10:10

doubt
    17:2

Dow
    19:22
    20:1

downtown
    18:3

drug
    6:6,9,21

drugs
    6:7

——————————

E

Easterbrook
    3:1,15,
    17,21
    4:5,19
    5:2,5,11,
    17 6:1,6,
    14 14:10,
    12 15:14,
    23 16:2,
    25 17:16,
    20 23:6,8
    24:5,10,
    13,15
    25:1,3

Ed
    3:4

effort
    17:13

element
    8:4

elements
    10:17
    11:17

embarked
    8:6

embedded
    9:11

end
    22:23

25:5

enforce
    5:23 21:4

essential
    11:16

essentially
    21:21,22

evaluate
    21:24

evaluation
    22:2

exclusive
    22:12

exercise
    16:13

experts
    9:23

extensively
    4:17

extremely
    3:24

——————————

F

F.3d
    18:19

FAA
    5:13

face
    17:8

fact
    12:22
    18:6
    19:18
    21:12,15
    24:6

factor
    5:25
    16:24

factors
    19:16

facts
    9:8
    10:17,18,
    20 12:7,8
    13:17,22
    16:17
    18:12
    19:13,14
    24:17

failed
    8:7 9:16
    11:5
    12:10
    13:23
    15:24

failing
    12:19
    19:8

fails
    16:23

failure
    14:1

false
    9:6 12:18
    13:21
    21:6

familiar
    7:3 11:9

families
    23:19

family
    22:25

father
    16:16

favor
    21:18

FDA
    6:9,20

federal

3:11,22,
24 4:8,
10,16,24
5:22,24
7:23 8:19
10:1
11:12
13:1,4,6
14:23
15:2,20,
22 16:6,
11,12
17:7,17,
20 19:19,
22,24
21:3,24
22:9,12,
21 24:1

feel
    23:14

felony
    11:14,17

fewer
    9:23

field
    22:9

figure
    17:1

file
    6:8

filings
    20:2

find
    3:24

firearm
    6:17 10:3
    13:9
    15:10
    21:13
    23:24

firearms
    3:10 10:3



11:22
12:11,20
15:6,7
20:8
22:15
23:24

flat
23:21

Florek
18:18

Florek's
19:8

focused
21:12

follow
8:8

foreclosed
14:24

form
20:6
23:17

forum
3:19
14:21

forward
17:23

found
4:7

Fourth
18:21

Franciscan
22:19

frankly
4:8 13:3

Fraud
11:4

fraudulent
22:1

frivolous
21:23

front
9:13,21
13:12

FTC
6:4

function
3:11

fundamental
7:20,23
10:4
13:10

fundamentally
10:1 13:4

———————

G

———————

general
13:11

get all
21:16

giving
15:23
24:18

global
15:8

good
3:3,18
14:13

governing
22:13

government
4:18 21:4
22:9

Grable
8:18 9:12
10:10
15:2,22
16:3,21,
23 17:1,3
19:16,25

gun
8:24
15:5,10,
12,13
16:16
20:7

guns
11:22

———————

H

———————

Hamilton
6:19,24
7:13 8:9,
12,15,22
9:22
10:7,14,
19,21,24
11:1,7,
12,25
14:3,6
20:5,12,
16,19,24
21:2
23:11,22
24:21

hand
10:22

happened
7:10,16
13:8
23:14,18

happy
17:18

hard
3:24 16:2

harm
14:17

Health
4:22
22:11

Healthcare

22:19

hear
3:22

heard
3:19 7:11
8:25
10:19
23:20

heart
18:23

held
5:17
17:24

Highland
6:25
14:16

hoard
20:1

holding
3:25

Honor
7:11,25
9:14,19
13:13,18
14:2 17:5
24:7

Honors
3:3,8

hope
4:1

horrible
7:17 10:2

horror
23:18

human
23:15

———————

I

———————

i.e.

12:10

idea
21:22

identified
13:8

identify
9:16
11:5,21
12:10,19
14:1 17:3

illegal
6:17 9:15
10:2,6
12:11,20,
23 13:9,
24 23:24

Illinois
11:4
18:19

imagine
6:1

impacted
23:19

implemented
3:12

implies
17:1

inappropriate
22:4

include
19:23

incorrect
6:4

independent
22:21

individual
18:22

inescapable
8:20



12:1,17,
24 13:11

initialisms
9:23

injunctive
9:18 24:4

injured
18:2

injuries
22:24

instructive
4:4

intend
7:15

interesting
9:10

intertwined
16:17

invasion
12:25

invoke
8:18

involves
9:7

involving
6:7

issue
4:1 7:24
8:7,19
9:7,17,21
12:1
13:4,6,7
16:5 17:7
22:19
24:1

issues
12:9

items
5:6

—————
J
—————

join
15:24

joinder
22:2

joined
24:6

judge
3:1,15,
17,21
4:5,7,19
5:2,5,11,
17 6:1,6,
14,16,19,
24 7:13,
21 8:9,
12,15,22
9:13,19,
22 10:7,
14,19,21,
24 11:1,
7,12,25
12:17,22
14:3,6,
10,12
15:14,23
16:2,25
17:16,20
20:5,12,
16,19,24
21:2
23:6,8,
10,21
24:5,10,
13,15,21
25:1,3

judges
11:12

July
6:25 7:16
14:16
23:14

Junhong
4:21 5:13

jurisdictio
n
8:19 13:1
16:13
24:22

jurispruden
ce
11:10

jury
19:7

justice
14:17

—————
K
—————

killed
7:6

killing
7:2

kind
19:21
22:3

KOLAR
7:21

—————
L
—————

lack
9:5

language
6:22 9:12

law
3:24 5:24
19:24
20:3,4
22:12,14

lawsuit
5:21 6:8

Lease
17:25

Lefkowitz
14:12,13,
14 16:1,4
17:5,19,
22 20:5,
9,15,18,
22 21:1,9
23:21

left
14:8
22:20

legal
12:5 17:2

Lend
17:24

liability
17:11
18:4,5,8
21:10

limitation
23:17

list
19:17

listing
7:5

litigate
23:3

litigated
6:11

local
4:22

logical
20:24

loss
22:25

lot
11:15
17:2

Lu
4:21 5:13

—————
M
—————

M&p
11:5 15:5

machine
8:24
11:22
15:5,10,
12,13
20:7

made
12:12
13:19
15:7,9

main
21:15

majority
14:20

make
4:24 6:3
9:17,19
10:1 14:2

making
5:2 20:25

manufacture
5:6 6:7

market
6:10 8:8
9:20

marketed
21:13

marketing
7:19 8:2,
4,6,15
9:2
10:12,23
11:19
20:13



Martin
   4:21
   22:10

mass
   14:16

massacre
   6:25

means
   11:17

meant
   24:14

medical
   19:9

members
   22:25

men
   8:15 9:6

merits
   3:18 4:2
   23:20

Merrell
   19:22
   20:1

met
   16:23

military
   8:13 9:4
   21:14

millions
   20:20

minimizatio
n
   7:4

minimize
   7:15
   23:18

minutes
   3:7 14:8

Mm-hmm
   6:13 8:21

monitored
   4:18,20

morning
   3:3 14:13

Morris
   4:1,14,
   17,21

moving
   14:23

multiple
   17:11,25
   18:1

Mundelein
   18:19

─────────

N

names
   7:6

naming
   4:9

National
   3:10 10:3
   11:22
   12:11,19
   15:5 20:8
   22:15
   23:24

negligence
   18:15
   19:23

negligent
   7:19 8:6
   9:2,15
   13:21
   18:3 23:1

NFA
   6:17 8:7,
   8 9:16,20
   11:6
   12:23

13:9,24

normal
   6:7

notice
   13:11
   24:6

number
   21:9

─────────

O

obligated
   23:15

occupied
   22:9

offenses
   11:17

officer
   4:10 13:1
   15:2,22

official
   4:16

officials
   4:8 5:23

omission
   12:16

omit
   12:9

operational
   24:17

Operations
   4:22

opinion
   17:4

opposed
   4:16

order
   9:17,19

original
   20:2

overturn
   3:9

─────────

P

parade
   14:16

Park
   6:25
   14:16

parlance
   5:10

part
   9:10,14
   11:7,13

partnership
   5:8

parts
   8:9

people
   7:2,6

perfectly
   6:7

Petersen
   4:22
   22:11

Philip
   4:1,14,
   17,20

phrasing
   16:25

place
   9:21
   12:23
   18:7

plaintiff
   9:5 19:1

plaintiffs
   3:14 8:5,
   23 14:14
   15:3
   17:10
   19:15
   21:16

plaintiffs'
   3:13
   14:20
   21:21

pleading
   13:11

pleadings
   3:13

plenty
   8:23

point
   12:2,24
   21:18

points
   23:9

police
   9:4 19:2,
   4,8 21:14

posit
   6:1

position
   7:18

possessing
   20:21

practice
   17:17

Practices
   11:5

precedent
   14:24
   17:6,13

preemption
   22:5,7,8,



18,19,20

**preferred**
14:21

**presented**
19:7

**prevail**
8:23 21:6

**prevailing**
8:24

**prior**
11:14
15:2

**private**
4:9

**problem**
14:22

**procedures**
22:13,16

**proceed**
16:10,20

**product**
8:13 9:4
20:7

**products**
20:21

**professiona
lly**
23:14

**promoting**
8:16

**prong**
6:5 12:25

**proof**
12:6

**proved**
12:9

**provide**
22:21

**province**
13:3

**provision**
21:4

**purely**
24:23

———————

**Q**

———————

**question**
3:18 4:13
10:5,8,9,
10,18
11:1
16:3,6
21:8,24
23:22

**questions**
15:21
22:22

**quibble**
20:16

**quote**
5:19 7:2

———————

**R**

———————

**raise**
15:19

**raised**
17:8

**reach**
16:2,21

**reached**
16:6

**reaches**
21:17

**read**
11:3 17:1

**real**

9:24

**reason**
14:22

**reasons**
20:13

**rebuttal**
14:9

**recall**
5:13
24:25

**recently**
22:10

**recognize**
12:5

**record**
15:3

**recording**
25:5

**referred**
19:12

**refers**
22:8

**refusing**
19:5

**regulated**
4:7 5:6,
21

**regulations**
4:15

**regulatory**
5:7

**rejected**
18:13

**related**
16:17

**relationshi
p**
5:9

**relief**
9:8,18
10:17
20:10
21:16
24:3,4

**relies**
10:16,18
13:16

**relying**
17:11,12

**remedies**
22:13

**removal**
15:22,25
16:18
20:2
22:8,21
24:6

**removed**
20:4

**removing**
19:18

**repeating**
23:12

**represent**
14:14

**representat
ion**
13:19

**representat
ions**
12:13

**reproducing**
17:4

**require**
24:10

**required**
4:24
16:7,20,
22

**requirement**
24:9

**requirement
s**
8:8

**requires**
17:2

**reserve**
3:6 14:8

**resolution**
17:9

**resolving**
16:3

**respond**
19:9

**response**
23:21

**rest**
24:7,24

**resting**
24:15

**result**
7:18 20:2
23:16

**rifle**
11:6 15:5

**rifles**
4:25
11:22
15:9 21:5

**rights**
19:8

**rise**
24:18

**Roberts**
3:2

**rooftop**
7:1

**rule**



6:16

**rules**
  21:18

**ruling**
  6:3

**rush**
  8:16

─────────────

─────  **S**  ─────

**Sales**
  3:5

**Scheideman**
  3:2,3,4,
  16,20 4:3
  5:1,4,7,
  15,19
  6:13,15,
  21,23
  7:11,14,
  23 8:11,
  14,21,25
  9:25
  10:13,16,
  22,25
  11:2,11,
  24 12:2
  14:5,7,11
  23:7,8
  24:7,12,
  14,17,23
  25:2

**seconds**
  14:8

**Section**
  13:14,15,
  16

**seductive**
  9:5

**Seeger**
  4:7

**seek**
  14:17

**seeking**
  15:4
  21:17

**selling**
  15:17

**separate**
  9:8,9,12
  10:13,14
  12:7,12
  18:12

**set**
  13:17,22
  14:15
  15:11
  16:17

**sets**
  21:15
  22:13

**shape**
  23:17

**shooter**
  12:14
  16:15
  23:19

**shooting**
  7:1 14:16

**short**
  17:4

**show**
  16:22
  19:14

**similar**
  18:18

**simply**
  16:18
  17:9
  21:17

**single**
  17:10

19:7
21:23

**sitting**
  12:21

**slightly**
  7:16
  15:12

**Smith**
  3:2,5,6,
  17,23
  7:19 8:5
  13:8
  14:19,22
  15:4,14,
  18 16:7,
  16,19,22,
  23 17:12
  21:12,19
  22:17
  23:1,2,16
  24:18

**Sojka**
  17:24

**sorts**
  21:5

**special**
  5:9

**specificall
y**
  18:13
  20:1,11
  21:11

**spent**
  11:12,15

**split**
  17:13
  18:14

**square**
  3:25

**stand**
  9:13
  13:12

**standpoint**
  13:10

**state**
  3:9,14,21
  4:11 5:21
  6:3,8,11,
  15,16
  7:21,24
  8:1 9:13,
  19,21,25
  10:8,9
  12:17,21
  13:5,12
  14:18
  15:19
  16:12
  19:18,20
  20:3
  21:7,21,
  25 22:2,
  14,20
  23:23
  24:23

**statute**
  4:10

**statutes**
  22:16

**stay**
  19:22

**stayed**
  14:4

**stick**
  17:18,19

**stop**
  15:17

**stores**
  16:16

**style**
  4:24

**substantial
ly**
  12:6

**sufficient**
  7:9

**sufficientl
y**
  12:6

**suggest**
  11:25

**suit**
  4:9,11

**supervised**
  4:17
  18:10

**supplementa
l**
  16:13
  24:22

**supported**
  17:25

**Supreme**
  3:25 4:5
  11:15
  14:24
  19:10,12,
  21

─────────────

─────  **T**  ─────

**taking**
  5:23

**talk**
  4:2,3

**talked**
  20:1

**talking**
  19:25

**telling**
  11:15

**tempted**
  7:5

**terms**



5:9

**test**
16:22,23
17:3

**testing**
4:14

**theories**
8:18 12:5
17:11,25
18:4,5,24
21:10

**theory**
8:10,24
9:8 18:8
20:20
24:2

**thing**
12:22
15:8
17:16

**things**
21:19

**threshold**
16:5

**time**
6:12 7:5
11:15

**Tobacco**
15:7

**told**
15:16,17
19:22

**tort**
6:6 20:3

**touch**
15:1 22:5

**tower**
18:2

**tragic**
7:16

**treat**
14:1

**treated**
13:9

**true**
6:9

**turn**
15:21,22
23:4

**turning**
15:2
23:20

---

**U**

**undermine**
23:17

**understand**
4:19,23
11:20
17:12
22:1 23:2

**uniquely**
3:11

**unlawful**
19:13
22:25

**unrelated**
16:12

**USC**
16:8

---

**V**

**variety**
18:16

**vast**
14:19

**victims**
14:15

**violated**
19:8

**violation**
19:14,24

**violations**
20:4

**violent**
11:14

---

**W**

**wanted**
16:8,20

**Watson**
3:25 4:3,
4,13,20
5:10,12,
20,25 6:1

**ways**
8:23 9:1
11:17,20,
23 18:16

**weapon**
6:18 8:7
9:16,20
10:2 11:6
12:10,11,
20,23
13:24
23:23

**Wesson**
3:2,5,6,
17,23
7:19 8:5
13:8
14:19,23
15:5,15,
19 16:7,
16,19,22,
23 17:12
21:13,19
22:17
23:1,2,16

24:18

**wholly**
22:14

**windy**
18:6

**word**
9:6 17:17

**words**
9:24

**work**
5:12

**worker**
18:2,9

**working**
18:2

**world**
17:2

**wounded**
7:7

**wounding**
7:2

**wrestle**
12:18

**wrong**
6:20
15:16

---

**Y**

**years**
11:13

**young**
8:15 9:6

