UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KEELY ROBERTS, individually and as parent and next friend of C.R. and L.R., *et al.*, | ) ) ) ) | |
| Plaintiffs, | ) ) | Lead Case No. 22-cv-6169 |
| v. | ) ) | Hon. Steven C. Seeger |
| SMITH & WESSON BRANDS, INC., *et al.*, | ) ) ) ) | |
| Defendants. | ) ) | |
| THIS DOCUMENT RELATES TO ALL ACTIONS | ) ) ) ) ) ) ) ) ) ) | Consolidated cases: 22-cv-6186; 22-cv-6361; 22-cv-6193; 22-cv-6191; 22-cv-6171; 22-cv-6181; 22-cv-6183; 22-cv-6190; 22-cv-6185; 22-cv-6178; and 22-cv-6359 |

**ORDER**

Victims of the Highland Park mass shooting filed a motion for attorneys' fees to cover the costs of opposing the removal to federal court. That motion is granted.

Shots rang out at a Fourth of July parade in Highland Park, Illinois a few years ago, killing and injuring dozens of patriotic Americans. Victims of the shooting, including the Roberts family and others, filed a number of lawsuits in state court against Smith & Wesson Brands.

Smith & Wesson removed the cases to federal court. This Court granted a motion to remand, finding no legitimate basis for federal jurisdiction. *See Roberts v. Smith & Wesson Brands, Inc.*, 2023 WL 6213654 (N.D. Ill. 2023). Smith & Wesson appealed, and the Seventh Circuit affirmed. *See Roberts v. Smith & Wesson Brands, Inc.*, 98 F.4th 810 (7th Cir. 2024).

This Court did not view the jurisdictional question as a close call, and neither did the Seventh Circuit. The Court of Appeals issued its decision only four days after oral argument.

Along the way, the Seventh Circuit intimated that the cases might be a good candidate for an award of attorneys' fees. The Seventh Circuit stated that "[t]he district judge should consider whether Smith & Wesson must reimburse the plaintiffs' costs and fees occasioned by the unjustified removal and appeal." *Id.* at 816.

That suggestion was not lost on Plaintiffs. They filed a motion for attorneys' fees shortly after the issuance of the mandate. *See generally* Pls.' Mtn. (Dckt. No. 89). Plaintiffs argue that Smith & Wesson needs to foot the bill for the "expenses incurred as a result of the unjustified removal and appeal." *Id.* at 1. They argue that Smith & Wesson's tactics show "a clear attempt to delay the litigation of Plaintiffs' claims" by "more than a year and a half." *Id.*

The statutory text empowers district courts to award attorneys' fees in removed cases. "An order remanding [a] case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." *See* 28 U.S.C. § 1447(c).

The Supreme Court has held that "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). A party's victory on a motion to remand does not create a presumption in favor of awarding attorneys' fees. *Id.* at 137.

The Supreme Court in *Martin* did not define what "objectively reasonable" means. *See Wolf v. Kennelly*, 574 F.3d 406, 411 (7th Cir. 2009). But the Seventh Circuit has provided some direction. In a nutshell, "qualified immunity jurisprudence provides appropriate guidance for determining whether a defendant had an objectively reasonable basis for removal." *See Lott v. Pfizer*, 492 F.3d 789, 793 (7th Cir. 2007).

A district court should award attorneys' fees "if, at the time the defendant filed his notice in federal court, clearly established law demonstrated that he had no basis for removal." *Id.* And on the other side of the coin, a district court should not award attorneys' fees "if clearly established law did not foreclose a defendant's basis for removal." *Id.*

The Seventh Circuit has also clarified that attorneys' fees under § 1447(c) "may be awarded when removal is clearly improper, but not necessarily frivolous." *See Jackson Cnty. Bank v. DuSablon*, 915 F.3d 422, 424 (7th Cir. 2019) (St. Eve, J.) (cleaned up).

Here, Smith & Wesson lacked an objectively reasonable basis to remove the cases to federal court. Smith & Wesson put forward a few arguments for federal jurisdiction, but they didn't get very far.

Smith & Wesson primarily argued that the cases fit within the exception for cases involving federal officers, and people acting under federal officers. *See* 28 U.S.C. § 1442. That argument was on a path to nowhere.

The Supreme Court's decision in *Watson v. Philip Morris Cos.*, 551 U.S. 142 (2007), stood in the way. "A private firm's compliance (or noncompliance) with federal laws, rules, and regulations does not by itself fall within the scope of the statutory phrase 'acting under' a federal 'official.' And that is so even if the regulation is highly detailed and even if the private firm's activities are highly supervised and monitored." *Id.* at 146.

This Court held that "[t]his case fits squarely within the Supreme Court's decision in *Watson*. . . . *Watson* snuffs out any possibility that Smith & Wesson acted as a federal officer." *See Roberts*, 2023 WL 6213654, at *9 (citing *Watson*, 551 U.S. at 146). That is, "regulatory compliance alone won't cut it. If federal regulations about cigarettes don't create a basis for the federal officer removal statute, then federal regulations about firearms don't create a basis, either." *Id.* at *10.

On appeal, the Seventh Circuit agreed that Smith & Wesson's federal-officer removal argument "is some distance from 'acting under'" as required by *Watson*. *See Roberts*, 98 F.4th at 814.

Next, Smith & Wesson argued that the cases raised a federal question. *See* 28 U.S.C. § 1441(c). That argument went nowhere fast. In the complaints, "[a]ll of the claims involve[d] state law. There [we]re no federal claims." *See Roberts*, 2023 WL 6213654, at *2.

Smith & Wesson tried to get there through the backdoor, arguing that the complaints included an embedded federal question within the meaning of *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308 (2005). That path to the federal courthouse was a tough hill to climb.

Embedded federal questions under *Grable* are rare, and the Supreme Court has described them as a "special and small category of cases." *See Roberts*, 2023 WL 6213654, at *12 (citing *Gunn v. Minton*, 568 U.S. 251, 258 (2013)). The opening for federal jurisdiction "is exceedingly slim." *E. Cent. Illinois Pipe Trades Health & Welfare Fund v. Prather Plumbing & Heating, Inc.*, 3 F.4th 954, 963 (7th Cir. 2021); *see also Evergreen Square of Cudahy v. Wis. Hous. & Econ. Dev. Auth.*, 776 F.3d 463, 466 (7th Cir. 2015) (describing embedded federal questions as a "slim category"). The "existence of a federal issue" embedded in a state-law claim "rarely allows removal." *Hartland Lakeside Joint No. 3 Sch. Dist. v. WEA Ins. Corp.*, 756 F.3d 1032, 1035 (7th Cir. 2014); *see also Webb v. Fin. Indus. Regul. Auth., Inc.*, 889 F.3d 853, 860 (7th Cir. 2018) ("Federal jurisdiction is rarely established on this basis."); *Praschak v. Kmart Corp.*, 922 F. Supp. 2d 710, 713 (N.D. Ill. 2013) (noting that embedded federal question jurisdiction is a "rare case"). Words like "special," "small," "slim," and "rare" don't leave a lot of room to enter the doors of the federal courthouse.

This Court went through the four-factor *Grable* test, and held that Smith & Wesson's argument "trips at step one of *Grable*." *Id.* at *15. In short, Smith & Wesson wasn't even close to the finish line.

The Seventh Circuit also rejected Smith & Wesson's argument under *Grable*. But the Seventh Circuit did so "for a more fundamental reason: the state suits do not present multiple

claims against Smith & Wesson," which is required by Smith & Wesson's "invocation of [28 U.S.C.] § 1441(c)(1)." *See Roberts*, 98 F.4th at 815. In the Seventh Circuit's view, Smith & Wesson didn't even make it to the starting line of the *Grable* analysis.

In sum, this Court has no trouble concluding that removal was clearly improper. *See Jackson Cnty.*, 915 F.3d at 424. The cases never belonged in federal court, and there was no "objectively reasonable basis for seeking removal." *See Martin*, 546 U.S. at 141.

So Smith & Wesson must pay Plaintiffs' attorneys' fees. The only question is the amount.

Plaintiffs seek $451,981.89 in fees, covering the costs of litigating the issue in the district court and on appeal. *See* Pls.' Mtn., at 13 (Dckt. No. 89). In support, Plaintiffs submitted declarations from six attorneys – one from each of the six law firms that represent Plaintiffs. *See* Pls.' Mtn., Exs. 1–6 (Dckt. Nos. 89-1 to 89-6).

Smith & Wesson did not take issue with the proposed amount of the attorneys' fees. Smith & Wesson argued that this Court shouldn't award attorneys' fees at all, without disputing the requested amount. *See* Def.'s Resp., at 7, 9, 12, 13 (Dckt. No. 90).

So any challenge to Plaintiffs' calculation of the amount of the attorneys' fees is waived. When a party fails to respond to an argument, the party waives any challenge to that argument. *See Ennin v. CNH Indus. Am., LLC*, 878 F.3d 590, 595 (7th Cir. 2017).

This Court concludes that Smith & Wesson lacked an objectively reasonable basis to remove the cases to federal court. The Court awards Plaintiffs attorneys' fees totaling $451,981.89.

Date:   March 21, 2025

Steven C. Seeger
United States District Judge